**THE LAW OFFICE OF ARIEL E. MITCHELL, P.A.**

P.O. Box 12864
Miami, FL 33101
ariel@arielesq.com
305-903-5835(tel)

January 20, 2025

*Via Electronic Filing*

The Honorable Jeannette A. Vargas, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:   *Grayson v. Combs, et. al.,* Case No.: 1:24-cv-09857-JAV

Dear Honorable Judge Vargas:

This law firm represents Plaintiff Latroya Grayson (the "Plaintiff") in the above-referenced matter.

Please allow this letter to serve as a respectful request for an enlargement of time to comply with this Court's January 6, 2025 Order,[1] and to amend Plaintiff's complaint, through and including February 21, 2025.

### A. Plaintiff Will Address and Make Changes Where Necessary, Thereby Warranting Dismissal Unwarranted Under Fed. R. Civ. P. 41(b).

Thanks to the Court's order on January 6, 2025, Plaintiff has been laser focused on supplementing her claims and has come upon new information requiring additions to be made to the Complaint. In light of these updates, Plaintiff simultaneously herewith files a motion for leave to amend her complaint. Therefore, it is respectfully submitted that dismissal at this juncture is not necessary, and premature. Plaintiff will fully address the Court's order and to support such response seeks to amend her complaint, adding new defendants and supplementing her pleadings of the facts and the jurisdiction for this Court to preside over this matter. No party will be prejudiced by this request. Further, under "Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "'[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citing and quoting Fed. R. Civ. P. 41(b)). It is well-settled that a Rule 41(b) dismissal is the "harshest of sanctions." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). We therefore ask for a short additional time to best address the order of this Court.

The Second Circuit has instructed a district court considering a Rule 41(b) dismissal to weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the

---

[1] *See* ECF 4

1

**THE LAW OFFICE OF ARIEL E. MITCHELL, P.A.**

P.O. Box 12864
Miami, FL 33101
ariel@arielesq.com
305-903-5835(tel)

defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

Our requests do not prejudice any other party and are a reasonable request under the circumstances. This Court has provided Plaintiff a fair opportunity to be heard, where after consideration the best method for Plaintiff to proceed is to also seek leave to amend her complaint. Each factor is herein addressed separately.

### i. *The Duration of Plaintiff's Failure to Comply Mitigates Against Dismissal*

The instant action was filed on December 23, 2024. On January 6, 2025, Your Honor ordered Plaintiff, sua sponte, to provide the Court with an Order to show cause on why this case should not be dismissed for lack of subject matter jurisdiction.

As set forth more fully in Plaintiff's Motion for Leave to Amend, filed simultaneously with this letter, Plaintiff must amend its complaint to address additional Defendants and claims that were unknown to Plaintiff at the time of filing. Additionally, in Plaintiff's amended complaint it will address the jurisdiction issue referenced in the Court's order as Plaintiff intends to plead in the alternative as its complaint includes claims regarding federal question.

Plaintiff's complaint is not even a month old and has not been yet served on any Defendant, mainly because of the new evidence and information Plaintiff's counsel began to receive shortly after the Christmas and New Year's holidays. The Court's January 6, 2025 Order would have been addressed even without the Court's order in the Plaintiff's amended complaint.

The instant letter provides the Court with a complete update on the status of this case. It is respectfully submitted that the duration of Plaintiff's non-compliance militates against a Rule 41(b) dismissal.

### ii. *Plaintiff Was Put on Notice of Dismissal Once Garnering Our Full Attention*

On January 6, 2025, the Court entered the Order to show cause why this case should not be dismissed.[2] This is the first notice given to Plaintiff. Accordingly, dismissal at this juncture would not comport with the second prong of the Rule 41(b) analysis.

---

[2] *See* ECF 4.

**THE LAW OFFICE OF ARIEL E. MITCHELL, P.A.**

P.O. Box 12864
Miami, FL 33101
ariel@arielesq.com
305-903-5835(tel)

### iii. *Defendants Cannot Demonstrate Prejudice*

Where, as here, Defendants have not appeared in any proceedings, nor have they even been served, therefore they cannot demonstrate any prejudice. This prong militates against dismissal under Rule 41(b).

### iv. *The Balancing of the Court's Interests*

Plaintiff's counsel appreciates and recognizes the Court's interest in managing its own docket. Plaintiff's counsel further acknowledges that given the nature and sensitivity of the allegations that there may be additional witnesses and/or facts that only come to light once cases like these reach public purview. Plaintiff's counsel appreciates and recognizes the Court's interest in entertaining matters that it appropriately has proper jurisdiction over, which is why allowing Plaintiff a brief thirty (30) day period to amend will address and alleviate such concerns of the Court.

### v. *The Consideration of Less Drastic Sanctions*

Given that Plaintiff has just initiated its case and has been diligently working to discover additional facts so quickly, it is respectfully submitted that a short, thirty (30) day, extension of time be granted, before the drastic sanction of dismissal is imposed.

### B. The Court Should Grant a Short Extension of Time to Amend Plaintiff's Complaint

Plaintiff only initiated this action less than a month ago. Plaintiff is asking for a short extension of time to amend its complaint. In allowing Plaintiff to amend its complaint, in the requested time, Plaintiff will also address the issue raised by the Court in its sua sponte January 6, 2025 Order, therefore bringing Plaintiff into compliance with the Court's jurisdiction and Order.

### i. *Good Cause Exists to Extend Plaintiff time to respond with the Court's January 6, 2025 Order*

Plaintiff does not seek this brief extension for any undue purpose or delay. In fact, Plaintiff knew it would need to amend its complaint by the time the Court issued its January 6, 2025 Order. During the Christmas and New Year's holidays Plaintiff's counsel was receiving calls and information piecemeal from varying sources which made it clear Plaintiff's complaint would require amending. During this time the Court issued its Order which can and will be easily addressed in Plaintiff's first amended complaint.

We thank the Court for its attention to this matter and are available at the Court's convenience to answer any questions related to the foregoing.

# THE LAW OFFICE OF ARIEL E. MITCHELL, P.A.

P.O. Box 12864
Miami, FL 33101
ariel@arielesq.com
305-903-5835(tel)

Thank you, in advance, for your time, consideration and ultimately granting Plaintiff's brief extension of time of thirty (30) days to amend its complaint and fully comply with the Court's January 6, 2025 Order.

Respectfully Submitted,

/s/ Ariel E. Mitchell

ARIEL E. MITCHELL, ESQ.
**The Law Office of Ariel Mitchell, P.A.**
500 NW 2nd Ave., #12864
Miami, FL 33101
*Office* 305.903.5835
ariel@arielesq.com

/s/ Steven A. Metcalf II

STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6th Floor
New York, NY 10016
*Office* 646.253.0514
*Fax* 646.219.2012
metcalflawnyc@gmail.com

**Attorneys for Plaintiff**

Plaintiff's request for a 30 day extension to amend the Complaint is **GRANTED**. The Amended Complaint shall be filed by February 20, 2025. The Clerk of the Court is **DIRECTED** to terminate ECF No. 5.

Date: 01/21/2025

**SO ORDERED.**

*[signature: Jeannette Vargas]*

HON. JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE

4