June 13, 2025

**BY ECF**
The Honorable Jeannette A. Vargas
United States District Judge
500 Pearl Street
New York, NY 10007

      Re: *Grayson v. Combs, et. al.*, Case No. 24-cv-09857 (JAV)

Dear Judge Vargas:

  We write jointly on behalf of Defendants Sean Combs, Bad Boy Entertainment Holdings, Inc., and Sean John Clothing LLC (the "Combs Defendants"), Plaintiff Latroya Grayson, and Defendant Delta Air Lines, Inc ("Delta" and together with Plaintiff and the Combs Defendants, the "Parties")) pursuant to Rule 3 of Your Honor's Individual Rules and Practices in Civil Cases to request a stay of discovery pending resolution of the Defendants' motions to dismiss, and an adjournment of the briefing schedule on the Combs Defendants' anticipated motion to dismiss, pending the resolution of two appeals in the Second Circuit that will be dispositive of legal issues central to that forthcoming motion. Relatedly, the Parties' further request that the Initial Pretrial Conference, currently scheduled for **June 26, 2025**, and the related deadline for proposing a Civil Case Management Plan and Scheduling Order, currently due **June 19, 2025,** be adjourned accordingly. *See* ECF No. 56. Delta emphasizes that because its motion to dismiss, unlike the Combs' Defendants' motion to dismiss, does not involve the legal issue pending before the Second Circuit, Delta is **not** seeking to stay its motion (which will be fully briefed by July 17, 2025) and may be considered thereafter without abiding resolution of the pending appeals noted below.[1]

  The undersigned counsel agree that it would be a prudent conservation of judicial and party resources to adjourn the Combs Defendants' motion to dismiss, currently scheduled to be filed on June 23, 2025, until the resolution of two appeals, *Parker v. Alexander*, No. 25-487 (2d Cir.) and *Doe v. Black*, 25-564 (2d Cir.), that together directly relate to one of the Combs Defendants' central arguments for dismissal: whether the revival window in the New York City Victims of Gender-Motivated Violence Protection law (the "GMVL") is preempted by New York state laws. The Combs Defendants will argue (and Plaintiff disputes) that Plaintiff's GMVL claim is untimely because it was not filed within the GMLV's seven-year statute of limitations, and Plaintiff cannot rely on the preempted revival window to render her claim timely.

  This preemption argument is directly before the Second Circuit on the *Parker* appeal. In *Parker v. Alexander*, et al., No. 24 Civ. 4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025), the district court dismissed plaintiff's GMLV claims, holding

---

[1] The parties have agreed to a further and final adjournment of response and reply dates for Delta's Motion to Dismiss (*see* ECF No. 61). Delta's motion should go forward according to that agreed upon schedule and the arguments therein should be resolved thereafter and discovery stayed in the interim.

Hon. Jeannette A. Vargas
June 13, 2025
Page 2 of 3

that the revival window was preempted by state law. Another district court reached a different conclusion in *Doe v. Black*, No. 23 Civ. 6418 (JGLC), 2024 WL 4335453, at *6 (S.D.N.Y. Sept. 27, 2024). The appeals from these two decisions have been ordered to proceed in tandem and are expected to resolve the GMVL preemption question. *See Parker v. Alexander*, No. 25-487 (2d Cir.) at ECF No. 19. The Second Circuit has placed *Parker* on an expedited schedule, under which the briefing was fully submitted as of June 11, 2025. *See Parker*, No. 25-487 at ECF No. 12.

Because the Combs Defendants' briefing and the Court's decision on it will necessarily be affected by the Second Circuit's rulings on these appeals, in order to avoid wasting judicial and party resources, we respectfully request that the Court adjourn the Combs Defendants' deadline to respond to the Amended Complaint, which is currently **June 23, 2025**, until these appeals have been decided and stay discovery pending resolution of all of the Defendants' motions to dismiss.[2] Accordingly, we further respectfully request that the Initial Pretrial Conference, currently scheduled for **June 26, 2025**, be adjourned to a date after resolution of the Combs Defendants' motions to dismiss and the corresponding deadline to submit a Civil Case Management Plan and Scheduling Order in advance of that conference likewise be adjourned. No prior request for this relief has been made. The undersigned counsel respectfully propose that the parties file a joint status letter within 30 days of the Second Circuit's rulings on *Parker v. Alexander* and *Doe v. Black*.

We further respectfully note that in at least 10 other GMVL cases pending in the Southern District of New York involving the Combs Defendants, courts have issued decisions granting a stay pending the resolution of the *Parker* and *Black* appeals, including in one case where your Honor raised the issue *sua sponte*, and in another case, *English v. Combs et al.*, 24-cv-05090 that, like this one, involved multiple causes of action in addition to a GMVL claim *See Doe v. Combs*, 24-cv-08808 (JAV), ECF No. 50; *English v. Combs*, 24-cv-05090 (AT), ECF No. 100; *McKinney v. Combs*, 24-cv-03931 (NRB), ECF No. 49; *Doe v. Combs*, 24-cv-08808 (JAV), ECF No. 50; *Doe v. Combs*, 24-cv-07776 (NRB), ECF No. 69; *Doe v. Combs*, 24-cv-08812 (NRB), ECF No. 43; *Doe v. Combs*, 24-cv-08813 (JGK), ECF No. 44; *Doe v. Combs*, 24-cv-07774 (JPO), ECF No. 79; *Doe v. Combs*, 24-cv-07778 (JLR), ECF No. 74; *Doe v. Combs*, 24-cv-09852 (JLR), ECF No. 55; *McCrary v. Combs*, 24-cv-08054 (MKV), ECF No. 89. We respectfully submit that the same outcome is warranted in this case, although as noted, the parties do not request a stay or adjournment of any briefing deadlines related to Delta's pending motion to dismiss. The parties agree that Delta's motion to dismiss rests on grounds not before the Second Circuit in the *Parker* and *Black* appeals, and as a result, the resolution of that motion need not be delayed pending the Second Circuit's ruling.

---

[2] Because Delta has already filed its motion to dismiss, which is scheduled to be fully submitted by June 30, 2025, and has raised defenses unrelated to the GMVL preemption question, Delta believes it would be a prudent use of judicial and party resources to complete briefing and resolution of Delta's motion to dismiss (ECF No. 45).

Hon. Jeannette A. Vargas
June 13, 2025
Page 3 of 3

                                                            Respectfully submitted,

| | |
|---|---|
| Erica A. Wolff | /s/ Steven A. Metcalf II |
| Erica A. Wolff | Steven A. Metcalf II |
| SHER TREMONTE LLP | METCALF & METCALF, P.C. |
| 90 Broad Street, 23rd Fl. | 500 NW 2nd Ave. #12864 |
| New York, New York 10004 | Miami, FL 33103 |
| 212-202-2600 | 305-903-5835 |
| ewolff@shertremonte.com | metcalflawnyc@gmail.com |
| *Counsel for the Combs Defendants* | *Counsel for Plaintiff Latroya Grayson* |

*/s/ Steven M. Richman*
Steven M. Richman, Esq.
CLARK HILL PLC
1180 Avenue of the Americas, Suite 1910
New York, NY 10036
646-395-8580
srichman@clarkhill.com
*Counsel for Defendant Delta Air Lines, Inc.*