UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    Civil Action
LATROYA GRAYSON,
                                                Case No. 1:24-cv-09857 (JAV)
                 Plaintiff,

      -against-

SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF, PUFF
DADDY, PUFFY, BROTHER LOVE", BAD BOY
ENTERTAINMENT HOLDINGS, INC., SEAN JOHN
CLOTHING LLC, ATLANTIC RECORDS, MIKE
SAVAS, DELTA AIRLINES, CROBAR NIGHTCLUB
NYC "CROBAR", PENSKE MEDIA CPORPORATION
"PMC", VIBE MAGAZINE "VIBE", PERRY
BROADCASTING AND PUBLISHING "KJAMZ",
BEST BUY CO., INC. "BEST BUY", ROGER SMITH
HOTEL and JOHN AND JANE DOES 1-10,

                Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## BEST BUY CO., INC.'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

Mitchell B. Levine
FISHMAN McINTYRE LEVINE
SAMANSKY P.C.
Attorneys for Defendant
BEST BUY CO., INC.
521 Fifth Avenue, 17th Floor
New York, New York 10175
(212) 461-7190
File No.: BBY-100

## PRELIMINARY STATEMENT

Defendant, Best Buy Co., Inc. (hereinafter referred to as "Best Buy") submits this Memorandum of Law in support of its motion for an Order granting Defendant, Best Buy' Motion to Dismiss the Plaintiff's Amended Complaint (DE #10) pursuant to F.R.C.P. 12(b)(5) for failure to effect timely service of process; and pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted; together with such other and further relief as this Court deems just and proper.

As an initial matter, plaintiff's Amended Complaint should be dismissed as against Best Buy because she failed to timely effect service upon Best Buy, namely within 90 days of the filing of the Amended Complaint, as required by F.R.C.P. 4(m). This failure on plaintiff's part forms a sufficient basis for the Court to grant Best Buy's motion and dismiss plaintiff's Amended Complaint accordingly.

Alternatively, plaintiff's Amended Complaint should be dismissed pursuant to F.R.C.P. 12(b)(6) for multiple reasons. First, the Gender-Motivated Violence Protection Law ("GMVPL") did not revive plaintiff's claims and as such, they are now time-barred by the relevant statutes of limitations. Second, the Amended Complaint fails to substantiate any of plaintiff's conclusory allegations against Best Buy, many of which are merely pled "upon information and belief", and thus do not state any claim as against Best Buy for which relief may be granted.

In sum, for the reasons discussed herein, defendant Best Buy respectfully requests the Court grant its motion to dismiss pursuant to F.R.C.P. 12(b)(5) and pursuant to F.R.C.P. 12(b)(6).

## PROCEDURAL HISTORY

Plaintiff originally filed her Complaint (DE #1) on December 20, 2024. The Complaint did not name Best Buy as a defendant. Thereafter, on February 26, 2025, plaintiff filed an Amended Complaint (DE #10), naming Best Buy Co., Inc. as a defendant. Best Buy has not

1

been served with plaintiff's Amended Complaint.

## STATEMENT OF FACTS

Plaintiff's allegations against Best Buy are conclusory and without specificity of any kind. Indeed, the first mention of "Best Buy" outside of the caption to the Amended Complaint is by means of a "Getty Images" depiction of Best Buy's logo (without subtitle or description of any kind). See DE #10, page 13 of 71. Other than stating that Best Buy is a "retail electronics company" which owns and operates stores in New York (id., page 14 of 71), plaintiff makes no allegations against Best Buy in its "procedural requirements" section of the Amended Complaint.

