# Fishman McIntyre Levine Samansky P.C.

STANLEY P. FISHMAN*
CHRISTOPHER E. McINTYRE > +
MITCHELL B. LEVINE*
SCOTT D. SAMANSKY**
CASSANDRA A. WILLOCK*
PETER J. MURANO, III*
KEVIN J. DONNELLY *
ANN MARIE F. KANE*
MARK N. KEDDIS*
CAROLINE PAPADATOS<
MOHAMED MAZZY*

NEW YORK OFFICE
521 FIFTH AVENUE, 17th FL.
NEW YORK, NY 10175
Tel (212) 461-7190
Fax (973) 560-0060
*(Mail and Overnight Deliveries to New Jersey office)*

120 EAGLE ROCK AVENUE
EAST HANOVER, NJ 07936
Telephone (973) 560-9000
Fax (973) 560-0060

> NJ BAR
**NJ & DC BARS
* NJ & NY BARS

+ Certified by the Supreme Court
of NJ as a Civil Trial Attorney

www.fishmanmcintyre.com

July 7, 2025

**VIA ECF**
Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    ***LaTroya Grayson v. Combs, et al***.
            SDNY Case No.: 1:24-cv-09857 (JAV)
            Our File No.: BBY-100

Dear Judge Vargas,

    This firm represents one of the defendants in the above titled action, Best Buy Co., Inc. ("Best Buy").

    Please accept this letter in opposition to the plaintiff's belatedly filed "motion", dated July 5, 2025, which seeks to adjourn the initial scheduling conference, scheduled before Your Honor, tomorrow, July 8, 2025, at 12:00 p.m.

    First, plaintiff's counsel did not seek the consent of this office to adjourn the conference.

    Second, the initial conference has already been twice adjourned.

    Third, the letter motion is not in compliance with Your Honor's Individual Rule (3)(E) for various reasons, including failing to provide a new date requested, the number of previous requests for an adjournment or extension; and whether the adversaries consent.  Best Buy does not)

    Fourth, plaintiff is represented in this action by local counsel, Steven A. Metcalf, Esq., Metcalf & Metcalf, 99 Park Avenue, Suite 110, New York, New York 10004.  There is no indication in plaintiff's application that local counsel is unavailable to appear for the conference.  Indeed, we so no reason why Florida counsel would need to personally appear for a seemingly mundane initial scheduling conference.

    Lastly, like Delta Airlines, Best Buy believes the case should never have been filed against it.  At one time, Best Buy was involved in promotion of one of Mr. Combs' records.  However, it had absolutely nothing

1

to do with the "party" where the plaintiff was assaulted and/or injured. Best Buy is anxious to extricate itself from this litigation, and therefore would like to see the matter proceed without further delay.

    Thank you.

                                          Respectfully yours,

                                          /s/ *Mitchell B. Levine*
                                          MITCHELL B. LEVINE
                                          mitch@fishmanmcintyre.com

MBL/mg

cc:      ALL COUNSEL OF RECORD (*Via ECF*)

2