UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LATROYA GRAYSON,

                      Plaintiff,

      -against-

SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF, PUFF
DADDY, PUFFY, BROTHER LOVE", BAD BOY
ENTERTAINMENT HOLDINGS, INC., SEAN JOHN
CLOTHING LLC, ATLANTIC RECORDS, MIKE
SAVAS, DELTA AIRLINES, CROBAR NIGHTCLUB
NYC "CROBAR", PENSKE MEDIA CPORPORATION
"PMC", VIBE MAGAZINE "VIBE", PERRY
BROADCASTING AND PUBLISHING "KJAMZ",
BEST BUY CO., INC. "BEST BUY", ROGER SMITH
HOTEL and JOHN AND JANE DOES 1-10,

                      Defendants.
------------------------------------------------------------------X

Civil Action

Case No. 1:24-cv-09857 (JAV)

**MEMORANDUM OF LAW IN SUPPORT OF
BEST BUY CO., INC.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Mitchell B. Levine
FISHMAN McINTYRE LEVINE
SAMANSKY P.C.
Attorneys for Defendant
BEST BUY CO., INC.
521 Fifth Avenue, 17th Floor
New York, New York 10175
(212) 461-7190
File No.: BBY-100

**PRELIMINARY STATEMENT**

Defendant, Best Buy Co., Inc. (hereinafter referred to as "Best Buy") submits this Memorandum of Law in support of its motion for an Order granting Defendant, Best Buy's Motion to Dismiss the Plaintiff's Second Amended Complaint (DE #87) (hereinafter "SAC") pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted; together with such other and further relief as this Court deems just and proper.

Plaintiff's SAC should be dismissed pursuant to F.R.C.P. 12(b)(6) for multiple reasons. First, the Gender-Motivated Violence Protection Law ("GMVPL") did not revive plaintiff's claims and as such, they are now time-barred by the relevant statutes of limitations. Second, each of plaintiff's Causes of Action in the SAC as pled against Best Buy are beyond the relevant statutes of limitations and, since Best Buy has never been served with any Complaint filed by plaintiff, the relation-back doctrine is inapplicable.

Finally, the SAC fails to substantiate any of plaintiff's conclusory allegations as against Best Buy, many of which are merely pled "upon information and belief", and thus they do not state any claim as against Best Buy for which relief may be granted.

In sum, for the reasons discussed herein, defendant Best Buy respectfully requests the Court grant its motion to dismiss plaintiff's SAC pursuant to F.R.C.P. 12(b)(6).

**PROCEDURAL HISTORY**

Plaintiff originally filed her Complaint (DE #1) on December 20, 2024. The initial Complaint did not name Best Buy as a defendant. Thereafter, on February 26, 2025, plaintiff filed an Amended Complaint (DE #10), naming Best Buy Co., Inc. as a defendant. Best Buy has not been served with plaintiff's Amended Complaint.

More recently, on or about July 20, 2025, plaintiff filed a Second Amended Complaint (DE #87), to which Best Buy is again named as a defendant. To date, Best Buy has not been served with either of plaintiff's two amended complaints, including plaintiff's first Amended

1

Complaint (DE #10) and/or plaintiff's Second Amended Complaint (DE #87).

## STATEMENT OF FACTS

Plaintiff's allegations against Best Buy are conclusory and without specificity of any kind. Indeed, the first mention of "Best Buy" outside of the caption to the SAC is by means of a "Getty Images" depiction of Best Buy's logo (without subtitle or description of any kind). See DE #87, page 13 of 69. Other than stating that Best Buy is a "retail electronics company" which owns and operates stores in New York (id., page 14 of 69), plaintiff makes no allegations against Best Buy in its "procedural requirements" section of the SAC.

