**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LATROYA GRAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF, PUFF DADDY, PUFFY, BROTHER LOVE", BAD BOY ENTERTAINMENT HOLDINGS, et al., | ) |
| | ) |
| Defendants. | ) |

CIVIL CASE NO.: 1:24-CV-09857-JAV

**DEFENDANT DELTA AIR LINES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Nicole Wolfe Stout, Esq.
STRAWINSKI & STOUT
Centrum at Glenridge
780 Johnson Ferry Road NE
Suite 230
Atlanta, Georgia 30342
Tel. (470) 945-0074
Fax (404) 264-1450
Email: nws@strawlaw.com
(Admitted Pro Hac Vice)

Steven M. Richman, Esq.
CLARK HILL PLC
1180 Avenue of the Americas
Suite 1910
New York, NY 10036
Tel. (646) 395-8580
Fax (646) 395-8700
Email: srichman@clarkhill.com

M. Roy Goldberg, Esq.
CLARK HILL PLC
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, D.C. 20004
Tel. (202) 552-2388
Fax (202) 772-0919
Email: rgoldberg@clarkhill.com
(Admitted Pro Hac Vice)

COUNSEL FOR DEFENDANT DELTA AIR LINES, INC.

September 17, 2025

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ..............................................................................................................................3

I.    The Gender-Motivated Violence Protection Law Did Not Revive
      Plaintiffs' Claims, and as a Result, They Must Be Dismissed as Time-
      Barred by The Relevant Statutes of Limitations.............................................................3

II.   Plaintiff's Claims Against Delta Should Be Dismissed for Failure to State
      a Claim............................................................................................................................5

      A.    The SAC Fails to State a Claim under RICO. ......................................................5

      B.    Plaintiff Fails to State a Claim Against Delta for Common Law
            Negligence. ..........................................................................................................8

      C.    Plaintiff Fails to Allege a Claim Against Delta for Violation of the
            GVPL. ...................................................................................................................8

      D.    Plaintiff Fails to State a Claim Against Delta for Negligent
            Infliction of Emotional Distress...........................................................................9

III.  Leave To Amend Should Not Be Granted.......................................................................9

CERTIFICATION OF COMPLIANCE ......................................................................................11

CERTIFICATE OF SERVICE ...................................................................................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadi v. NYU Langone Health Sys.*,
   705 F. Supp. 3d 172 (S.D.N.Y. 2023), *reconsideration denied,* 714 F. Supp.
   3d 387 (S.D.N.Y. 2024) ..................................................................................................2

*Abbas v. Dixon*,
   480 F.3d 636 (2d Cir. 2007)............................................................................................4

*Ahmad v. Day*,
   647 F. Supp. 3d 272 (S.D.N.Y. 2022).............................................................................2

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010)...................................................................................1, 2, 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................1, 2, 7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................................1

*Carlisle Ventures, Inc. v. Banco Español de Crédito, S.A.*,
   176 F.3d 601 (2d Cir. 1999)............................................................................................8

*Cote v. Tennant*,
   No. 6:09–CV–1273, 2010 WL 1930572 (N.D.N.Y. May 10, 2010) ..............................7

*Doe v. Indyke*,
   465 F. Supp. 3d 452 (S.D.N.Y. 2020).............................................................................2

*Empire Merchs., LLC v. Reliable Churchill LLP*,
   902 F.3d 132 (2d Cir. 2018)............................................................................................9

*Foman v. Davis*,
   371 U.S. 178 (1962).........................................................................................................9

*In re Mexican Gov't Bonds Antitrust Litig.*,
   412 F. Supp. 3d 380 (S.D.N.Y. 2019)..........................................................................2, 6

*Klehr v. A.O. Smith Corp.*,
   521 U.S. 179 (1997).........................................................................................................3

*Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
   797 F.3d 160 (2d Cir.).....................................................................................................9

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007)..................................................................................9

*Purchase Real Estate Group Inc. v. Jones*,
   No. 05 Civ. 10859, 2010 WL 3377504 (S.D.N.Y. Aug. 24, 2010) ........................7

