UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
LATROYA GRAYSON,

                        Plaintiff,

          -against-

SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF, PUFF
DADDY, PUFFY, BROTHER LOVE", BAD BOY
ENTERTAINMENT HOLDINGS, INC., SEAN JOHN
CLOTHING LLC, ATLANTIC RECORDS, MIKE
SAVAS, DELTA AIRLINES, CROBAR NIGHTCLUB
NYC "CROBAR", PENSKE MEDIA CPORPORATION
"PMC", VIBE MAGAZINE "VIBE", PERRY
BROADCASTING AND PUBLISHING "KJAMZ",
BEST BUY CO., INC. "BEST BUY", ROGER SMITH
HOTEL and JOHN AND JANE DOES 1-10,

                        Defendants.
----------------------------------------------------------------------X

Civil Action

Case No. 1:24-cv-09857 (JAV)

---

**MEMORANDUM OF LAW IN REPLY**
**TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF**
**BEST BUY CO., INC.'S MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

Mitchell B. Levine
FISHMAN McINTYRE LEVINE
SAMANSKY P.C.
Attorneys for Defendant
BEST BUY CO., INC.
521 Fifth Avenue, 17th Floor
New York, New York 10175
(212) 461-7190
File No.: BBY-100

<u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF AUTHORITIES ................................................................ iii

PRELIMINARY STATEMENT ............................................................ 1

LEGAL ARGUMENT .......................................................…................ 2

A. Plaintiff is unable to support her RICO cause of action against Best Buy ........... 2

B. Plaintiff failed to oppose Best Buy's motion to dismiss the Eleventh Cause of
   Action of the SAC ..................................................................... 5

C. Plaintiff's causes of action sounding in negligence have no plausible connection to
   Best Buy and also each of the same are time-barred .................................... 6

D. Plaintiff has exhausted her opportunities to further amend her Complaint .......... 7

CONCLUSION ....................................................................…..……… 8

TABLE OF AUTHORITIES

CASES                                                                                                         PAGE

Abadi v. NYU Langone Health Sys., 705 F. Supp. 3d 172 (S.D.N.Y. 2023) ......        3

Anonymous v. Simon, 2014 WL 819122 (S.D.N.Y. Mar. 13, 2014) ..................        7

Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010) ........................        4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ..............................        4

Citizens United v. Schneiderman, 882 F.3d 374 (2d Cir. 2018) ...................        4

Evergreen East Cooperative v. Bottomley Evergreens & Farms, Inc.,
        2021 WL 1163799 (S.D.N.Y. Mar. 26, 2021) ...............................        4

Fahs Const. Grp., Inc. v. Gray, 2012 WL 2873534 (N.D.N.Y. July 12, 2012) ......        7

Hopper v. Banana Republic, LLC, 2008 WL 490613 (S.D.N.Y. Feb. 25, 2008) ...        7

In Mexican Gov't Bond Antitrust Litig., 412 F. Supp. 3d 380 (S.D.N.Y. 2019) ..        3

JBC Holdings NY, LLC v. Pakter, 931 F.Supp.2d 514 (S.D.N.Y. 2013) ..........        4

Martin v. N.Y. State Dept. of Mental Hygiene, 588 F.2d 371 (2d Cir. 1978) .....        6

McKibben v. Credit Lyonnais, 1999 WL 604883 (S.D.N.Y. Aug. 10, 1999) .....        7

Natl. Dev. Co. v. Triad Holding Corp., 930 F.2d 253 (2d Cir. 1991) ..............        6

Prince v. Madison Square Garden, 427 F.Supp.2d 372 (S.D.N.Y. 2006) ..........        4

Schiavone v. Fortune, 477 U.S. 21 (1986) ...........................................        5

Teixeria v. St. Jude Med. S.C., Inc., 193 F. Supp. 3d 218 (W.D.N.Y. 2016) ......        4

## PRELIMINARY STATEMENT

Defendant, Best Buy Co., Inc. (hereinafter referred to as "Best Buy") submits this Memorandum of Law in **reply** to plaintiff's opposition and in further support of its motion for an Order granting Defendant, Best Buy's Motion to Dismiss the Plaintiff's Second Amended Complaint (DE #87) (hereinafter "SAC") pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted; together with such other and further relief as this Court deems just and proper.

