**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LATROYA GRAYSON,

                    Plaintiff,

      -against-

SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF,
PUFF DADDY, PUFFY, BROTHER LOVE", BAD
BOY ENTERTAINMENT HOLDINGS, INC.,
SEAN JOHN CLOTHING LLC., ATLANTIC
RECORDS, MIKE SAVAS, DELTA AIRLINES,
CROBAR NIGHTCLUB NYC ("CROBAR,"),
PENSKE MEDIA CORPORATION "PMC," VIBE
MAGAZINE "VIBE," PERRY BROADCASTING
AND PUBLISHING "KJAMZ," BEST BUY CO.,
INC. "BEST BUY," ROGER SMITH HOTEL, and
JOHN AND JANE DOES 1-10,

                    Defendants.

Civil Case No. 24-CV-9857 (JAV)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF SEAN COMBS, BAD BOY ENTERTAINMENT HOLDINGS, INC., AND SEAN JOHN CLOTHING LLC's MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Bad*
*Boy Entertainment Holdings, Inc., and*
*Sean John Clothing LLC*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES.................................................................................................ii

PRELIMINARY STATEMENT.......................................................................................... 1

ARGUMENT ....................................................................................................................... 2

     I.     PLAINTIFF'S CLAIMS ARE TIME-BARRED.................................................... 2

          A.     Plaintiff Concedes That the Limitation Periods for Her Claims Have Passed ................................................................................................ 2

          B.     Duress Tolling Does Not Apply ................................................................. 2

          C.     Equitable Estoppel Does Not Apply ........................................................... 3

          D.     The VGMPVL Claim is Time-Barred Because the Revival Provision Is Preempted ........................................................................... 5

          E.     There Can Be No VGMPVL Claim Against Alleged Abettors Mr. Combs, BBE, or SJC ................................................................................ 6

     II.     THE SAC FAILS TO PLAUSIBLY STATE ANY CLAIMS ................................ 7

          A.     The Allegations are Impermissibly Speculative ......................................... 7

          B.     Plaintiff Fails to State a RICO Claim ........................................................ 7

          C.     Plaintiff Fails to State an Assault or Battery Claim .................................... 8

          D.     Plaintiff Fails to State Negligence or Negligent Supervision Claims......... 9

          E.     NIED Claim Is Duplicative........................................................................ 10

     III.     THE SAC SHOULD BE DISMISSED WITH PREJUDICE .............................. 10

CONCLUSION...................................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbas v. Dixon*,
480 F.3d 636 (2d Cir. 2007) ...................................................... 5

*Arista Records, LLC v. Doe*,
604 F. 3d 110 (2d Cir. 2010) .................................................... 8

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007) ...................................................... 7

*Bell Atl. v. Twombly*,
550 U.S. 544 (2007).................................................................. 7

*Bellino v. Tallarico*,
No. 24-CV-0712, 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024)........ 6

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
69 F. Supp. 3d 342 (S.D.N.Y. 2014) ........................................ 8

*Cruz v. New York*,
24 F. Supp. 3d 299 (W.D.N.Y. 2014) ...................................... 9

*Doe v. Poly Prep Country Day School*,
No. 20-CV-04718 (DG), 2022 WL 4586237 (E.D.N.Y. Sep. 29, 2022) ................... 9

*Ellis v. Chao*,
336 F.3d 114 (2d Cir. 2003) .................................................... 10

*Forman v. Davis*,
371 U.S. 178 (1962).................................................................. 10

*Geiss v. Weinstein Co. Holdings LLC*,
383 F. Supp. 3d 156 (S.D.N.Y. 2019) .................................... 3, 8

*Gilmore v. Combs*,
No. 24-CV-8440 (JPO), 2025 WL 1425326 (S.D.N.Y. May 16, 2025) ..............3, 11

*Klehr v. A.O. Smith Corp.*,
521 U.S. 179 (1997).................................................................. 4