Any causes of action in the Amended Complaint which mention Best Buy directly are merely pled "upon information and belief". In the First Cause of Action, plaintiff declares, without any substantiation, that "[u]pon information and belief, the establishment of a business relationships [sic] with prominent businesses including . . . Best Buy . . . allowed for a distribution platform for all Defendant Combs business endeavors to disguise his true intentions . . . ." Id. at para. 134. Plaintiff includes nothing at all within the Amended Complaint to support any contention therein that Best Buy "sponsored and promoted" any event associated with plaintiff's claims against the "Combs" defendant(s) (id., para. 153) or that Best Buy was "a direct participant in the marketing aspect" of the same (id., para. 156). Similarly, plaintiff can only thinly rely "upon information and belief" to weakly contend that Best Buy "entered into a partnership agreement with [the Combs defendant(s)] as general business partners" (id., para. 160b).

Thereafter, and quite notably, the name "Best Buy" does not again make its way into any other Cause of Action of the Amended Complaint – not even one time! Thus, in plaintiff's Eleventh Cause of Action: Negligence, pled "Against ALL Defendants", there is no substantive detail concerning what acts or omissions Best Buy is alleged to have performed. The same is true for plaintiff's Twelfth Cause of Action concerning the GMVPL, once again pled "Against

2

ALL Defendants" without even one time describing or even alleging any acts or omissions on the part of Best Buy itself (see, e.g., DE #10, para. 304 and para. 311 where "Best Buy" is conspicuously absent from the list of targeted defendants). Nor is "Best Buy" specifically mentioned at all in plaintiff's Thirteenth and Fourteenth Causes of Action for emotional distress.

Significantly, plaintiff is alleging damages associated with activities which purportedly occurred in October 2006. Other than her flimsy statements that Best Buy "sponsored" or "promoted" an event, without an ounce of corroboration of any kind, plaintiff attempts to lump in Best Buy as an entity which knew of illicit activities or assaults allegedly committed by one or more of the other defendants she originally named to the action. And, again, merely "upon information and belief" with no factual support of any kind!

Plaintiff's Amended Complaint was never served upon Best Buy and the time for plaintiff to do so pursuant to the Court Rules has expired.

Lastly, plaintiff's various causes of action have been filed long past the applicable statutes of limitations and accordingly must be dismissed. Notably and for one, the GMVPL cannot be retrospectively relied upon by plaintiff.

## **LEGAL ARGUMENT**

### **POINT I**

**PLAINTIFF'S AMENDED COMPLAINT WAS NEVER SERVED UPON BEST BUY CO., INC. AND THEREFORE MUST BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(5)**

Federal Rule of Civil Procedure 4(m) concerns the permissible time limit for service of process and provides, in pertinent part, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." F.R.C.P. 4(m).

3

In the present case, plaintiff filed an Amended Complaint (DE #10) on February 26, 2025, in which Best Buy Co., Inc. was initially named as a party defendant. See S.D.N.Y. "Civil Docket for Case #; 1:24-cv-09857-JAV", annexed to the Levine Decl. as Exhibit "A". Pursuant to Rule 4(m), plaintiff's time to serve Best Buy with the Amended Complaint expired after 90 days of the filing of such pleading, or on May 27, 2025. To date, Best Buy has not been served with plaintiff's Amended Complaint. Id.

Federal Rule of Civil Procedure 12(b)(5) permits a party to move for dismissal of a complaint due to insufficient service of process. See, e.g., MacGregor v. Milost Global, Inc., 2018 WL 4007642, at *3 (S.D.N.Y. Aug. 22, 2018). "When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." MacGregor, supra (quoting Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (internal quotations omitted)).

In deciding a Rule 12(b)(5) motion, a Court must "look to Rule 4, which governs the content, issuance, and service of a summons." MacGregor, supra (quoting DeLuca v. Access IT Group, Inc., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010)).

Here, there can be no doubt that plaintiff's failure to timely serve the Amended Complaint upon defendant, Best Buy, within 90 days of the filing of the same, requires dismissal pursuant to F.R.C.P. 12(b)(5).