Any causes of action in the SAC which mention Best Buy directly are merely pled "upon information and belief". In the First Cause of Action, plaintiff declares, without any substantiation, that "[u]pon information and belief, the establishment of a business relationships [sic] with prominent businesses including . . . Best Buy . . . allowed for a distribution platform for all Defendant Combs business endeavors to disguise his true intentions . . . ." Id. at para. 136. Plaintiff includes nothing at all within the SAC to support any contention therein that Best Buy "sponsored and promoted" any event associated with plaintiff's claims of assault against the "Combs" defendant(s) (id., para. 155) or that Best Buy was "a direct participant in the marketing aspect" of the same (id., para. 158). Similarly, plaintiff can only thinly rely "upon information and belief" to weakly contend that Best Buy "entered into a partnership agreement with [the Combs defendant(s)] as general business partners" (id., para. 162b).

Thereafter, and quite notably, the name "Best Buy" does not again make its way into any other Cause of Action of the SAC – not even one time! Thus, in plaintiff's Tenth Cause of Action: Negligence, pled "Against ALL Defendants", there is no substantive detail concerning what acts or omissions Best Buy is alleged to have performed. The same is the case for plaintiff's Eleventh Cause of Action concerning the GMVPL, once again pled "Against ALL Defendants" without one time pointing any asserted acts or omissions on the part of Best Buy

2

itself (see, e.g., DE #87, para. 294 and para. 302 where "Best Buy" is conspicuously absent from the list of targeted defendants). Nor is "Best Buy" specifically mentioned at all in plaintiff's Twelfth Cause of Action for negligent infliction of emotional distress, once again pled "Against ALL Defendants".

Significantly, plaintiff is alleging damages associated with activities which purportedly occurred on or about October 16, 2006. See, e.g., SAC, para. 85. Other than her flimsy statements that Best Buy sponsored or promoted an event, without an ounce of corroboration of any kind, plaintiff attempts to lump in Best Buy as an entity which knew of illicit activities or assaults allegedly committed by one or more of the other defendants she originally named to the action. And, again, merely "upon information and belief" with no factual support of any kind!

At most, plaintiff asserts that the "original party date was rescheduled" from October 6, 2006 to October 16, 2006, in order to accommodate a "separate VIP listening party at the Time Warner Center for [the] Press Play album sponsored by Best Buy" Id., para. 84. Plaintiff offers no support whatsoever to substantiate her claims that Best Buy "also sponsored the 'black party' event the night of October 16, 2006", namely ten days later. Significantly, plaintiff offers no basis to draw any plausible connection between an album listening party on October 6, 2006 and the alleged assault of plaintiff at a "separate [] party" on October 16, 2006.

Further, plaintiff's various causes of action have been filed long past the applicable statutes of limitations and accordingly must be dismissed. Notably, the GMVPL cannot be retrospectively relied upon by plaintiff. Sigificantly, plaintiff's SAC was filed well beyond the expiration of all relevant statutes of limitation. Moreover, plaintiff cannot rely upon the relation-back doctrine with respect to the now-expired statutes of limitation because her first Amended Complaint (DE #10) was never served upon Best Buy.

In sum, plaintiff's SAC fails to state any cause of action against Best Buy for which relief may be granted by this Court. Her weak allegations, generally pled "upon information and

3

belief", are woefully insufficient to support any of plaintiff's asserted claims against Best Buy.

## LEGAL ARGUMENT

## POINT I

### PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO STATE ANY CLAIM AS AGAINST BEST BUY CO., INC. AND THEREFORE IT MUST BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(6)

To survive a motion for dismissal for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Twombly, 550 U.S. at 555–56; Lokai Holdings LLC v. Twin Tiger USA LLC, 306 F. Supp. 3d 629, 637 (S.D.N.Y. 2018). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, supra at 678.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief.'" Iqbal, supra at 679 (quoting F.R.C.P. 8(a)(2)). Indeed, when a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," then dismissal is mandatory. Twombly, 550 U.S. at 570.

Here, plaintiff's SAC as against Best Buy must be dismissed pursuant to F.R.C.P. 12(b)(6) for multiple reasons. First, the Gender-Motivated Violence Protection Law ("GMVPL") is preempted by State Law and otherwise did not revive plaintiff's claims. As such, those claims are now time-barred by the relevant statutes of limitations. Sigificantly, plaintiff cannot rely upon the relation-back doctrine with respect to the now-expired statutes of limitation because her first Amended Complaint (DE #10) was never served upon Best Buy.