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993)..............................................................................................6

*Rotella v. Wood*,
   528 U.S. 549 (2000)..............................................................................................4

*Stagl v. Delta Air Lines, Inc.*,
   52 F.3d 463 (2d Cir. 1995)....................................................................................8

*Stein v. New York Stair Cushion Co., Inc.*,
   No. 04–CV–4741, 2006 WL 319300 (E.D.N.Y. Feb. 10, 2006) ............................7

*Stephens v. 1199 SEIU, AFL-CIO*,
   45 F. Supp. 3d 284 (E.D.N.Y. 2014) ....................................................................9

*Veltri v. Bldg. Serv. 32B-J Pension Fund*,
   393 F.3d 318 (2d Cir. 2004)..................................................................................5

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
   401 U.S. 321 (1971)..............................................................................................9

**Rules**

Fed. R. Civ. P. 12(b)(6).............................................................................................5, 9

Fed. R. Civ. P. 15(a)(2)..............................................................................................9

## PRELIMINARY STATEMENT

Nothing in Plaintiff's Opposition [ECF 113] offers any basis for the claims against Defendant Delta Air Lines, Inc. to survive dismissal. *See* ECF 94. To the contrary, Plaintiff's brief affirms that Delta should never have been included in this litigation in the first place, and that Delta should be dismissed at this time. The awful experience recounted by Plaintiff LaTroya Grayson allegedly occurred in October of 2006, and had nothing to do with Delta: an entity that, at most, only provided commercial passenger air transportation to Ms. Grayson. Claims for violation of the Racketeer Influenced and Corrupt Practices Act ("RICO") and related tort claims cannot be based solely on the assertion that a certified air carrier provided air service between two United States airports.

Plaintiff's opposition fails to offer any legal justification for the Second Amended Complaint's lack of any particular acts or omissions linked to Delta, which are not even pleaded on information and belief. Simply alleging a legal conclusion that Delta was involved in a RICO conspiracy and then citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), is not a meaningful response to the litany of cases cited by Delta which stand for the position that merely operating as a commercial airline is insufficient to withstand a motion to dismiss. If anything, the opposition brief clarifies that including Delta in this lawsuit for the past several months was baseless and completely lacking in merit.

Plaintiff's citation to *Arista Recs., LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), actually shows what Plaintiff *failed* to do here, namely, put specific allegations to each defendant. In fact, the Court expressly pointed to the fact that in the complaint at issue, "Exhibit A identifies on a Defendant–by–Defendant basis (one Defendant per page) the IP address with the date and time of capture and a list of copyrighted recordings that each Defendant has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public." *Id.* at 120-122.

Similarly, a court found that where the amended complaint contains sufficient detail to show what each particular defendant has done, it will allow the complaint to proceed. *Doe v. Indyke*, 465 F. Supp. 3d 452, 466 (S.D.N.Y. 2020) ("Doe amended her complaint to include numerous paragraph [sic] that separate the conduct of the various defendants and make clear what she alleges each specific Corporate Defendant did. . . . The Corporate Defendants are thus able to identify what each of them are alleged to have done.") (internal record citation omitted).

Such critical detail – as to what Delta did or failed to do – is glaringly absent here, and post-*Twombly* and *Iqbal* decisions disregard allegations where group defendants are simply lumped together with conclusory allegations that do not specifically address each defendant. *See Ahmad v. Day,* 647 F. Supp. 3d 272, 281 (S.D.N.Y. 2022) ("Nothing else in the complaint describes any specific acts by Vista."); *Abadi v. NYU Langone Health Sys*., 705 F. Supp. 3d 172, 181 (S.D.N.Y. 2023), *reconsideration denied,* 714 F. Supp. 3d 387 (S.D.N.Y. 2024) ("we ignore the paragraphs that make allegations against all or some defendants in an undifferentiated manner as a group, including those with conclusory allegations of conspiracy."); *In re Mexican Gov't Bonds Antitrust Litig*., 412 F. Supp. 3d 380, 388 (S.D.N.Y. 2019) ("Post-*Twombly* authorities overwhelmingly hold that a complaint that provides no basis to infer the culpability of the specific defendants named in the complaint fails to state a claim.").