Plaintiff's opposition provides nothing which could serve to substantiate any of her conclusory allegations against Best Buy. Plaintiff declares that her case "arises from allegations of sexual assault, intimidation and corporate enabling." Pl. Opp (DE #114), pg. 1. At the very outset, any claim of "intimidation" on the part of Best Buy is belied by the SAC itself – intimidation is only mentioned twice in the SAC – in the Second Cause of Action (against Defendant Combs) and in the Third Cause of Action (against "Defendants Does") – and not once against Best Buy. See DE #87. More so, plaintiff offers nothing in opposition to Best Buy's motion to dismiss which explains how Best Buy allegedly "enabled the events leading to her victimization". Id. Plaintiff's SAC says zero with respect to this allegation against Best Buy.

Plaintiff is seemingly attempting to improperly bootstrap a separately-scheduled and separately held album listening party with the alleged assault – events which occurred on two different dates and at two different locations. Accordingly, plaintiff has offered nothing in opposition by which Best Buy can plausibly be connected to the assault which allegedly occurred on October 16, 2006.

Further, plaintiff's SAC was filed well beyond the expiration of all relevant statutes of limitations, and the GMVPL cannot be retrospectively relied upon by plaintiff – which plaintiff

inherently acknowledges as she fails to put forth opposition with respect to the Eleventh Cause of Action at all.  Accordingly, plaintiff's claims against Best Buy in the SAC are neither "timely" nor "viable".  Pl. Opp, pg. 1.

As such, plaintiff offers nothing other than weak allegations and rank conjecture to base the assertions of her SAC as directed towards Best Buy, and dismissal of the Second Amended Complaint pursuant to F.R.C.P. 12(b)(6) is clearly warranted.

## LEGAL ARGUMENT

**A.**     **Plaintiff is unable to support her RICO cause of action against Best Buy.**

Plaintiff is unable to support the First Cause of Action (RICO violation) as it allegedly relates to Best Buy.  Indeed, plaintiff's opposition brief improperly conflates her timeliness arguments with her substantive RICO arguments.  However, nothing contained in plaintiff's opposition acts to challenge Best Buy's application for dismissal of the First Cause of Action as entirely unsupportable.

For instance, plaintiff contends in her opposition brief that RICO claims accrue when "plaintiff discovers, or should have discovered, the injury".  Pl. Opp, pg. 3.  In light of the fact that the SAC avers that plaintiff realized that she was assaulted (i.e., injured) the very next day – October 17, 2006 (more than 18 years prior to suit) – it is unclear how plaintiff believes her RICO cause of action is timely pled.  DE #87, para. 114 - 118.  Nevertheless, plaintiff's opposition fails to call into question Best Buy's entitlement to dismissal of the First Cause of Action.

Plaintiff points to no purported "new predicate acts" regarding Best Buy.  There are no allegations of "intimidation", "concealment" and/or "misconduct" levied against Best Buy at all within the SAC.  At most, plaintiff attaches to her SAC a publicly available photograph from

2

nearly 20 years ago as a means to lump Best Buy in to the alleged misdeeds of others. Id., para. 84. However, plaintiff conceded that photo is not from the "black party" where plaintiff claims she was assaulted; it is from a different day and different event. Moreover, the "intimidating" phone call plaintiff describes in the SAC was concededly made to plaintiff by a representative of defendant, Combs, not Best Buy. Id., para. 116 – 120. Further, plaintiff failed to set forth any acts or omissions by Best Buy which prevented her from timely filing suit (against any party).