*Lorick v. Kowlessar*,
No. 24-CV-08917 (JAV), 2025 WL 2463510 (S.D.N.Y. Aug. 27, 2025)................11

*Lucente v. Int'l Bus. Machs. Corp.*,
310 F.3d 243 (2d Cir. 2002) ........................................................................ 10

*Mahn v. Allegis Grp., Inc.*,
No. 24-CV-8326 (GHW), 2025 WL 1504812 (S.D.N.Y. May 24, 2025) .............................. 10

*Nance v. New York Pub. Interest Rsch. Grp. Fund, Inc.*,
No. 1:23-CV-3030 (MKV), 2025 WL 965883 (S.D.N.Y. Mar. 31, 2025) .............................. 7

*Overall v. Klotz*,
52 F.3d 398 (2d Cir. 1995) ........................................................................... 3

*Parker v. Alexander*,
No. 24-CV-4813, 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) .................................. 6

*Patel v. City of New York*,
No. 24-CV-7428 (JAV), 2025 WL 2390852 (S.D.N.Y. Aug. 18, 2025)............................. 9

*Rivers v. Combs*,
No. 25-CV-1726 (JSR), 2025 WL 2414117 (S.D.N.Y. Aug. 19, 2025) ..................... 3, 4, 5, 11

*Rotella v. Wood*,
528 U.S. 549 (2000)............................................................................. 4, 5

*S.S. v. Rockefeller Univ. Hosp.*,
239 A.D.3d 424 (1st Dep't June 3, 2025) .......................................................... 6

*Sibley v. Watches*,
460 F. Supp. 3d 302 (W.D.N.Y. 2020) ............................................................ 4

*Simcuski v. Saeli*,
44 N.Y.2d 442 (1978)............................................................................... 5

*Veltri v. Bldg. Serv. 32B-J Pension Fund*,
393 F.3d 318 (2d Cir. 2004) ...................................................................... 5

The Combs Defendants[1] respectfully submit this reply brief in further support of their motion to dismiss the SAC (ECF Nos. 99-101) and in response to Plaintiff Latroya Grayson's opposition brief (ECF No. 112, the "Opposition" or "Opp.").

## PRELIMINARY STATEMENT

Plaintiff's Opposition does not seriously grapple with the fundamental pleading flaws identified in the Combs Defendants' opening brief.  Chief among those flaws is the facial time-bars precluding this case, and the SAC's failure to allege any facts about what happened to Plaintiff on the day in question nearly twenty years ago, or any conduct by any Combs Defendant directed to her at any point in time.  Indeed, she admits that ***she has absolutely no memory of what happened to her*** during the party she attended in 2006.  She accuses Mr. Combs of assaulting her "either directly or indirectly through his agents and/or assigns" based on nothing more than the contention Mr. Combs hosted the party, and the (implausible) allegation that she subsequently received an anonymous phone call from someone referencing Combs being a celebrity.  Such speculative, vague, and conclusory allegations fail to plead any cause of action.

Plaintiff's claims are also time-barred.  In the Opposition, Plaintiff concedes the limitation periods on her claims have run, but argues the periods were tolled and that her VGMVPL claim is saved by the VGMVPL Revival Provision.  Plaintiff is wrong on both fronts.  First, tolling requires, *inter alia*, that the plaintiff identify specific instances of ongoing duress or specific, affirmative conduct by the defendant that prevented the plaintiff from filing suit in a timely manner.  Plaintiff – whose tolling argument is premised exclusively on the allegation that an anonymous caller purportedly told her in 2006 that pursuing claims would be futile because Mr. Combs was a "celebrity"– has not come close to pleading such facts.  Second, the

---

[1] Capitalized terms have the same meaning as in the opening brief (ECF No. 101 ("MOL")).