Moreover, there is no "good cause" for plaintiff's failure to serve the Amended Complaint. The good cause provision of Rule 4(m) is "generally found only in exceptional circumstances" such as where a "plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." See McKibben v. Credit Lyonnais, 1999 WL 604883, at *3 (S.D.N.Y. Aug. 10, 1999); see also Spinale v. United States, 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005) (requiring that a "plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her

4

control."), aff'd sub nom. Spinale v. Ball, 352 F. App'x 599 (2d Cir. 2009).

Indeed, a plaintiff cannot simply sit passively by, month after month, without taking some action to preserve her ability to effectuate service in compliance with Rule 4(m). See, e.g., Carl v. City of Yonkers, 2008 WL 5272722, at *7 n.9 (S.D.N.Y. Dec. 18, 2008) ("Nothing in the Federal Rules of Civil Procedure . . . requires that an order be entered to remind a plaintiff or his attorney that particular defendants have not been served or have not responded to the complaint."), aff'd, 348 F. App'x 599 (2d Cir. 2009).

Plaintiff should have had absolutely no difficulty serving Best Buy. Indeed, Best Buy Co., Inc., is a Fortune 500, publicly traded company (NYSE: BBY) and the world's largest specialty consumer electronics retailer. It has hundreds of physical stores throughout the country, and indeed dozens in New York. Its website ("BestBuy.com") has governance documents, financial information, investor information, "Contact Us" and significant additional information which would have easily allowed plaintiff to serve Best Buy. In short, Best Buy should be very easy to "find" and thus serve.

Finally, plaintiff had no basis to believe that service had been waived by Best Buy. First and foremost, Best Buy was not named as a defendant in plaintiff's original Complaint (DE #1). Further, it is well-settled that the fact a defendant has notice of a lawsuit does not in any way license a plaintiff to disregard the requirements of service. See Martin v. N.Y. State Dept. of Mental Hygiene, 588 F.2d 371, 373 (2d Cir. 1978) (per curiam) ("A showing that the defendant has had actual notice of the lawsuit is not sufficient to bar a motion to dismiss"); see also Natl. Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void service."), cert. denied sub nom. Khashoggi v. Natl. Dev. Co., 502 U.S. 968 (1991); McKibben supra, at *3 ("It is an established concept of law that actual notice is not curative of faulty service of process.").

Accordingly, for the foregoing reasons, plaintiff's Amended Complaint must be

dismissed as against Best Buy pursuant to F.R.C.P. 12(b)(5).

## POINT II

### PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM AND MUST BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(6)

To survive a motion for dismissal for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Twombly, 550 U.S. at 555–56; Lokai Holdings LLC v. Twin Tiger USA LLC, 306 F. Supp. 3d 629, 637 (S.D.N.Y. 2018). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, supra at 678.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief.'" Iqbal, supra at 679 (quoting F.R.C.P. 8(a)(2)). Indeed, when a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," then dismissal is mandatory. Twombly, 550 U.S. at 570.

Plaintiff's Amended Complaint as against Best Buy must be dismissed pursuant to F.R.C.P. 12(b)(6) for multiple reasons. First, the Gender-Motivated Violence Protection Law ("GMVPL") is preempted by State Law and otherwise did not revive plaintiff's claims. As such, those claims are now time-barred by the relevant statutes of limitations. Second, the Amended Complaint fails to substantiate any of her conclusory allegations as against Best Buy, many of which are merely pled "upon information and belief", and thus they do not state any claim as against Best Buy for which relief may be granted.

Here, plaintiff's Amended Complaint fails to plead any factual content that could serve as the basis for liability as against Best Buy on any of the causes of action therein claimed to be

6

asserted against "all defendants" as a whole (i.e., plaintiff's Amended Complaint tellingly fails to single out Best Buy as the individual target of any of the enumerated causes of action). These causes of action include: RICO violation (First Count); negligence (Eleventh Count); GMVPL violation (Twelfth Count); negligent infliction of emotional distress (Thirteenth Count); and intentional infliction of emotional distress (Fourteenth Count). For each of these five alleged causes of action, plaintiff has failed to include in her Amended Complaint sufficient factual matter for which a plausible claim for relief can be found as against Best Buy. As such, plaintiff's Amended Complaint must be dismissed as against Best Buy pursuant to F.R.C.P. 12(b)(6).