Further, the SAC fails to substantiate any of plaintiff's conclusory allegations as against Best Buy, many of which are merely pled "upon information and belief", and thus they do not state

4

any claim as against Best Buy for which relief may be granted.

Here, plaintiff's SAC fails to plead any factual content that could serve as the basis for liability as against Best Buy on any of the causes of action therein claimed to be asserted against "all defendants" as a whole (i.e., plaintiff's SAC tellingly fails to single out Best Buy as the individual target of any of the enumerated causes of action). These causes of action include: RICO violation (First Count); negligence (Tenth Count); GMVPL violation (Eleventh Count); and negligent infliction of emotional distress (Twelfth Count). For each of these four alleged causes of action, plaintiff has failed to include in her SAC sufficient factual matter for which a plausible claim for relief can be found as against Best Buy. Moreover, plaintiff's causes of action of the SAC sounding in negligence have been filed long past the applicable three-year statute of limitations and accordingly must be dismissed.

As such, plaintiff's SAC must be dismissed as against Best Buy pursuant to F.R.C.P. 12(b)(6).

### A.   RICO violation (First Count)

In order to prevail on a civil RICO claim, plaintiff's SAC must show "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." DeFalco v. Bernas, 244 F.3d 186, 305 (2d Cir. 2001) (internal citations omitted). Moreover, to state a substantive civil RICO claim pursuant to section 1962(c), plaintiff must adequately allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). Here, plaintiff's SAC fails to do so. Indeed, the SAC contains no factual allegations to plausibly infer the existence of a RICO enterprise. "Simply stating in conclusory fashion that all the defendants are an 'enterprise within the meaning' of the RICO statute is insufficient, absent some factual allegations in support." Freund v. Lerner, 2010 WL 3156037, *7 (S.D.N.Y. Aug. 7, 2010). Instead, with respect to plaintiff's SAC, the "pleadings are entirely silent as to the internal workings or

5

organization of the alleged enterprise, explaining neither how it was run nor by whom." Greenberg v. Blake, 2010 WL 2400064, at *6 (E.D.N.Y. June 10, 2010).

Here, plaintiff seemingly contends that a retailer can be held liable as if it is a criminal enterprise simply for allegedly providing sponsorship or marketing services. However, the law requires much more. The Supreme Court has made clear, and the Second Circuit has agreed, that an outside service provider can only be liable under RICO if it has operated or managed the affairs of the enterprise, not just its own affairs. Reves v. Ernst & Young, 507 U.S. 160, 179 (1993). Plaintiff's SAC contains no allegations whatsoever in support of any conclusion that Best Buy participated in the affairs of the "RICO Enterprise," much less allegations that Best Buy operated or managed the affairs of the "RICO Enterprise." Id.

Furthermore, since plaintiff's substantive RICO claim is deficient, her RICO conspiracy claim similarly must fail. Likewise, the SAC does not plead any predicate acts with sufficient particularity to sustain a RICO claim against Best Buy. See, e.g., Wight v. BankAmerica Corp., 219 F.3d 79, 91 (2d Cir. 2000) (in a RICO claim, the actual fraud alleged "must be stated with particularity").

Notably, plaintiff's SAC contains very few allegations as against Best Buy which are not stated merely "upon information and belief". Although a plaintiff may plead facts "upon information and belief" in appropriate circumstances, such as "where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible," Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (citing Iqbal, 556 U.S. at 677), such allegations must be "accompanied by a statement of the facts upon which the belief is founded." JBC Holdings NY, LLC v. Pakter, 931 F.Supp.2d 514, 526-27 (S.D.N.Y. 2013) (citing Prince v. Madison Square Garden, 427 F.Supp.2d 372, 385 (S.D.N.Y. 2006)). See also, Teixeria v. St. Jude Med. S.C., Inc., 193 F. Supp. 3d 218, 226 (W.D.N.Y. 2016) ("[A]llegations based 'on information and

6

belief' cannot be wholly unsupported.")); c.f., Arista Records, 604 F.3d at 120-21 (finding that allegations made "on information and belief" were plausible where "virtually all of them are supported by factual assertions in the exhibit" attached to the complaint).