With regard to Delta, Plaintiff has not cured its deficient allegations and has failed to separate it from the general "group" allegations. There is in sum zero basis to keep Delta in this litigation.

**ARGUMENT**

I.     **THE GENDER-MOTIVATED VIOLENCE PROTECTION LAW DID NOT REVIVE PLAINTIFFS' CLAIMS, AND AS A RESULT, THEY MUST BE DISMISSED AS TIME-BARRED BY THE RELEVANT STATUTES OF LIMITATIONS.**

As set forth in Delta's opening brief, because more than eighteen years elapsed between the New York event called the "Black Party" and Plaintiff's suit, the relevant limitations periods had long passed when Plaintiff filed suit. ECF 94, at 6-14. In response, Plaintiff asserts that her claims are "equitabl[y] toll[ed]" and that the issue of equitable tolling "require[s] factual development and cannot be decided on the pleadings." ECF 113, at 2. Plaintiff is wrong. Nothing in the SAC nor Plaintiff's opposition sets forth a basis for a finding of equitable tolling, such that Plaintiff's RICO claim is not time-barred.

Plaintiff relies on *Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997), in asserting that she had a four-year statute of limitations period for her RICO claim, and that the four-year period did not commence until "plaintiff discovers, or should have discovered, the injury." ECF 113, at 2-3. Plaintiff asserts that she "did not and could not reasonably have discovered the full scope of her injury and the Defendants' participation until much later, due in part to intimidation, concealment and trauma." ECF 113, at 3. However, Plaintiff provides no allegation that Delta was involved in any sort of "intimidation, concealment" or "trauma." There is also zero support for Plaintiff's assertion that "Plaintiff's allegations of threats and coercion suffice to invoke estoppel" against Delta. ECF 113, at 3. The SAC contains zero allegations of any "threats" or "coercion" on Delta's part. If anything, Plaintiff knew the day she flew on Delta Air Lines that she flew on Delta Air Lines. The SAC contains no other allegations that could have been discovered after the flight as to Delta and therefore warrants no equitable tolling.

To avoid this basic conclusion, Plaintiff relies on a litany of cases. But none supports tolling the statute of limitations in this case. In *Klehr*, the Court ruled that a "plaintiff who is not reasonably diligent may not assert 'fraudulent concealment'" on the part of a defendant. 521 U.S. at 196. However, here Plaintiff has failed to allege any facts which would support a claim of "fraudulent concealment" on the part of Delta.

Plaintiff reliance on *Rotella v. Wood*, 528 U.S. 549, 555 (2000) [ECF 113, at 3], is also misplaced. In *Rotella*, the Court stated that "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock" for purposes of the statute of limitations. *Id*. Here, any injury experienced by Plaintiff was discovered by her in 2006. *See also id.* at 556-57 "(A RICO plaintiff's ability to investigate the cause of his injuries is no more impaired by his ignorance of the underlying RICO pattern than a malpractice plaintiff is thwarted by ignorance of the details of treatment decisions or of prevailing standards of medical practice"); *id*. at 557 ("Nor does Rotella's argument gain strength from the fact that some patterns of racketeering will include fraud, which is generally associated with a different accrual; we have already found the connection between civil RICO and fraud to be an insufficient ground for recognizing a limitations period beyond four years"); *id*. at 1058 ("By tying the start of the limitations period to a plaintiff's reasonable discovery of a pattern rather than to the point of injury or its reasonable discovery, the rule would extend the potential limitations period for most civil RICO cases well beyond the time when a plaintiff's cause of action is complete").

*Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) [ECF 113, at 2], does not support Plaintiff's position either. In *Abbas*, the court held that the plaintiff failed to qualify for equitable tolling by not "articulat[ing] any acts by defendants that prevented [him] from timely commencing suit." 480 F.3d at 642. Here, Plaintiff has failed to allege any act by Delta that prevented Plaintiff

from timely filing a case against Delta. The *Abbas* court also stated that "even if we were to agree with Abbas that he was the victim of 'fraud, misrepresentations or deception,' Abbas has failed to show that any of those circumstances prevented him from timely filing his complaint." *Id*. The same is true here. There is no allegation of any act or omission by Delta which precluded Plaintiff from filing suit before the four-year statute of limitations for a RICO claim had expired.

Similarly, *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318 (2d Cir. 2004) (ECF 113, at 2), is inapposite. There, the court stated that "[e]quitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances," and that "equitable tolling" is "appropriate" where "defendant is responsible for concealing the existence of plaintiff's cause of action . . . ." *Id*. at 322-323. Here, there are zero allegations that Delta did anything to "conceal" the existence of Plaintiff's cause of action.

## II.     PLAINTIFF'S CLAIMS AGAINST DELTA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

In addition to the threshold issue of the statute of limitations, Plaintiff's claims must be dismissed because the SAC fails to state a claim for relief against Delta under either federal or state law. Fed. R. Civ. P. 12(b)(6). ECF 94, at 15-24.

### A.     The SAC Fails to State a Claim under RICO.

Plaintiff's opposition makes clear—there are no specific facts that support any inference of the existence of a RICO Enterprise, let alone a RICO Enterprise involving Delta. Plaintiff's opposition keeps repeating the mantra that Delta acted in league with the other defendants. But as set forth in Delta's motion, Plaintiff cannot pursue a RICO claim against Delta merely because Delta allegedly provided air transportation, ECF 94, at 18-20, and the SAC fails to plead fraud with particularity, *id*. at 21-22. In other words, Delta pointed out that "courts in the Second Circuit

have made clear that providing ordinary but important business services to a RICO enterprise is not itself sufficient to meet the operation or management test." ECF 94, at 19. But Plaintiff ignores these cases and simply falls back on conclusory assertions bereft of any facts. *See* ECF 113, at 4 ("Plaintiff alleges Delta was part of an enterprise that promoted the Black Party through sponsorship, transportation, and enabling" because "Operation or management is a fact question not resolvable on a motion to dismiss."). As this Court has done before, it should reject Plaintiff's attempt to elide basic pleading standards with wholly unsupported and conclusory allegations. *See In re Mexican Government Bonds Antitrust Litigation*, 412 F.Supp.3d 380 (S.D.N.Y. 2019) ("Post-*Twombly* authorities overwhelmingly hold that a complaint that provides no basis to infer the culpability of the specific defendants named in the complaint fails to state a claim.") (collecting cases).

Plaintiff cites *Reves v. Ernst & Young*, 507 U.S. 170 (1993). ECF 113, at 4. In *Reves*, purchases of demand notes from a farmer's cooperative alleged that the cooperative's accountants were liable under RICO. The Court held that accountants hired to perform an audit of the cooperative's records did not "participate in operation or management" of the cooperative's affairs and therefore could not be held liable under RICO for failing to inform the cooperative's board of directors that the cooperative was arguably insolvent. *Id.* at 170. The Court emphasized that the RICO defendant must have "*some* part in directing [the] enterprise's affairs." *Id*. at 179 (emphasis in original). Here, there is zero allegation in the SAC that Delta played any role whatsoever in directing the affairs of any component of Sean Combs' music business or related promotional events.

Plaintiff also asserts that she has met her burden of proof merely by asserting, without any factual support, that Delta was part of a "group" that participated in an unlawful conspiracy. ECF

113, at 4 (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010).  However, *Arista* actually hurts Plaintiff's argument because the court there recognized that "mere 'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action' will not do." *Id.* at 120; *see also id.* at 120-121 (*Iqbal* "rejected as insufficient a pleading that the *Iqbal* Court regarded as entirely conclusory.").