Similarly, plaintiff asserts with no detail whatsoever that her SAC "alleges Best Buy's partnership and participation helped facilitate the event where the assault occurred." Pl. Opp. pg. 4. Plaintiff categorically fails to state what "participation" Best Buy purportedly engaged in at the subject "event" on October 16, 2006. The only evidence of "partnership" which may be apparent in the SAC is the fleeting reference to sponsorship of an album listening party on October 6, 2006 – namely, a separate event (not attended by plaintiff) on a different date and at a different location, with different people. Plaintiff offers no plausible connection between the two.

Additionally, plaintiff's SAC fails to contain critical detail, indeed any detail, as to what Best Buy did or failed to do, and post-Twombly and Iqbal decisions disregard allegations where group defendants are simply lumped together with conclusory allegations that do not specifically address each defendant. See Abadi v. NYU Langone Health Sys., 705 F. Supp. 3d 172, 181 (S.D.N.Y. 2023), reconsideration denied, 714 F. Supp. 3d 387 (S.D.N.Y. 2019) ("we ignore the paragraphs that make allegations against all or some defendants in an undifferentiated manner as a group, including those with conclusory allegations of conspiracy"); In Mexican Gov't Bond Antitrust Litig., 412 F. Supp. 3d 380, 388 (S.D.N.Y. 2019) ("Post-Twombly authorities overwhelmingly hold that a complaint provides no basis to infer the culpability of the specific

defendants named in the complaint fails to state a claim").

Moreover, plaintiff's claim that her allegations are somehow "supported by context" are woefully misplaced. Pl. Opp, pg. 4. Notably, plaintiff's allegations as against Best Buy which are stated merely "on information and belief" must be "accompanied by a statement of the facts upon which the belief is founded." JBC Holdings NY, LLC v. Pakter, 931 F.Supp.2d 514, 526-27 (S.D.N.Y. 2013) (citing Prince v. Madison Square Garden, 427 F.Supp.2d 372, 385 (S.D.N.Y. 2006)). See also, Teixeira v. St. Jude Med. S.C., Inc., 193 F. Supp. 3d 218, 226 (W.D.N.Y. 2016) ("[A]llegations based 'on information and belief' cannot be wholly unsupported.")); C.f., Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-21 (2d Cir. 2010) (finding that allegations made "on information and belief" were plausible where "virtually all of them are supported by factual assertions in the exhibit" attached to the complaint). Notably absent from the SAC are any such statement of facts.

Furthermore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Evergreen East Cooperative v. Bottomley Evergreens & Farms, Inc., 2021 WL 1163799 (S.D.N.Y. Mar. 26, 2021), aff'd sub nom, Evergreen East Cooperative v. Whole Foods Market, Inc., 2023 WL 545075 (2d. Cir. Jan. 27, 2023) (citing Arista, supra at 120; quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Thus, while a plaintiff may make allegations on information and belief, those allegations will be sufficient to support a claim for relief only when the factual matter pled supports a plausible inference of culpability." Id.; see also Citizens United v. Schneiderman, 882 F.3d 374, 384–85 (2d Cir. 2018).

Clearly, here, plaintiff's purported factual allegations against Best Buy are sparse at best. In fact, plaintiff's opposition fails to offer any legal justification for the SAC's lack of particular

acts or omissions of Best Buy.  No reasonable juror could ever equate Best Buy's sponsorship of an album listening party, ten days earlier at a separate location, to part and parcel of a RICO conspiracy.  Indeed, plaintiff's opposition cites to no cases or controlling authority to bolster such a theory.

In sum, plaintiff's generalized claim that Best Buy, in allegedly sponsoring or promoting one or more parties, somehow funded the enterprise that led to plaintiff's assault is far from sufficient to survive a motion to dismiss pursuant to F.R.C.P. 12(b)(6).