VGMPVL's Revival Provision does not revive Plaintiff's claim because it is preempted by New York State law.  Furthermore, a VGMPVL claim against alleged abettors (like the Combs Defendants here) based on pre-2022 conduct cannot stand because the VGMPVL did not apply to alleged abettors prior to 2022, and the amendment expanding its scope does not apply retroactively.  Plaintiff's Opposition fails to address this dispositive point.

Every COA in the SAC is insufficiently pled and time-barred.  Because Plaintiff has been afforded multiple opportunities to plead her claims and has not identified any additional fact that could possibly be alleged to salvage her deficient complaint, the SAC should be dismissed with prejudice.

<u>**ARGUMENT**</u>

## I.    **PLAINTIFF'S CLAIMS ARE TIME-BARRED**

All seven COAs against the Combs Defendants are time-barred and Plaintiff has not come close to demonstrating that any limitations period was tolled.

### A.    **Plaintiff Concedes That the Limitation Periods for Her Claims Have Passed**

Plaintiff does not dispute that the statutes of limitations for her claims have all passed. *See* Opp. at 2-5.  Nor could she.  The statutes of limitations for her claims are: four years for RICO, one year for assault and battery, three years for negligence and negligent hiring, and seven years for the VGMPVL claim.  *See* MOL at 5-6.  Because Plaintiff alleges she was assaulted in 2006, all of her claims expired by 2013.  Contrary to Plaintiff's contention, no tolling doctrine or revival provision saves these claims.

### B.    **Duress Tolling Does Not Apply**

Nothing alleged in the SAC comes close to a showing of duress under New York law. Plaintiff's duress argument is premised exclusively on the allegation that she received a single phone call in 2006 from an anonymous caller who told her she would "just be wasting her time"

2

if she "pursue[d] anything" because Mr. Combs was a "celebrity." SAC ¶ 117. None of Plaintiff's COAs involve duress as an element of the claim, nor does this allegation constitute a "threat" or use of "force" by any Defendant. *See Overall v. Klotz*, 52 F.3d 398, 404 (2d Cir. 1995). Moreover, Plaintiff does not allege ever receiving any message or threat, of any kind, from anyone, in the eighteen years thereafter. Plaintiff therefore fails to show she was under duress. *See Gilmore v. Combs*, No. 24-CV-8440 (JPO), 2025 WL 1425326, at *4 (S.D.N.Y. May 16, 2025) (duress tolling did not apply because plaintiff did not identify "specific instances that would constitute ongoing duress," or any actual threats to the plaintiff by the defendant); *Rivers v. Combs*, No. 25-CV-1726 (JSR), 2025 WL 2414117 at *6 (S.D.N.Y. Aug. 19, 2025) (same). Just like the plaintiffs in *Gilmore* and *Rivers*, Plaintiff does not "specifically allege that [Mr.] Combs employed any threats or force, much less the *continuous* threats or force that would warrant duress tolling." *Rivers,* 2025 WL 2414117 at *6 (emphasis in original); *see also Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 175 (S.D.N.Y. 2019) (duress tolling requires "a course of conduct involving threats or force that continued without interruption").

Nor can a generalized purported fear of retaliation support duress tolling. *See* Opp. at 3. Any "general fear of retaliation" Plaintiff claims she had that may have "prevented her from speaking out against Mr. Combs" is insufficient because "general claims of psychological stress cannot give rise to duress tolling, even when allegedly caused by a defendant." *Rivers*, 2025 WL 2414117 at *6 (cleaned up). Moreover, Plaintiff does not even claim she was afraid of actual retaliation; rather, she only states that she assumed efforts to pursue a claim against Mr. Combs would have been "futile." Opp. at 3. This is not duress. *See Overall*, 52 F.3d at 404.