### A. RICO violation (First Count)

In order to prevail on a civil RICO claim, plaintiff's Amended Complaint must show "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." DeFalco v. Bernas, 244 F.3d 186, 305 (2d Cir. 2001) (internal citations omitted). Moreover, to state a substantive civil RICO claim pursuant to section 1962(c), plaintiff must adequately allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). Here, plaintiff's Amended Complaint fails to do so. Indeed, the Amended Complaint contains no factual allegations to plausibly infer the existence of a RICO enterprise. "Simply stating in conclusory fashion that all the defendants are an 'enterprise within the meaning' of the RICO statute is insufficient, absent some factual allegations in support." Freund v. Lerner, 2010 WL 3156037, *7 (S.D.N.Y. Aug. 7, 2010). Instead, with respect to plaintiff's Amended Complaint, the "pleadings are entirely silent as to the internal workings or organization of the alleged enterprise, explaining neither how it was run nor by whom." Greenberg v. Blake, 2010 WL 2400064, at *6 (E.D.N.Y. June 10, 2010).

In this action, plaintiff seemingly contends that a retailer can be held liable as if it is a criminal enterprise simply for allegedly providing sponsorship or marketing services. However, the

7

law requires much more. The Supreme Court has made clear, and the Second Circuit has agreed, that an outside service provider can only be liable under RICO if it has operated or managed the affairs of the enterprise, not just its own affairs. Reves v. Ernst & Young, 507 U.S. 160, 179 (1993). Plaintiff's Amended Complaint contains no allegations whatsoever in support of any conclusion that Best Buy participated in the affairs of the "RICO Enterprise," much less allegations that Best Buy operated or

managed the affairs of the "RICO Enterprise." Id.

Furthermore, since plaintiff's substantive RICO claim is deficient, her RICO conspiracy claim similarly must fail. Likewise, the Amended Complaint does not plead any predicate acts with sufficient particularity to sustain a RICO claim against Best Buy. See, e.g., Wight v. BankAmerica Corp., 219 F.3d 79, 91 (2d Cir. 2000) (in a RICO claim, the actual fraud alleged "must be stated with particularity").

Notably, plaintiff's Amended Complaint contains scarce and fleeting allegations against Best Buy which are not stated merely "upon information and belief". Although a plaintiff may plead facts "upon information and belief" in appropriate circumstances, such as "where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible," Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (citing Iqbal, 556 U.S. at 677), such allegations must be "accompanied by a statement of the facts upon which the belief is founded." JBC Holdings NY, LLC v. Pakter, 931 F.Supp.2d 514, 526-27 (S.D.N.Y. 2013) (citing Prince v. Madison Square Garden, 427 F.Supp.2d 372, 385 (S.D.N.Y. 2006)). See also, Teixeria v. St. Jude Med. S.C., Inc., 193 F. Supp. 3d 218, 226 (W.D.N.Y. 2016) ("[A]llegations based 'on information and belief' cannot be wholly unsupported.")); c.f., Arista Records, 604 F.3d at 120-21 (finding that allegations made "on information and belief" were plausible where "virtually all of them are supported by factual assertions in the exhibit" attached to the complaint).

8

In the present matter, the Amended Complaint alternates between making unsupported assertions against Best Buy "upon information and belief" and simply lumping Best Buy together with "all defendants" in certain causes of action, all the while "providing no factual basis to distinguish their conduct." Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001). There is no specificity whatsoever concerning Best Buy's purported connection to the alleged assault which could serve to raise plaintiff's factually-deficient pleadings "above the speculative level". EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 253 (2d Cir. 2014) (quoting Twombly, 550 U.S. at 555).