In the present matter, the SAC alternates between making unsupported assertions against Best Buy "upon information and belief" and simply lumping Best Buy together with "all defendants" in certain causes of action (but only a few), all the while "providing no factual basis to distinguish their conduct." Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001). There is no specificity whatsoever concerning Best Buy's purported connection to the alleged assault which could serve to raise plaintiff's factually-deficient pleadings "above the speculative level". EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 253 (2d Cir. 2014) (quoting Twombly, 550 U.S. at 555).

There is absolutely no support for plaintiff's claims that, because it may have sponsored a "listening party event" (on a different date and at a different location and thus a wholly different party not attended by plaintiff), Best Buy somehow enabled, participated in or conspired in the commission of an alleged assault against plaintiff ten days later at a different location and for different purposes with different participants). Indeed, plaintiff's pleading offers nothing to reinforce the vast leap of faith of the SAC (at para. 84) which baldly asserts that "Best Buy also sponsored the 'black party' event the night of October 16, 2016."

Even the imagery included in the SAC belies this unfounded contention. The alleged perpetrator, Combs, is depicted standing in from of a Best Buy-logo filled wall (attired in all white, in fact) in connection with the so-called VIP listening party for his album. No such images bearing Best Buy logos are to be found within the SAC when the description of events focuses upon the subject "black party" at which plaintiff was allegedly assaulted. To the contrary, the names and logos of various other corporate entities are conspicuously depicted in the "black party" photo images, while any mention of Best Buy is conspicuously absent.

7

Thus, while Best Buy might have promoted Combs' album, and did so at a separate "listening party" on a different date and location, there is absolutely no evidence that Best Buy had anything to do with the "black party" where plaintiff was allegedly assaulted. Plaintiff's one sentence declaration at paragraph 84 of the SAC is woefully insufficient to plausibly connect Best Buy to somehow having "sponsored" a party where plaintiff was assaulted.

Furthermore, plaintiff does nothing to connect the dots between any alleged sponsorship and her actually being assaulted. Alternatively, plaintiff makes cogent allegations against nearly every other named defendant to the SAC, such as those creating, promoting and financing a radio contest (SAC, para. 124); luring plaintiff to an unsafe place without warning (id.); circulating pre-made drinks throughout the "black party" (id., para. 104); supplying airfare and lodging (id., para. 88, 90); setting the attire or selection for entry into the "black party" venue (id., para. 86, 96); or scheduling and/or rescheduling the date of the "black party" (id., para. 83). Yet, plaintiff's complaint is silent as to Best Buy having any involvement in any of these actions.

In short, plaintiff's generalized claim that Best Buy, in allegedly sponsoring or promoting one or more parties, somehow funded the enterprise that led to plaintiff's assault is far from sufficient to survive a motion to dismiss pursuant to F.R.C.P. 12(b)(6).

Thus, plaintiff has offered nothing but conjecture and speculation to support her belief about the purported culpability of Best Buy. As such, there is no support for plaintiff's allegation as made against Best Buy solely "upon information and belief." Accordingly, Best Buy's motion to dismiss the First Cause of Action of the SAC pursuant to F.R.C.P. 12(b)(6) should be granted.

B.  **Negligence (Tenth Count)**

In order to establish a prima facie case of negligence under New York law, a plaintiff must establish three elements: (1) existence of a duty on defendant's part as to the plaintiff (2) breach of that duty; and (3) injury to the plaintiff as a result thereof. See, e.g., Pasternack v. Lab Corp. of

Am., 892 F.Supp. 2d 540, 552 (S.D.N.Y. 2012). Where "the defendant owes no duty to the plaintiff, the action must fail." Diego Beekman Mutual Housing Ass'n Housing Dev't Fund Corp. v. Dish Network, LLC, 2016 WL 1060328, at *4 (S.D.N.Y. Mar. 15, 2016).