In *Purchase Real Estate Group Inc. v. Jones*, No. 05 Civ. 10859, 2010 WL 3377504 (S.D.N.Y. Aug. 24, 2010), the court granted the defendants' motion to dismiss a RICO claim where the plaintiffs, though they had alleged twenty-two acts of mail and wire fraud, as well as bank fraud and identity fraud, had "offer[ed] little information about the substance of the mail and wire fraud acts and absolutely no information, beyond their own conclusory assertions, about the bank fraud and identity fraud acts." 2010 WL 3377504, at *10. In addition, the court noted, although the complaint named over twenty-five defendants, the plaintiffs had "made only flimsy allegations regarding the involvement of many of these Defendants," and the plaintiffs also "seem[ed] ultimately to [have] allege[d] one overarching scheme, rather than separate schemes. These factors, considered along with the relatively short time span over which the predicate acts allegedly occurred[ about two and a half years], do not suggest a continuous scheme." *Id.*; *see also Cote v. Tennant*, No. 6:09–CV–1273, 2010 WL 1930572, at *4 (N.D.N.Y. May 10, 2010) (complaint failed to state a plausible claim for relief under RICO, where it "allege[d] only a single isolated act with a single victim," and where allegations of additional meetings and mailings "simply reflect[ed] plaintiff's attempt to fragment the single isolated act into a pattern of separate acts"); *Stein v. New York Stair Cushion Co., Inc.*, No. 04–CV–4741, 2006 WL 319300, at *8 (E.D.N.Y. Feb. 10, 2006) (finding that "the racketeering activity alleged here does not constitute the sort of 'long-term criminal conduct' that Congress sought to target in RICO" where plaintiffs

alleged only "a single scheme of narrow scope, including one victim and a limited number of related participants").

**B.**    **Plaintiff Fails to State a Claim Against Delta for Common Law Negligence.**

Plaintiff has failed to support her claim for common law negligence. Plaintiff asserts that "[w]hether Delta's role in transporting Plaintiff and enabling attendance at the event was negligent is a fact issue inappropriate for dismissal." ECF 113, at 4 (citing *Stagl v. Delta Air Lines, Inc.*, 52 F.3d 463 (2d Cir. 1995)). However, Plaintiff cannot avoid dismissal by merely repeating her unsupported allegation that Delta breached some duty owed to Plaintiff.  In the case relied on by Plaintiff – *Stagl* – the plaintiff was an elderly passenger who claims that an unidentified fellow passenger injured plaintiff at the baggage carousel area of an airport. The plaintiff alleged that "Delta did not provide any personnel, or make any cautionary announcement to quell the turmoil; nor did the airline cordon-off a separate area in which elderly and disabled passengers could safely obtain their luggage." *Id*. at 466. The court also stated that "There is no question that Delta, **as an owner or occupier of the premises**, owed a duty to take reasonable steps in maintaining the safety of its baggage retrieval area." *Id*. at 467 (emphasis added).

However, what an airline did nor did not do at its baggage carousel is vastly distinct from what might have transpired at a nightclub visited by the plaintiff after she landed on a Delta plane at a New York airport. There is zero legal or factual basis for claiming that Delta owed some duty of care to Plaintiff when she attended a Sean Combs party.

**C.**    **Plaintiff Fails to Allege a Claim Against Delta for Violation of the GVPL.**

In its opening brief, Delta asserted that Plaintiff failed to allege a claim against Delta for violation of the GVPL. ECF 94, at 23-24. Plaintiff's opposition ignores this argument and therefore has waived any argument for retaining the SAC's Eleventh Cause of Action. *See Carlisle Ventures, Inc. v. Banco Español de Crédito, S.A.*, 176 F.3d 601, 609 (2d Cir. 1999) (holding that, because

the defendant "does not respond to [the plaintiff's contrary] argument in its Reply Brief," the court

should "decline to consider" such a response); *see also Stephens v. 1199 SEIU, AFL-CIO*, 45 F.

Supp. 3d 284, 292 n. 14 (E.D.N.Y. 2014) (same).