**B.**    **Plaintiff failed to oppose Best Buy's motion to dismiss the Eleventh Cause of Action of the SAC.**

Despite Best Buy's application for dismissal of the Eleventh Cause of Action of the SAC (the GMVPL), plaintiff's opposition brief makes no mention of this count at all.  Indeed, plaintiff does not even mention the GMVPL in her opposition papers – not even once!  In fact, plaintiff chose to ignore same.  As such, plaintiff has offered no opposition at all to refute that portion of Best Buy's opening motion seeking to have the Eleventh Cause of Action of the SAC dismissed against Best Buy in its entirety.

Furthermore, plaintiff's Eleventh Cause of Action is untimely and she is not able to rely upon the "relation back" doctrine to revive her GMVPL claims.  As stated in its opening brief, and not plausibly disputed by plaintiff in her opposition, there is no question that Best Buy was not named in plaintiff's original Complaint and was never served with the first Amended Complaint.  Therefore, as to Best Buy, there is no "original pleading" for which the SAC may be said to relate back and so the Eleventh Cause of Action must be dismissed accordingly.

Indeed, as the United States Supreme Court has held, the "linchpin" of the relation-back doctrine "is notice, and **notice within the limitations period**."  Schiavone v. Fortune, 477 U.S.

21, 31 (1986) (emphasis added). Further, it is well-settled that the fact a defendant has notice of a lawsuit does not in any way license a plaintiff to disregard the requirements of service. See Martin v. N.Y. State Dept. of Mental Hygiene, 588 F.2d 371, 373 (2d Cir. 1978) (per curiam) ("A showing that the defendant has had actual notice of the lawsuit is not sufficient to bar a motion to dismiss"); see also Natl. Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void service."), cert. denied sub nom. Khashoggi v. Natl. Dev. Co., 502 U.S. 968 (1991); McKibben v. Credit Lyonnais, 1999 WL 604883, *3 (S.D.N.Y. Aug. 10, 1999) ("It is an established concept of law that actual notice is not curative of faulty service of process.").

Accordingly, plaintiff's outlandish and novel "nonservice" premise notwithstanding (Pl. Opp, pg. 2), and otherwise substantially unopposed, plaintiff's Eleventh Cause of Action must be dismissed as against Best Buy.

**C.   Plaintiff's causes of action sounding in negligence have no plausible connection to Best Buy and also each of the same are time-barred.**

Plaintiff cannot plausibly dispute Best Buy's entitlement to dismissal of the Tenth Cause of Action (Negligence) and the Twelfth Cause of Action (Negligent Infliction of Emotional Distress) of the SAC. As an initial matter, plaintiff utterly fails to offer any opposition to Best Buy's argument that her negligence-based counts were each pled **well beyond** the three-year statute of limitations. Thus, the Tenth and Twelfth Causes of Action are each time barred.

Alternatively, plaintiff has not alleged any plausible facts which could possibly substantialy support these negligence counts as against Best Buy. Contrary to plaintiff's unsupported assertions (Pl. Opp, pg. 4), there is no conceivable basis to contend that "Best Buy sponsored and promoted **events** associated with Combs where plaintiff was assaulted."

6

(emphasis added).  At most, plaintiff <u>might</u> be able to contend that Best Buy sponsored and/or promoted an album listening "event" on October 6, 2006 – ten days prior to the alleged separate "event" where the alleged assault is said to have occurred – and this based only upon a 20-year-old stock, on-line accessible photograph depicting logos on a wall!  See DE #87, para. 84. Where is there any factual basis by which plaintiff can plausibly assert that anyone on behalf of Best Buy was even present at the October 16, 2006 "event"; or that Best Buy served alcohol at said "event"; or that Best Buy assaulted plaintiff at any "event"; etc.?  **There is none!**

Certainly, plaintiff cannot rest "on the mere hope that the discovery process will provide necessary facts to support [her] claim." <u>Fahs Const. Grp., Inc. v. Gray</u>, 2012 WL 2873534, *3 (N.D.N.Y. July 12, 2012).