### C.    Equitable Estoppel Does Not Apply

The "doctrine of equitable estoppel applies where a plaintiff 'is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on

deception, fraud[,] or misrepresentations by the defendant.'" *Rivers*, 2025 WL 2414117 at *5 (citation omitted). Plaintiff does not identify, in either the SAC or the Opposition, any act of deception, fraud, or misrepresentation by any Combs Defendant, let alone any reasonable reliance by her on any such act that prevented her from filing suit for nearly twenty years. To the contrary, Plaintiff pleads that in 2006 she was aware of her purported injury. SAC ¶ 106. Moreover, her bases for alleging Mr. Combs "directly or indirectly" caused any injury – that is, the purported phone call from an anonymous caller – was also known to her at that time. *Id.* ¶¶ 116-124.

In her Opposition, Plaintiff argues the statute of limitations on her RICO claim should be equitably tolled because she could not have discovered that the Combs Defendants' behavior was part of a 'pattern' until different plaintiffs filed complaints against Mr. Combs beginning in 2023. Opp. at 5. This is not alleged in her SAC and Plaintiff cannot amend her pleading through her Opposition. *Sibley v. Watches*, 460 F. Supp. 3d 302, 317 (W.D.N.Y. 2020). Even if she could, such allegations would not help. The Supreme Court has explicitly held that a RICO claim begins to accrue as soon as the injury is discovered, ***not*** when the alleged pattern of racketeering is discovered. *See Rotella v. Wood*, 528 U.S. 549, 554 (2000) (resolving Circuit split, by endorsing the "injury discovery rule" and ***rejecting*** "the injury and pattern discovery rule"). Plaintiff selectively quotes the "injury and pattern discovery rule" (Opp. at 3-4) from the Supreme Court's earlier decision *Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997), however that rule was ***not*** endorsed by the Supreme Court in *Klehr*, *see id.* at 192, and was explicitly ***rejected***

three years later in *Rotella*. *See Rotella*, 528 U.S. at 554 ("Today, . . . we eliminate the [injury and pattern discovery rule].").  Simply put, Plaintiff misstates the law.[2]

The other cases Plaintiff cites only underscore why equitable estoppel does not apply here.  In *Simcuski v. Saeli*, 44 N.Y.2d 442 (1978), a medical malpractice action, the doctrine applied because the plaintiff alleged that the defendant doctor intentionally concealed her injury and "falsely assured her of effective treatment"—assurances she reasonably relied upon.  *See id.* at 448-49.  Nothing resembling active concealment or reliance is alleged in the SAC.  In *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318 (2d Cir. 2004), the Second Circuit made clear that a plaintiff who had "actual knowledge of her right to sue" the defendant, but did not until after the limitations period had passed, "may not rely on equitable tolling."  *See id.* at 326.  Similarly, in *Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007), the court declined to find equitable tolling because plaintiff failed to "articulate[] any acts by defendants that prevented [him] from timely commencing suit."  *Id.* at 642.  This is exactly the case here: Plaintiff has not articulated anything the Combs Defendants did to prevent her from pursuing this action years earlier.

### D.    The VGMPVL Claim is Time-Barred Because the Revival Provision Is Preempted

Plaintiff does not substantively address the argument that her expired VGMPVL claim is not saved by the VGMPVL Revival Provision because it is preempted by the CVA and ASA.  She merely dismisses the point as "premature" because district court judges have reached different conclusions about preemption.  Opp. at 5.  Nothing precludes this Court from engaging

---

[2] Moreover, as Judge Rakoff recently observed when this same argument was made by a different litigant, Plaintiff's argument (in addition to being based on an incorrect statement of law) is also "self-defeating": the "fact that a similarly situated individual was able to obtain information that [Plaintiff] claims was unavailable shows that [Plaintiff] could have obtained that information as well."  *Rivers*, 2025 WL 2414117 at *5-6 (rejecting equitable tolling where plaintiff claimed she could not have sued Mr. Combs until Ms. Ventura filed her claims in 2023).

with the preemption argument as this Court's colleagues have done, and from concluding, as Judge Kaplan has (twice), that the CVA and ASA preempt the VGMPVL Revival Provision. This is because the ASA and CVA created limited revival windows for "every civil claim or cause of action" for sexual offenses; those windows were explicitly intended to apply "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary," and yet the VGMPVL Revival Provision purports to provide a period of limitation to the contrary. *See Parker v. Alexander*, No. 24-CV-4813, 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) and *Bellino v. Tallarico*, No. 24-CV-0712, 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024). Plaintiff's passing observation that another judge has rejected this argument—without even attempting to grapple with the flaws in that court's reasoning identified by Judge Kaplan and described in the MOL (at 10 n.8)— functionally concedes the point.