Thus, plaintiff has offered nothing but conjecture and speculation to support her "belief" regarding the purported culpability of Best Buy. As such, there is no support for plaintiff's allegation as made against Best Buy solely "upon information and belief." Accordingly, Best Buy's motion to dismiss the First Cause of Action of the Amended Complaint pursuant to F.R.C.P. 12(b)(6) should be granted.

    **B.**     **Negligence (Eleventh Count)**

In order to establish a prima facie case of negligence under New York law, a plaintiff must establish three elements: (1) existence of a duty on defendant's part as to the plaintiff (2) breach of that duty; and (3) injury to the plaintiff as a result thereof. See, e.g., Pasternack v. Lab Corp. of Am., 892 F.Supp. 2d 540, 552 (S.D.N.Y. 2012). Where "the defendant owes no duty to the plaintiff, the action must fail." Diego Beekman Mutual Housing Ass'n Housing Dev't Fund Corp. v. Dish Network, LLC, 2016 WL 1060328, at *4 (S.D.N.Y. Mar. 15, 2016).

Plaintiff's conclusory allegations, unsupported by facts, fail to state a claim for negligence on the part of Best Buy. See, e.g., Anonymous v. Simon, 2014 WL 819122, *4 (S.D.N.Y. Mar. 13, 2014) (dismissing claim lacking factual support for allegation that defendant knew of risk to plaintiff); Hopper v. Banana Republic, LLC, 2008 WL 490613, at *2 (S.D.N.Y. Feb. 25, 2008) (dismissing negligence claim containing only speculative and implausible facts concerning the

9

defendants' knowledge). Here, plaintiff cannot rest "on the mere hope that the discovery process will provide necessary facts to support [her] claim." Fahs Const. Grp., Inc. v. Gray, 2012 WL 2873534, *3 (N.D.N.Y. July 12, 2012). To the contrary, plaintiff must allege facts that plausibly support a claim against Best Buy. Where, as here, plaintiff has failed to do so, her claim of negligence must be dismissed.

Moreover, as there is a three-year statute of limitations for a claim of negligence (CPLR § 214), the same expired on or about October 17, 2009. Plaintiff's Eleventh Cause of Action, therefore, is time-barred and must be dismissed.

**C.   GMVPL violation (Twelfth Count)**

**1.   The "lookback window" of the New York City act upon which plaintiff relies is preempted by the State's Adult Survivors Act, CPLR § 214-j.**

As an initial matter, plaintiff's reliance upon the "lookback window" of the GMVPL is misplaced. DE #10, para. 16. However, the limitations provision of the GMVPL is preempted by New York's adoption of the Adult Survivors Act ("ASA"), which is the operative state law codified by CPLR § 214-j. Such law preempts the 2022 GVMPL amendment establishing a conflicting statute of limitations period. State law may preempt local law by field preemption "when a local government legislates in a field for which the State Legislature has assumed full regulatory responsibility." DJL Rest. Corp. v City of New York, 96 N.Y.2d 91, 95 (2001).

The State Legislature may expressly articulate its intent to occupy a field or may do so by implication. See id. An implied intent to preempt may be found in a "declaration of State policy by the State Legislature . . . or from the fact that the Legislature has enacted a comprehensive and detailed regulatory scheme in a particular area." Id. In the latter instance, a local government is "precluded from legislating on the same subject matter unless it has received clear and explicit authority to the contrary." Id. (internal citation and quotation marks omitted).

The State law at issue – the ASA – clearly occupies the field regarding the revival of claims

10

derived from state penal sexual assault law. The State has adopted a comprehensive scheme that covers persons over the age of eighteen. The ASA and the new section of the CPLR it created applies "to every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense" under N.Y. Penal Code § 130 and certain other specified code provisions, committed against a person over the age of eighteen years old. C.P.L.R. § 214-j. This provision applies "notwithstanding any provision of law which imposes a period of limitation to the contrary." Id.