Plaintiff's conclusory allegations, unsupported by facts, fail to state a claim for negligence on the part of Best Buy. See, e.g., Anonymous v. Simon, 2014 WL 819122, *4 (S.D.N.Y. Mar. 13, 2014) (dismissing claim lacking factual support for allegation that defendant knew of risk to plaintiff); Hopper v. Banana Republic, LLC, 2008 WL 490613, at *2 (S.D.N.Y. Feb. 25, 2008) (dismissing negligence claim containing only speculative and implausible facts concerning the defendants' knowledge). Here, plaintiff cannot rest "on the mere hope that the discovery process will provide necessary facts to support [her] claim." Fahs Const. Grp., Inc. v. Gray, 2012 WL 2873534, *3 (N.D.N.Y. July 12, 2012). To the contrary, plaintiff must allege facts that plausibly support a claim against Best Buy. Where, as here, plaintiff has failed to do so, her claim of negligence must be dismissed.

Moreover, as there is a three-year statute of limitations for a claim of negligence (CPLR § 214), the same expired on or about October 17, 2009. Plaintiff's Tenth Cause of Action, therefore, is time-barred and must be dismissed.

    C.    **GMVPL violation (Eleventh Count)**

        1.    **The "lookback window" of the New York City act upon which plaintiff relies is preempted by the State's Adult Survivors Act, CPLR § 214-j.**

As an initial matter, plaintiff's reliance upon the "lookback window" of the GMVPL is misplaced. DE #87, para. 16. Indeed, the limitations provision of the GMVPL is preempted by New York's adoption of the Adult Survivors Act ("ASA"), which is the operative state law codified by CPLR § 214-j. Such law preempts the 2022 GVMPL amendment establishing a conflicting statute of limitations period. State law may preempt local law by field preemption "when a local government legislates in a field for which the State Legislature has assumed full regulatory

9

responsibility." DJL Rest. Corp. v City of New York, 96 N.Y.2d 91, 95 (2001).

The State Legislature may expressly articulate its intent to occupy a field or may do so by implication. See id. An implied intent to preempt may be found in a "declaration of State policy by the State Legislature . . . or from the fact that the Legislature has enacted a comprehensive and detailed regulatory scheme in a particular area." Id. In the latter instance, a local government is "precluded from legislating on the same subject matter unless it has received clear and explicit authority to the contrary." Id. (internal citation and quotation marks omitted).

The State law at issue – the ASA – clearly occupies the field regarding the revival of claims derived from state penal sexual assault law. The State has adopted a comprehensive scheme that covers persons over the age of eighteen. The ASA and the new section of the CPLR it created applies "to every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense" under N.Y. Penal Code § 130 and certain other specified code provisions, committed against a person over the age of eighteen years old. C.P.L.R. § 214-j. This provision applies "notwithstanding any provision of law which imposes a period of limitation to the contrary." Id.

An earlier ruling of this Court, prior to the passage of the ASA, is instructive here. The Court previously considered and rejected a claim that the GMVPL was preempted by New York's CPLR provision imposing a one-year statute of limitations for intentional torts such as assault and battery. See Doe v. Gooding, 2022 WL 1104750, at *2 (S.D.N.Y. Apr. 13, 2022) (discussing CPLR § 215(3)). In ruling that the GMVPL was not preempted by the CPLR, the Court relied on the First Department's decision in Engelman v. Rofe, 144 N.Y.S.3d 20 (1st Dept. 2021), which distinguished between the conduct targeted by each law, reasoning that the legislative intent of the GMVPL "was to create a civil rights remedy or cause of action such as in [the federal Violence Against Women Act], rather than to extend the statute of limitations for a particular class of assaults" as in the CPLR.

10

Id. at *3 (quoting Engelman, 144 N.Y.S. 3d at 24–26).

However, the 2022 GMVPL amendment does exactly what the First Department says the GMVPL did not do - extend the statute of limitations for civil actions based on a particular class of sexual assault claims. Therefore, the ASA preempts the later 2022 GMVPL amendment. The court in Doe also relied on "the City's broad policing power to enact legislation to protect its residents from discrimination, including gender-related violence." Doe, 2022 WL 1104750, at *2 (quoting Engelman, 144 N.Y.S. 3d at 25). The court, however, reasoned that "[n]evertheless, the City Council may not exercise its police power to adopt a law which is inconsistent with a State statute." New York City Health & Hosps. Corp. v. Council of City of New York, 752 N.Y.S.2d 665 (1st Dept 2003). The subsequent GVMPL amendment clearly encroaches on the field occupied by the ASA.