>    **D.**    **Plaintiff Fails to State a Claim Against Delta for Negligent Infliction of Emotional Distress.**

Plaintiff contends that her SAC states a claim for negligent infliction of emotional distress

because the SAC "shows Defendant booked a connecting flight leaving Oklahoma on October 16

arriving in New York after 5pm," and that a return flight was booked. ECF 113, at 4. Plaintiff adds

that "Fron the time Plaintiff arrived and departed from New York was less than 24 hours," and she

"had no say in her flight times, connections or other accommodations." ECF 113, at 5. None of

this has anything to do with a claim for negligent infliction of emotional distress.

**III.**    **LEAVE TO AMEND SHOULD NOT BE GRANTED.**

Leave to amend should not be granted as it is clear that Plaintiff has zero predicate for

including Delta in this case. The decision to grant or deny leave to amend under Rule 15(a)(2) is

"within the discretion of the trial court." *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401

U.S. 321, 330 (1971) (citation omitted). The court may deny leave to amend for "good reason,"

which normally involves an analysis of the four factors articulated in *Foman v. Davis*, 371 U.S.

178, 182 (1962): undue delay, bad faith, futility of amendment, or undue prejudice to the opposing

party. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman*,

371 U.S. at 182). "Futility is a determination, as a matter of law, that proposed amendments would

fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure." *Empire Merchs., LLC v. Reliable Churchill LLP*, 902 F.3d 132, 139 (2d Cir. 2018)

(internal quotations and citations omitted).

In requesting permission to file a Third Amended Complaint, Plaintiff cites *Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir.) (ECF 113, at 5). However, *Lorely Fin*. does not support Plaintiff's request for leave to amend. There the court acknowledged that amendment is not authorized "where the request gives no clue as to 'how the complaint's defects would be cured.'" *Id.* at 190 (citation omitted). In addition, Plaintiff already has been given multiple opportunities to amend her Complaint, and has not been able to include a single factual allegation that could result in Delta being liable to Plaintiff. Delta never should have been named as a defendant in this case and to allow yet one more amended complaint would only serve to further prolong the absurdity and frivolity of including Delta in this case in the first place.

For the reasons set forth above and in ECF 94, the Second Amended Complaint and action should be dismissed as against Delta Air Lines, Inc.

Dated: September 17, 2025                         Respectfully submitted,

Nicole Wolfe Stout, Esq.                  /s/ M. Roy Goldberg
STRAWINSKI & STOUT                        M. Roy Goldberg, Esq.
Centrum at Glenridge                      CLARK HILL PLC
780 Johnson Ferry Road NE                 1001 Pennsylvania Avenue, N.W.
Suite 230                                 Suite 1300 South
Atlanta, Georgia 30342                    Washington, D.C. 20004
Tel. (470) 945-0074                       Tel. (202) 552-2388
Fax (404) 264-1450                        Fax (202) 772-0919
Email: nws@strawlaw.com                   Email: rgoldberg@clarkhill.com
(Admitted Pro Hac Vice)                   (Admitted Pro Hac Vice)

                                          Steven M. Richman, Esq.
                                          CLARK HILL PLC
                                          1180 Avenue of the Americas
                                          Suite 1910
                                          New York, NY 10036
                                          Tel. (646) 395-8580
                                          Fax (646) 395-8700
                                          Email: srichman@clarkhill.com

                                          COUNSEL FOR DELTA AIR LINES,
                                          INC.

## <u>CERTIFICATION OF COMPLIANCE</u>

This is to certify that the foregoing Reply Brief was prepared using Times New Roman 12-point font in accordance with this Court's Individual Rules and Practices in Civil Cases Paragraph 5 and Local Civil Rule 11.1, and is within the 10-page limit set forth therein. The word count – 3,135 words – is also under words based on Microsoft Word's program for determining same in compliance with Local Civil Rule 7.1.

By:     <u>*/s/ Roy Goldberg*</u>
        M. Roy Goldberg

11

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 17, 2025 the foregoing Reply Brief was served via the on all counsel of record through the Court's CM/ECF system.

By:     <u>/s/ M. Roy Goldberg</u>
          M. Roy Goldberg

72767\508878\283620780