In sum, conclusory allegations, unsupported by facts, are wildly insufficient to state any claim for negligence on the part of Best Buy, thereby requiring dismissal of the Tenth Cause of Action and the Twelfth Cause of Action of the SAC against Best Buy.  See, e.g., <u>Anonymous v. Simon</u>, 2014 WL 819122, *4 (S.D.N.Y. Mar. 13, 2014) (dismissing claim lacking factual support for allegation that defendant knew of risk to plaintiff); <u>Hopper v. Banana Republic, LLC</u>, 2008 WL 490613, at *2 (S.D.N.Y. Feb. 25, 2008) (dismissing negligence claim containing only speculative and implausible facts concerning the defendants' knowledge).

**D.    <u>Plaintiff has exhausted her opportunities to further amend her Complaint.</u>**

Finally, plaintiff's last-sentence anticipation that the Court will grant "leave to amend" is trifling at best.  Such application for <u>yet</u> <u>another</u> opportunity to replead must be denied.  How many bites at the same apple should plaintiff be permitted?  Quite tellingly, not once does plaintiff's opposition brief refer to the operative pleading as the "Second" Amended Complaint at all.  This Court is well aware that plaintiff has already made **<u>two</u>** amendments to the

7

Complaint!

A third amendment to allow plaintiff to file a fourth complaint to somehow dig up more speculative theories of how a listening party held ten days earlier can purportedly connect Best Buy to a separate event – one where it was not present and had entirely no involvement – would be the true definitions of futile and frivolous. Plaintiff should not be permitted yet another chance to plead these causes of action.

## CONCLUSION

As discussed above and in Best Buy's memorandum of law in support of its Motion to Dismiss, plaintiff's Second Amended Complaint alleges no conduct for which Best Buy can be subject to liability. Plaintiff has failed to state any plausible claim as against Best Buy upon which relief can be granted and virtually all of plaintiff's causes of action against Best Buy are time barred.

In light of the foregoing, it is respectfully requested that the court grant Defendant, Best Buy Co., Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted; together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
     September 18, 2025

                      FISHMAN McINTYRE LEVINE
                      SAMANSKY P.C.

By:     Mitchell B. Levine
          Attorneys for Defendant
          BEST BUY CO., INC.
          521 Fifth Avenue, 17th Floor
          New York, New York 10175
          (212) 461-7190
          File No.: BBY-100

TO:   THE LAW OFFICE OF
ARIEL E. MITCHELL, P.A.
Attorneys for Plaintiff
500 NW 2nd Avenue, #12864
Miami, FL 33103
(305) 903-5835

METCALF & METCALF
Attorneys for Plaintiff
99 Park Avenue, Suite 110
New York, NY 10004
(646) 253-0514

SHER TREMONTE LLP
Attorneys for Defendants
SEAN COMBS, BAD BOY ENTERTAINMENT
HOLDINGS, INC. and SEAN JOHN CLOTHING LLC
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600

CLARK HILL PLC
Attorneys for Defendant
DELTA AIR LINES, INC.
s/h/a "DELTA AIRLINES"
1180 Avenue of the Americas, Suite 1910
New York, NY 10036
(646) 395-8580

*No appearance to date*:
ATLANTIC RECORDS
MIKE SAVAS
CROBAR NIGHTCLUB NYC
PENSKE MEDIA CPORPORATION
VIBE MAGAZINE
PERRY BROADCASTING AND PUBLISHING
ROGER SMITH HOTEL

## CERTIFICATION OF COMPLIANCE

This is to certify that the foregoing Reply Brief was prepared using Times New Roman 12-point font in accordance with this Court's Individual Rules and Practices in Civil Case Paragraph 5 and Local Civil Rule 11.1, and is within the 10-page limit set forth therein. The word count – 2,364 words – is under words based on Microsoft Word's program for determining same in compliance with Local Civil Rule 7.1.

By: _____
Mitchell B. Levine

10