> ### E. There Can Be No VGMPVL Claim Against Alleged Abettors Mr. Combs, BBE, or SJC

Even if the VGMVPL revival provision was not preempted by New York State law, it would only have limited application. First, it would not apply to any non-VGMVPL claims. *See S.S. v. Rockefeller Univ. Hosp.*, 239 A.D.3d 424, 426 (1st Dep't June 3, 2025).

Second, the First Department recently held that the Abettor Provision in the VGMPVL, added by the New York City legislature in 2022, which extends liability for gender motivated violence to "any party who 'directs, enables, participates in, or conspires in[']" a crime of violence, ***does not apply retroactively***. *S.S. v. Rockefeller Univ. Hosp.*, 239 A.D.3d at 426 (quoting Administrative Code § 10-1104) (dismissing entity defendant in case involving conduct predating 2022). Thus, Plaintiff's VGMVPL claim necessarily fails as against the entity defendants, BBE and SJC, and as against Mr. Combs who is alleged to have violated the VGMPVL "either directly or indirectly." Plaintiff fails to address this dispositive argument at

all, and thus concedes it. *See, e.g.*, *Nance v. New York Pub. Interest Rsch. Grp. Fund, Inc.*, No. 1:23-CV-3030 (MKV), 2025 WL 965883, at *6 (S.D.N.Y. Mar. 31, 2025) ("It is well established that a 'plaintiff effectively concedes a defendant's argument by his failure to respond to them.'") (collecting cases).

## II.    THE SAC FAILS TO PLAUSIBLY STATE ANY CLAIMS

### A.    The Allegations are Impermissibly Speculative

The MOL demonstrated that the SAC lacks any non-speculative factual allegations and thereby fails to meet federal pleading requirements. *See* MOL § II(A). In response, again, Plaintiff fails to substantively engage with the argument and instead simply asserts: "At this stage, Plaintiff need only plead facts giving rise to a plausible inference of liability." Opp. at 5. There are no such facts in her SAC. In order "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief *above the speculative level*.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)) (emphasis added). Plaintiff has not done so here. As noted, Plaintiff concedes **she has absolutely no memory of what happened to her** during the period she assumes she was assaulted. Plaintiff's claims fail on their face. *See* MOL § II(A).

### B.    Plaintiff Fails to State a RICO Claim

In the MOL, the Combs Defendants demonstrated why Plaintiff's incoherent, conclusory, and vague RICO allegations fail to plead the existence of an enterprise, a pattern of racketeering, or Plaintiff's standing to assert such claim. *See* MOL § II(B). Plaintiff does not seriously contest she fails to plead facts supporting these essential elements. Instead, she argues she does not have to, claiming conclusory "allegations of coordinated conduct between corporate sponsors and

individuals suffice at the pleading stage." Opp. at 6. That is wrong as a matter of law[3]: the "conclusory naming of a string of entities does not adequately allege an enterprise." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 360 (S.D.N.Y. 2014). The complaint must allege a "hierarchy, organization, and activities" sufficient to show that the "members functioned as a unit." *Id.* The SAC does not contain any of these elements. Nor does the SAC allege any coordinated conduct other than in the most conclusory terms. *See*, *e.g.*, SAC ¶¶ 144, 173-185. Furthermore, Plaintiff fails to plead the existence of a common "purpose," as she must. *See* MOL at 22-23. And she has not pled a single "predicate act," as required to show that there was a "pattern of racketeering." *See id.* at 23.