An earlier ruling of this Court, prior to the passage of the ASA, is instructive here. The Court previously considered and rejected a claim that the GMVPL was preempted by New York's CPLR provision imposing a one-year statute of limitations for intentional torts such as assault and battery. See Doe v. Gooding, 2022 WL 1104750, at *2 (S.D.N.Y. Apr. 13, 2022) (discussing CPLR § 215(3)). In ruling that the GMVPL was not preempted by the CPLR, the Court relied on the First Department's decision in Engelman v. Rofe, 144 N.Y.S.3d 20 (1st Dept. 2021), which distinguished between the conduct targeted by each law, reasoning that the legislative intent of the GMVPL "was to create a civil rights remedy or cause of action such as in [the federal Violence Against Women Act], rather than to extend the statute of limitations for a particular class of assaults" as in the CPLR. Id. at *3 (quoting Engelman, 144 N.Y.S. 3d at 24–26).

However, the 2022 GMVPL amendment does exactly what the First Department says the GMVPL did not do - extend the statute of limitations for civil actions based on a particular class of sexual assault claims. Therefore, the ASA preempts the later 2022 GMVPL amendment. The court in Doe also relied on "the City's broad policing power to enact legislation to protect its residents from discrimination, including gender-related violence." Doe, 2022 WL 1104750, at *2 (quoting Engelman, 144 N.Y.S. 3d at 25). The court, however, reasoned that "[n]evertheless, the City Council may not exercise its police power to adopt a law which is inconsistent with a State statute."

11

New York City Health & Hosps. Corp. v. Council of City of New York, 752 N.Y.S.2d 665 (1st Dept 2003). The subsequent GVMPL amendment ("City" law) clearly encroaches on the field occupied by the ASA (State Statute).

Accordingly, plaintiff cannot rely upon the "lookback window" of the GMVPL to assert her claims in the Amended Complaint. The same has been preempted by CPLR § 214-j. As such, the Twelfth Cause of Action must be dismissed.

### 2. The GMVPL did not serve to revive plaintiff's claims against corporate entities and as such her claims as against Best Buy are time-barred.

Plaintiff's Amended Complaint attempts to allege causes of action against Best Buy for purported violation of the GMVPL. This attempt, however, is clearly futile. The GMVPL was enacted in 2000 and amended in 2022. N.Y.C. Admin. Code § 8-901 et seq. (2000); N.Y.C. Admin. Code § 10-1101 et seq. (2022). Before 2022 – including at the time of plaintiff's alleged assault in October 2006 – the GMVPL solely created a cause of action against "an individual who commits a crime of violence motivated by gender". N.Y.C. Admin. Code § 8-904 (2000) (emphasis added). It is accurate that the 2022 amendment to the GMVPL instituted a revival window and expanded potential liability to parties other than "individuals". Significantly, however, said amendments do not retroactively extend liability to entities who could not have been sued at the time of a prior incident, nor do they revive claims under state and federal laws other than the GMVPL.

As such, plaintiff's claims against Best Buy were not revived by the 2022 GMVPL amendment because the expansion of potential liability to those other than individuals does not apply retroactively. At the time when plaintiff alleges she was assaulted, namely in October 2006, there was no viable claim under the GMVPL except as against "an individual who commits a crime of violence motivated by gender". N.Y.C. Admin. Code § 8-904 (2000) (emphasis added). Certainly, Best Buy is not an individual, and more certainly, it is not the perpetrator of any gender-motivated violence – it did not commit any gender-motivated violence, nor is plaintiff alleging that

12

it did. As such, when the alleged incident occurred (in 2006), it would not have been possible for plaintiff to state a GMVPL claim against Best Buy (or any other non-person).

Here, the GMVPL's revival window appears intended to revive claims that accrued under the pre-amendment GMVPL, but which became barred solely by the statute of limitations. It does not appear intended to impose new liability for past conduct where no claim would have accrued under the old law. Since Best Buy was not a perpetrator of any crime, no claim could have accrued against Best Buy under the pre-amendment GMVPL, and therefore there was no claim that the 2022 amendments could revive. See, e.g., Bensky v. Indyke, 743 F.Supp.3d 586 (S.D.N.Y. 2024); Doe v. Combs, 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024).