Accordingly, plaintiff cannot rely upon the "lookback window" of the GMVPL to assert her claims in the SAC. The same has been preempted by CPLR § 214-j. As such, the Eleventh Cause of Action must be dismissed.

**2. The GMVPL did not serve to revive plaintiff's claims against corporate entities and as such her claims as against Best Buy are time-barred.**

Plaintiff's SAC attempts to allege causes of action against Best Buy for purported violation of the GMVPL. This attempt, however, is clearly futile. The GMVPL was enacted in 2000 and amended in 2022. N.Y.C. Admin. Code § 8-901 et seq. (2000); N.Y.C. Admin. Code § 10-1101 et seq. (2022). Before 2022 – including at the time of plaintiff's alleged assault on or about October 16, 2006 – the GMVPL solely created a cause of action against "an individual who commits a crime of violence motivated by gender". N.Y.C. Admin. Code § 8-904 (2000) (emphasis added). It is accurate that the 2022 amendment to the GMVPL instituted a revival window and expanded potential liability to parties other than "individuals". Significantly, however, said amendments do not retroactively extend liability to entities who could not have been sued at the time of a prior

11

incident, nor do they revive claims under state and federal laws other than the GMVPL.

As such, plaintiff's claims against Best Buy were not revived by the 2022 GMVPL amendment because the expansion of potential liability to those other than individuals does not apply retroactively. At the time when plaintiff alleges she was assaulted, namely on or about October 16, 2006, there was no viable claim under the GMVPL except as against "an <u>individual</u> who commits a crime of violence motivated by gender". N.Y.C. Admin. Code § 8-904 (2000) (emphasis added). Certainly, Best Buy is not an individual (and plaintiff concedes as such – See SAC, p. 14), and it is not the perpetrator of any gender-motivated violence – it did not commit any gender-motivated violence, nor is plaintiff alleging that it did. As such, when the alleged incident occurred (in 2006), it would not have been possible for plaintiff to state a GMVPL claim against Best Buy (or any other entity).

Here, the GMVPL's revival window appears intended to revive claims that accrued under <u>the pre-amendment GMVPL</u>, but which became barred solely by the statute of limitations. It does not appear intended to impose new liability for past conduct where no claim would have accrued under the old law. Since Best Buy was not a perpetrator of any crime, no claim could have accrued against Best Buy under the pre-amendment GMVPL, and therefore there was no claim that the 2022 amendments could revive. See, e.g., <u>Bensky v. Indyke</u>, 743 F.Supp.3d 586 (S.D.N.Y. 2024); <u>Doe v. Combs</u>, 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024).

> **3. Plaintiff's SAC was filed beyond the two-year "lookback window" of the GMVPL and, because Best Buy was never served with plaintiff's first Amended Complaint, the relation-back doctrine cannot act to revive the expired limitation period.**

As stated, plaintiff's SAC attempts to allege causes of action against Best Buy for purported violation of the GMVPL. Plaintiff contends that the GMVPL's "lookback window" was put into effect on March 1, 2023, and thereby permitted a two-year period of time (i.e., until March 1, 2025) to enable "survivors of gender motivated violence [] to sue their abusers regardless of when the

12

abuse occurred." See, e.g., SAC, para. 16. When plaintiff filed her initial Complaint (DE #1) on December 20, 2024, and also when plaintiff filed her first Amended Complaint (DE #10) on February 26, 2025, the two-year revival period was still in effect. See S.D.N.Y. "Civil Docket for Case #; 1:24-cv-09857-JAV", annexed to the Levine Decl. as Exhibit "A".

However, plaintiff filed the SAC (DE #87) on July 20, 2025, more than four-and-a-half months beyond the expiration of the two-year revival window of the GMVPL. Critically in this regard as to Best Buy, the revival window of the GMVPL had long expired at the time the SAC was filed. In the present case, Best Buy Co., Inc. was only initially named as a party defendant when plaintiff filed her first Amended Complaint (DE #10) on February 26, 2025. Id. Pursuant to F.R.C.P. 4(m), plaintiff's time to have served defendant, Best Buy, with the first Amended Complaint expired 90 days after of the filing of such pleading, or on May 27, 2025. To date, Best Buy has not been served with plaintiff's first Amended Complaint. Id.