Finally, Plaintiff has no standing to bring a RICO claim because she has not alleged any damage to her "business or property." As Plaintiff acknowledges, the only injuries alleged in the SAC are for "economic harms following from the [alleged] assault." Opp. at 6. In other words, Plaintiff's only alleged injuries are "personal injuries" and "the economic consequences of personal injuries," which courts have held is insufficient for RICO standing. *Geiss*, 383 F. Supp. 3d at 170; MOL § II(B)(3).

### C.    Plaintiff Fails to State an Assault or Battery Claim

As explained in the MOL, Plaintiff has not stated an assault or battery claim against any Combs Defendant. *See* MOL § II(A). In the Opposition, Plaintiff asserts, without any citation, that because she alleges that "she was drugged, lost consciousness, and awoke injured," she has stated a valid claim against the Combs Defendants. Opp. at 6. Nowhere in the SAC, does she

---

[3] The case Plaintiff cites in support, *Arista Records, LLC v. Doe*, 604 F. 3d 110 (2d Cir. 2010), does not hold otherwise. In that case (for copyright infringement), the complaint (in stark contrast to the SAC) identified specific acts of infringement "on a Defendant-by-Defendant basis." *Id*. at 121.

allege who assaulted her or how.  She simply assumes she was assaulted by Mr. Combs "either directly or indirectly" based on pure speculation.  *See* SAC ¶ 187.  An "assertion in [a] [c]omplaint [that] is based on speculation as to what could have occurred" is not sufficient to "plead facts" for purposes of withstanding a motion to dismiss.  *Patel v. City of New York*, No. 24-CV-7428 (JAV), 2025 WL 2390852, at *5 & *5 n.1 (S.D.N.Y. Aug. 18, 2025) (J. Vargas) (holding equivocal and speculative allegation in complaint was insufficient to defeat motion to dismiss).

### D.    Plaintiff Fails to State Negligence or Negligent Supervision Claims

The SAC does not plead facts giving rise to a plausible inference that the Combs Defendants owed Plaintiff a duty of care that was breached.  *See* MOL § II(C).  Nowhere in the SAC is any employee of the Combs Defendants even identified as a wrongdoer beyond the wholly speculative, inconsistent, and ambiguous allegation that "Combs, either directly or indirectly through his agents and/or assigns" engaged in a potential assault.  SAC ¶ 187.

Including because no perpetrator is identified, the SAC also fails to plead that any Combs Defendant was on notice of any perpetrator's propensity to commit assault, which is necessary for a negligent hiring or supervision claim.  Plaintiff argues notice "is a factual issue" which cannot be decided on a motion to dismiss.  Opp. at 6.  Plaintiff misstates the law.  Even at the pleading stage, a plaintiff must make non-conclusory allegations of notice in order to state a negligent hiring or supervision claim.  *See*, *e.g.*, *Cruz v. New York*, 24 F. Supp. 3d 299, 311 (W.D.N.Y. 2014) (dismissing negligent hiring, training, and retentions claims where, *inter alia*, allegations of notice were "conclusory and unsupported by any factual allegations"); *Doe v. Poly Prep Country Day School*, No. 20-CV-04718 (DG), 2022 WL 4586237, at *8 (E.D.N.Y. Sep. 29, 2022) (collecting cases).

### E.    NIED Claim Is Duplicative

Plaintiff argues that "NIED is not barred where emotional distress is a distinct harm," Opp. at 6, but here the emotional distress Plaintiff claims to have suffered directly overlaps with the emotional distress she is claiming as part of her (patently insufficient) assault/battery claim. *Compare* SAC ¶ 193 *with* SAC ¶¶ 304-309.  Under such circumstances, Plaintiff's NIED claim fails.  *See*, *e.g.*, *Mahn v. Allegis Grp., Inc.*, No. 24-CV-8326 (GHW), 2025 WL 1504812, at *17 (S.D.N.Y. May 24, 2025) (dismissing NIED as duplicative of other torts).