### D. Negligent infliction of emotional distress (Thirteenth Count)

Plaintiff's Thirteenth Cause of Action attempts to assert a claim against Best Buy for negligent infliction of emotional distress. The stated basis for this claim is a vague allegation that the "defendants" created an unreasonable risk of emotional distress, devoid of any specific facts to Best Buy. However, a claim for negligent infliction of emotional distress requires that the defendant owe the plaintiff a duty that is "specific to the plaintiff, and not some amorphous, free floating duty to society." Mortise v. United States, 102 F.3d 693 (2d Cir. 1996); see also Hopper, 2008 WL 490613, at *2. Such a claim requires that the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id.

Here, plaintiff does not allege any facts in the Thirteenth Cause of Action necessary to support a claim for negligent infliction of emotional distress against Best Buy.

Moreover, as there is a three-year statute of limitations for a claim of negligent infliction of emotional distress (CPLR § 214), the same expired on or about October 17, 2009. Plaintiff's Thirteenth Cause of Action, therefore, is time-barred and must be dismissed.

### E. Intentional infliction of emotional distress (Fourteenth Count)

13

Plaintiff's Fourteenth Cause of Action attempts to state a claim against all "defendants", including Best Buy for intentional infliction of emotional distress. However, the Amended Complaint fails to allege any specific acts by Best Buy which caused plaintiff emotional distress. In addition, under New York law, a claim for intentional infliction of emotional distress may not be brought when the challenged conduct falls well within the scope of other traditional tort liability. See, e.g., Hays v. City of New York, 2017 WL 782496, at *5 (S.D.N.Y. Feb. 28, 2017). Here, all of the alleged conduct complained of by plaintiff in the Amended Complaint falls "within the ambit of other traditional tort liability," and is clearly encompassed in plaintiff's other, more traditional tort claims (e.g. plaintiff's negligence claim – Eleventh Count). See <u>Man Zhang v. City of New York</u>, 2018 WL 3187343, at *12 (S.D.N.Y. June 28, 2018). Plaintiff's claim of intentional infliction of emotional distress should therefore be dismissed.

Moreover, as there is a one-year statute of limitations for a claim of intentional infliction of emotional distress (CPLR § 215(3)), the same expired on or about October 17, 2007. Plaintiff's Fourteenth Cause of Action, therefore, is time-barred and must be dismissed.

## CONCLUSION

As discussed above, plaintiff failed to serve defendant, Best Buy, with the Amended Complaint (DE #10) which was filed on February 26, 2025. The 90-day time for service of the same pursuant to F.R.C.P. 4(m) elapsed on May 27, 2025. Plaintiff is unable to demonstrate good cause for the deficiency. As such, the Amended Complaint must be dismissed as against Best Buy pursuant to F.R.C.P. 12(b)(5).

Furthermore, plaintiff's Amended Complaint alleges no conduct for which Best Buy can be subject to liability. Therefore, plaintiff's Amended Complaint fails to state a claim as against Best Buy upon which relief can be granted and should be dismissed in its entirety by the Court pursuant to F.R.C.P. 12(b)(6).

In light of the foregoing, it is respectfully requested that the court grant Defendant, Best

14

Buy Co., Inc.'s Motion to Dismiss Plaintiff's Amended Complaint pursuant to F.R.C.P. 12(b)(5) for failure to effect timely service of process; and pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted; together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      June 23, 2025

                                      FISHMAN McINTYRE LEVINE
                                      SAMANSKY P.C.

                                      By:  Mitchell B. Levine
                                      Attorneys for Defendant
                                      BEST BUY CO., INC.
                                      521 Fifth Avenue, 17th Floor
                                      New York, New York 10175
                                      (212) 461-7190
                                      File No.: BBY-100