F.R.C.P. 15(c) sets forth the rules applicable to the relation back of amendments to a pleading. The Rule provides, in pertinent part, "(1) An amendment to a pleading relates back to the date of the original pleading when: . . . (C) the amendment changes the party or the naming of the party against whom a claim is asserted . . . and if, within the period provided by Rule 4(m) for serving the summons and complaint, **the party to be brought in by amendment: (i) received such notice of the action** . . . ." F.R.C.P. 15(c)(1)(C) (emphasis added).

Here, Best Buy was not named in plaintiff's original Complaint and was never served with the first Amended Complaint. Notably, Best Buy has yet to be served with the SAC, although plaintiff's time to do so has yet to expire. Nonetheless, until Best Buy has been served with any Complaint by plaintiff, it cannot be said to have been legally placed on notice of the within action.

Therefore, as to Best Buy, there is no "original pleading" for which the SAC may be said to relate back and so the Eleventh Cause of Action must be dismissed accordingly. Indeed, as

13

the United States Supreme Court has held, the "linchpin" of the relation-back doctrine "is notice, and **notice within the limitations period**." Schiavone v. Fortune, 477 U.S. 21, 31 (1986) (emphasis added).

Moreover, plaintiff had no basis to believe that service had ever been waived by Best Buy. As stated, Best Buy was not named as a defendant in plaintiff's original Complaint (DE #1). Further, it is well-settled that the fact a defendant has notice of a lawsuit does not in any way license a plaintiff to disregard the requirements of service. See Martin v. N.Y. State Dept. of Mental Hygiene, 588 F.2d 371, 373 (2d Cir. 1978) (per curiam) ("A showing that the defendant has had actual notice of the lawsuit is not sufficient to bar a motion to dismiss"); see also Natl. Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void service."), cert. denied sub nom. Khashoggi v. Natl. Dev. Co., 502 U.S. 968 (1991); McKibben supra, at *3 ("It is an established concept of law that actual notice is not curative of faulty service of process.").

As such, an independent rationale exists under the circumstances for this Court to dismiss the Eleventh Cause of Action of the SAC as against Best Buy as having been filed beyond the two-year revival window of the GMVPL.

## D. Negligent infliction of emotional distress (Twelfth Count)

Plaintiff's Twelfth Cause of Action attempts to assert a claim against Best Buy for negligent infliction of emotional distress. The stated basis for this claim is -once again- a vague allegation that the defendants created an unreasonable risk of emotional distress, devoid of any specific facts about Best Buy. However, a claim for negligent infliction of emotional distress requires that the defendant owe the plaintiff a duty that is "specific to the plaintiff, and not some amorphous, free floating duty to society." Mortise v. United States, 102 F.3d 693 (2d Cir. 1996); see also Hopper, 2008 WL 490613, at *2. Such a claim requires that the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

Moreover, as there is a three-year statute of limitations for a claim of negligent infliction of emotional distress (CPLR § 214), the same expired on or about October 17, 2009. Plaintiff's Twelfth Cause of Action, therefore, is time-barred and must be dismissed.

## CONCLUSION

As discussed above, plaintiff's SAC alleges no conduct for which Best Buy can be subject to liability. Therefore, plaintiff's SAC fails to state a claim as against Best Buy upon which relief can be granted and should be dismissed in its entirety by the Court pursuant to F.R.C.P. 12(b)(6).

In light of the foregoing, it is respectfully requested that the court grant Defendant, Best Buy Co., Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (DE #87) pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted; together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      August 12, 2025

FISHMAN McINTYRE LEVINE
SAMANSKY P.C.

By: Mitchell B. Levine
Attorneys for Defendant
BEST BUY CO., INC.
521 Fifth Avenue, 17th Floor
New York, New York 10175
(212) 461-7190
File No.: BBY-100