## III.    THE SAC SHOULD BE DISMISSED WITH PREJUDICE

"[I]t is well established that leave to amend a complaint need not be granted where amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)."

Plaintiff has had three chances to plead her claims in this case.  *See* ECF Nos. 1 (Dec. 20, 2024 Complaint), 10 (Feb. 26, 2025 Amended Complaint), 87 (July 20, 2025 SAC).  Plaintiff filed the SAC after the Combs Defendants had already filed a motion to dismiss the Amended Complaint.  *See* ECF Nos. 84-86.  That motion raised substantially the same arguments as raised in the instant motion. *See* ECF No. 86.  Thus, Plaintiff was made aware of the numerous deficiencies in her claims before she filed the SAC.  Nevertheless, Plaintiff did not cure any of those pleading deficiencies when she filed the SAC (because she cannot).  Granting Plaintiff leave to amend yet again would be futile, and the Court should deny such relief.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962) ("repeated failure to cure deficiencies by amendments [to complaint] previously allowed" justifies denying leave to amend).

Courts in this district have recently denied plaintiffs leave to amend their complaints against Mr. Combs under similar circumstances. *See Rivers*, 2025 WL 2414117 at *7-8 ("granting leave to amend would be both futile and unduly prejudicial," where there was no "basis for the Court to plausibly infer that [the plaintiff] could amend the Complaint to allege that any of her causes of action accrued within the relevant limitations periods," or that any valid tolling reasons existed, and where the "moving defendants [had] already expended substantial resources in responding to [the plaintiff]'s Complaint"); *Gilmore*, 2025 WL 1425326, at *4 (similar); *see also Lorick v. Kowlessar*, No. 24-CV-08917 (JAV), 2025 WL 2463510, at *1 (S.D.N.Y. Aug. 27, 2025) (J. Vargas) (denying pro se plaintiff leave to amend complaint where "amendment would be futile because the problem with the claim was substantive and better pleading would not cure it" (cleaned up)).

The Court warned Plaintiff twice that "there will likely not be any further opportunity to amend the complaint to address issues raised by the motions to dismiss." ECF Nos. 82 and 89. Plaintiff has not heeded those warnings. The SAC should therefore be dismissed with prejudice.

## <u>CONCLUSION</u>

For the reasons set forth above and in the MOL, the Combs Defendants respectfully ask the Court to dismiss the SAC in its entirety with prejudice.[4]

Dated: New York, New York
      September 18, 2025

                      Respectfully submitted,

                        */s/ Erica Wolff*

                      Erica A. Wolff

---

[4] Plaintiff complains the Combs Defendants did not follow this Court's Individual Rules because the MOL exceeded 25 pages. Opp. at 1-2. This argument is frivolous. The Court's Individual Rules set a word limit (of 8,750 words for opening memoranda of law), not a page limit. *See JAV Vargas Individual Rules and Practices in Civil Cases MAY 2025_0.pdf*, Rule 5(A). The MOL complied with that limit.

Michael Tremonte
Raphael A. Friedman
Michael Bass
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
ewolff@shertremonte.com
mtremonte@shertremonte.com
rfriedman@shertremonte.com
mbass@shertremonte.com

*Attorneys for Defendants Sean
Combs, Bad Boy Entertainment
Holdings, Inc., and Sean John
Clothing LLC*

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 3,500 word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") and in Rule 5(A) of the Individual Rules and Practices in Civil Cases of the Hon. Jeannette A. Vargas (the "Individual Rules"). The foregoing brief contains 3,497 words, excluding those portions of the brief excluded from the count by Local Rule 7.1(c) and Individual Rule 5(A), according to the Word Count feature on Microsoft Word.

Dated:  September 18, 2025
          New York, New York

                                        */s/  Erica A. Wolff*

                                        Erica A. Wolff