**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LATROYA GRAYSON,

                *Plaintiff*,

    -against-

SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF,
PUFF DADDY, PUFFY, BROTHER LOVE", BAD
BOY ENTERTAINMENT HOLDINGS, INC., SEAN
JOHN CLOTHING LLC., ATLANTIC RECORDS,
MIKE SAVAS, DELTA AIRLINES, CROBAR
NIGHTCLUB NYC "CROBAR," PENSKE MEDIA
CORPORATION "PMC," VIBE MAGAZINE "VIBE,"
PERRY BROADCASTING AND PUBLISHING,
"KJAMZ," BEST BUY CO., INC. "BEST BUY,"
ROGER SMITH HOTEL and JOHN AND JANE
DOES 1-10,

                *Defendants*.

Case No.: 1:24-cv-09857-JAV

<u>**ORAL ARGUMENT**</u>
<u>**REQUESTED**</u>

---

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ATLANTIC RECORDING**</u>
<u>**CORPORATION'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**</u>

**PRYOR CASHMAN LLP**
    Donald S. Zakarin
    William L. Charron
    Nicholas G. Saady
    Nathaniel H. Kazlow
7 Times Square
New York, NY 10036
Tel.: (212) 421-4100
Fax: (212) 798-6307

*Attorneys for Atlantic Recording*
*Corporation*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... iii

PRELIMINARY STATEMENT ...................................................................... 1

RELEVANT FACTS .................................................................................. 5

STANDARD OF REVIEW ........................................................................... 6

ARGUMENT ............................................................................................ 7

   I.   PLAINTIFF FAILED TO PROPERLY SERVE PROCESS IN VIOLATION OF RULE 4(m) ................................................................................................... 7

   II.  PLAINTIFF'S CLAIMS AGAINST ATLANTIC ARE TIME-BARRED ...................... 8

      A.  Plaintiff's RICO Claim (First Cause of Action) Is Time-Barred .................................. 8

      B.  Plaintiff's Claims for Negligent Hiring, Training, Supervision, and Retention (Sixth Cause of Action), Negligence (Tenth Cause of Action), and Negligent Infliction of Emotional Distress (Twelfth Cause of Action) Are Time-Barred ................................ 9

      C.  Plaintiff's GMVPA Claim (Eleventh Cause of Action) Is Time-Barred and Any Purported Revival Is Preempted ...................................................................... 10

          i.   The CVA and ASA Occupy the Field of Revival of Sexual Offense Claims ........ 11

          ii.  The GMVPA Revival Provision Conflicts with the CVA and ASA .................... 11

      D.  No Tolling Doctrine Applies to Save the Time-Barred Claims ................................... 12

   III. PLAINTFF'S CLAIMS AGAINST ATLANTIC RELY ON IMPROPER GROUP PLEADING AND SHOULD BE DISMISSED ............................................................. 12

   IV. PLAINTIFF FAILS TO STATE ANY CLAIM FOR RELIEF AGAINST ATLANTIC. 14

      A.  Plaintiff Fails to State a RICO Claim Against Atlantic ............................................ 14

          i.   Plaintiff Fails to Allege Two or More Predicate Acts of Racketeering Activity ... 15

          ii.  Plaintiff Fails to Allege a Continuous Pattern of Racketeering Activity .............. 16

          iii. Plaintiff Fails to Allege an Enterprise ................................................................. 16

          iv. Plaintiff Fails to Allege "Operation and Management" of the Enterprise ............. 17

v.   Plaintiff Fails to Allege Loss Causation .................................................................18

B.  Plaintiff's Causes of Action for Negligence, Negligent Hiring, Training, Supervision, and Retention, and Negligent Infliction of Emotional Distress Are Insufficiently Pled ........................................................................................................................................19

C.  Plaintiff's GMVPA Claim Fails..............................................................................20

V. PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO REPLEAD ...................................22

CONCLUSION....................................................................................................................22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*4 K & D Corp. v. Concierge Auctions, LLC*,
  2 F. Supp. 3d 525 (S.D.N.Y. 2014) .......................................................................18

*Achtman v. Kirby, McInerney & Squire, LLP*,
  464 F.3d 328 (2d Cir. 2006).................................................................................7

*Adams v. Jenkins*,
  No. 115745/03, 2005 WL 6584554 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005)..............................21

*AJ Energy LLC v. Woori Bank*,
  No. 18-CV-3735 (JMF), 2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019) .................................7

*Anza v. Ideal Steel Supply Corp.*,
  547 U.S. 451 (2006).........................................................................................18

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................................7, 17

*Atuahene v. City of Hartford*,
  10 F. App'x 33 (2d Cir. 2001) .............................................................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................................17

*Bellino v. Tallarico*,
  24-CV-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024)................................10, 11

*Bellino v. Tallarico*,
  No. 24-CV-00712, ECF No. 28 (S.D.N.Y. Apr. 26, 2024) ...........................................21

*Bensky v. Indyke*,
  24-CV-1204 (AS), 2024 WL 3676819 (S.D.N.Y. Aug. 5, 2024)...........................................21

*Calamari v. Panos*,
  131 A.D.3d 1088 (2d Dep't 2015)........................................................................10

*Cedar Swamp Holdings, Inc. v. Zaman*,
  487 F. Supp. 2d 444 (S.D.N.Y. 2007)....................................................................16

*Collins v. Pearson Educ., Inc.*,
  721 F. Supp. 3d 274 (S.D.N.Y. 2024)....................................................................13

*Continental Kraft Corp. v. Euro-Asia Dev. Grp., Inc.*,
    No. 97-CV-0619, 1997 WL 642350 (E.D.N.Y. Sept. 8, 1997) .............................................15

*Davis v. YMCA of USA*,
    228 N.Y.S.3d 161 (1st Dep't 2025) ..................................................................................20

*Doe v. Alsaud*,
    12 F. Supp. 3d 674 (S.D.N.Y. 2014).................................................................................20

*Doe v. Combs*,
    23-CV-10628, 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024) ..............................................21

*Dubinsky v. Alperstein*,
    No. 24-CV-10007 (VSB), 2025 WL 1144726 (S.D.N.Y. Apr. 17, 2025) ...............................8

*FD Prop. Holding, Inc. v. US Traffic Corp.*,
    206 F. Supp. 2d 362 (E.D.N.Y. 2002) ..............................................................................16

*FindTheBest.com, Inc. v. Lumen View Tech. LLC*,
    20 F. Supp. 3d 451 (S.D.N.Y. 2014).................................................................................18

*Forest Park Pictures v. Universal Television Network, Inc.*,
    683 F.3d 424 (2d Cir. 2012)...............................................................................................7

*Geiss v. Weinstein Co. Holdings LLC*,
    383 F. Supp. 3d 156 (S.D.N.Y. 2019)...............................................................................12

*George v. Pro. Disposables Int'l, Inc.*,
    221 F. Supp. 3d 428 (S.D.N.Y. 2016).................................................................................8

*Gerstenfeld v. Nitsberg*,
    190 F.R.D. 127 (S.D.N.Y. 1999) ......................................................................................16

*Ghartey v. St. John's Queens Hosp.*,
    869 F.2d 160 (2d Cir. 1989)...............................................................................................7

*Goldfine v. Sichenzia*,
    118 F. Supp. 2d 392 (S.D.N.Y. 2000).........................................................................14, 17

*Heffernan v. HSBC Banks USA*,
    No. 99-CV-07981, 2001 WL 803719 (E.D.N.Y. Mar. 29, 2001)........................................16

*Heinrich v. Dean*,
    655 F. Supp. 3d 184 (S.D.N.Y. 2023)...............................................................................16

*Hemi Grp., LLC v. City of N.Y., N.Y.*,
    559 U.S. 1 (2010).............................................................................................................18

*Highlands Ins. Co. v. PRG Brokerage, Inc.*,
    No. 01-CV-2272, 2004 WL 35439 (S.D.N.Y. Jan. 6, 2004) ....................................15

*J.L. v. Rockefeller Univ.*,
    No. 950131/2020, 2023 WL 3757389 (Sup. Ct. N.Y. Cnty. May 25, 2023)..........................21

*Katzman v. Victoria's Secret Catalogue*,
    167 F.R.D. 649 (S.D.N.Y. 1996) ...........................................................................14

*Koch v. Christie's Int'l PLC*,
    699 F.3d 141 (2d Cir. 2012)..................................................................................9

*Kogan v. Facebook, Inc.*,
    334 F.R.D. 393 (S.D.N.Y. 2020) ...........................................................................8

*Lawson v. Rubin*,
    No. 17-CV-6404 (BMC), 2018 WL 2012869 (E.D.N.Y. Apr. 29, 2018)..............................18

*Levin v. Sarah Lawrence Coll.*,
    747 F. Supp. 3d 645 (S.D.N.Y. 2024).....................................................................10

*Louis v. Niederhoffer*,
    No. 23-CV-6470-LTS, 2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023)...................................21

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
    711 F.3d 106 (2d Cir. 2013)..................................................................................14

*Manley v. Mazzuca*,
    No. 01-CV-5178 (RJS), 2007 WL 4233013 (S.D.N.Y. Nov. 30, 2007)................................22

*McCollum v. Baldwin*,
    688 F. Supp. 3d 117 (S.D.N.Y. 2023).....................................................................19

*In re Merrill Lynch Ltd. P'ships Litig. v. Merrill Lynch & Co., Inc.*,
    154 F.3d 56 (2d Cir. 1998)....................................................................................8

*Morgens Waterfall Holdings, L.L.C. v. Donaldson, Lufkin & Jenrette Secs. Corp.*,
    198 F.R.D. 608 (S.D.N.Y. 2001) ...........................................................................15

*Moss v. Morgan Stanley Inc.*,
    719 F.2d 5 (2d Cir. 1983)....................................................................................14

*Nasik Breeding & Rsch. Farm Ltd. v. Merck & Co.*,
    165 F. Supp. 2d 514 (S.D.N.Y. 2001)................................................................15, 17

*Overall v. Est. of Klotz*,
    52 F.3d 398 (2d Cir. 1995)..................................................................................12

*Parker v. Alexander*,
    24-CV-4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) ...................................10, 11

*Petrosurance, Inc. v. National Ass'n of Ins. Comm'rs*,
    888 F. Supp. 2d 491 (S.D.N.Y. 2012)........................................................................18

*Plusgrade L.P. v. Endava Inc.*,
    No. 21-CV-1530 (MKV), 2023 WL 2402879 (S.D.N.Y. Mar. 8, 2023) ...............................13

*Police Benevolent Ass'n of City of N.Y., Inc. v. City of N.Y.*,
    40 N.Y.3d 417 (2023) ..........................................................................................11

*Redtail Leasing, Inc. v. Bellezza*,
    No. 95-CV-5191 (JFK), 1997 WL 603496 (S.D.N.Y. Sept. 30, 1997) ..................................17

*Rosario v. 288 St. Nick LLC*,
    10 Misc. 3d 146(A), (1st Dep't 2006)......................................................................19

*Rosenson v. Mordowitz*,
    No. 11-CV-6145 (JPO), 2012 WL 3631308 (S.D.N.Y. Aug. 23, 2012) ...............................14

*Rotella v. Wood*,
    528 U.S. 549 (2000)..............................................................................................8

*Rutherford v. Fla. Union Sch. Dist.*,
    No. 16-CV-9778 (KMK), 2018 WL 11249126 (S.D.N.Y. Oct. 24, 2018)...............................8

*S.S. v. Rockefeller Univ. Hosp.*,
    239 A.D.3d 424 (1st Dep't 2025) ....................................................................3, 11, 21

*SCE Grp. Inc. v. City of N.Y.*,
    No. 18-CV-8909 (AT), 2020 WL 1033592 (S.D.N.Y. Mar. 3, 2020)....................................13

*Sokola v. Weinstein*,
    78 Misc. 3d 842 (Sup. Ct. N.Y. Cnty. 2023) ...........................................................20

*Stanley v. City of N.Y.*,
    71 Misc. 3d 171 (Sup. Ct. N.Y. Cnty. 2020) ...........................................................19

*Technomarine SA v. Jacob Time, Inc.*,
    905 F. Supp. 2d 482 (S.D.N.Y. 2012).......................................................................7

*Willard v. UP Fintech Holding Ltd.*,
    527 F. Supp. 3d 609 (S.D.N.Y. 2021)......................................................................22

*Xenias v. Roosevelt Hosp.*,
    180 A.D.3d 588 (1st Dep't 2020) ..........................................................................19

*Zuhovitzky v. UBS AG CHE 101.329.562,*
    No. 21-CV-11124 (KPF), 2023 WL 4584452 (S.D.N.Y. July 18, 2023) ...............................18

**Statutes**

18 U.S.C. § 1961(5) ................................................................................................................15, 16

18 U.S.C. § 1962(a), (c)-(d) ...............................................................................................2, 5, 14

CPLR § 214(5) ...............................................................................................................................10

CPLR § 214-g ................................................................................................................................10

CPLR § 214-j ...........................................................................................................................10, 11

FRCP Rule 4(m) ....................................................................................................................*passim*

FRCP Rule 8 ...........................................................................................................................13, 14

FRCP Rule 9(b) ..............................................................................................................................15

FRCP Rule 12(b)(5) ....................................................................................................................6, 8

FRCP Rule 12(b)(6) ....................................................................................................................6, 7

Defendant Atlantic Recording Corporation ("Atlantic"), improperly named in the Complaint as "Atlantic Records," submits this Memorandum of Law, pursuant to Rules 4(m), 8, 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, in support of its Motion to Dismiss the Second Amended Complaint ("SAC") (ECF No. 87) filed by Plaintiff LaTroya Grayson ("Grayson").

## PRELIMINARY STATEMENT

Grayson commenced this action by filing her original complaint on December 20, 2024 (ECF No. 1). Grayson amended her complaint twice thereafter, on February 20, 2025 (ECF No. 8), and again on July 24, 2025 (ECF No. 87). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Grayson had 90 days after filing her original complaint to effect service on Atlantic (until March 20, 2025). However, Grayson did not even request the issuance of a summons on Atlantic until March 13, 2025, and the summons was not issued until March 14, 2025 (ECF No. 34). Having obtained issuance of a summons dated March 14, 2025, Grayson then never bothered to serve Atlantic with either the original complaint or the First Amended Complaint ("FAC"). Instead, the first complaint Grayson served (with the original summons dated March 14, 2025) was the SAC, and it was not served until September 4, 2025—**258 days after the original complaint was filed.**

There is neither any explanation nor justification for this failure of service, nor could there be. Atlantic is a corporation duly incorporated under the laws of Delaware with its headquarters located in New York City. The summons and the original complaint, the FAC, and the SAC could have been served personally in New York City at Atlantic's offices or on Atlantic's registered agent in Delaware. In fact, the summons and SAC were finally served on Atlantic's registered agent on September 4, 2025. The purported service of the summons and SAC was far outside the

90-day period permitted under Rule 4(m) and was therefore improper, and on that basis alone, the SAC should be dismissed.

But the failure to timely effect service of process is the least of the flaws of the SAC. The SAC alleges five causes of action against Atlantic: the first claim for alleged violations of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962(a), (c)-(d) ("RICO"); the sixth claim for alleged negligent hiring, training, supervision and retention; the tenth claim for alleged negligence; the eleventh claim for violation of the New York City Gender Motivated Violence Protection Act ("GMVPA"); and the twelfth claim for alleged negligent infliction of emotional distress. Every one of the claims alleged against Atlantic is time-barred.[1]

All of Grayson's claims arise out of a single event that occurred nearly 19 years ago, on October 16, 2006. (SAC ¶ 85.) At that event—Sean Combs' "Black Party"—Grayson claims she drank less than two drinks, felt ill, tried to go to a restroom, and the next thing she recalls is waking up at St. Vincent's Medical Center of New York, having no memory of how she ended up there. (SAC ¶¶ 105-06.) She admits she has no knowledge of what, if anything, happened to her. She claims her shirt was ripped and her underwear was missing (nowhere indicating whether she even inquired about them at the hospital), but she provides no further information about her condition, and she admittedly has no knowledge of whether whatever it was that may have happened to her occurred at the event or after she left the event. (SAC ¶¶ 107-108.)

From this complete lack of knowledge of what, if anything, happened to her during a single evening in New York City, or where it was that anything happened, Grayson has advanced a

---

[1] As discussed below, while Grayson has apparently argued various bases for tolling the applicable statutes of limitation in response to motions to dismiss made by other defendants, there are no facts pled in the SAC that would support tolling the statutes of limitations, nor could there be, as to Atlantic.

complaint with twelve "causes of action" against multiple parties.  But it is not merely that every claim she asserts against Atlantic is time-barred.  It is also that all of her claims against Atlantic fail on the merits for multiple other reasons.

Grayson's RICO claim (First Cause of Action), which is subject to a four-year statute of limitations that expired 15 years ago, fails to allege any predicate acts or continuity, nor does it identify an enterprise, as required under the statute.  It also fails to allege Atlantic's operation and management of the alleged enterprise or any loss causation.  While it alleges mail and wire fraud as a basis for the alleged RICO claims, the SAC fails to specifically identify who sent and who received any alleged fraudulent mail or wires or their contents.

Grayson's negligence-based claims (Sixth, Tenth and Twelfth Causes of Action), all of which are subject to a three-year statute of limitations that expired in 2009, are duplicative of each other and fail to identify any duty owed by Atlantic to Grayson, nor any duty that Atlantic breached.

Grayson's GMVPA claim (Eleventh Cause of Action) fails because the GMVPA was not applicable to corporate entities in 2006, and it had a seven-year statute of limitations that expired in 2013.  Further, the 2022 amendment to the GMVPA, which prospectively extended liability to "enablers" and created a "look-back" window, is not retroactively applicable to any party other than the alleged "perpetrator," as held in *S.S. v. Rockefeller Univ. Hosp.*, 239 A.D.3d 424, 424-26 (1st Dep't 2025).  Moreover, while Grayson alleges that Combs is a perpetrator (in the Second Cause of Action), at the same time, she admits having no knowledge of who, if anyone, assaulted her 19 years ago, nor does she plead any facts regarding that alleged assault.  But even if Grayson was assaulted, it was not and could not have been by Atlantic.

Further, even assuming the New York City "look-back" window were even applicable to alleged "enablers" (and it is not), such window would have closed on February 28, 2025, and because Grayson failed to serve Atlantic with the original complaint (or the FAC) within 90 days, the dismissal of the SAC will render any attempt to refile a GMVPA claim as against Atlantic time-barred even under the "look-back" window.

Finally, Grayson's claim for negligent infliction of emotional distress ("NIED") (Twelfth Cause of Action), beyond being time-barred, fails because nowhere does the SAC identify any extreme or outrageous conduct by Atlantic that caused severe emotional distress to Grayson.

Importantly, Grayson's counsel is fully aware that every claim pled against Atlantic is time-barred. The same counsel brought another action on behalf of a different plaintiff against many of the same defendants (although not Atlantic) alleging all of the same claims (and other claims as well) in this Court. Like here, the alleged event(s) occurred years ago. Unlike here, in the other action (*Rivers v. Combs et al.*), there was not just a single alleged event occurring on a single date, but a series of occurrences between 2002-2004. The defendants in that action all moved to dismiss the complaint on multiple grounds, including that the claims were time-barred. After hearing oral argument, Judge Rakoff issued a clear and unequivocal decision dismissing all of the claims against all of the defendants with prejudice (save the GMVPA claim against Combs, pending the outcome of appeals being heard by the Second Circuit) as being time-barred.[2] A copy of Judge Rakoff's decision is attached to the Zakarin Decl. as Exhibit A.

---

[2] Atlantic sent Grayson's counsel a detailed letter requesting that the SAC be dismissed as against Atlantic (and Mike Savas, who has never been served), reminding Grayson's counsel of Judge Rakoff's decision and advising that, if Atlantic were required to move to dismiss, it would seek Rule 11 sanctions for the unnecessary expense incurred in having to seek dismissal of claims that are patently time-barred. A copy of that letter is attached to the Declaration of Donald S. Zakarin ("Zakarin Decl.") as Exhibit B.

**RELEVANT FACTS**

The Complaint pleads no factual basis for the claims against Atlantic. Instead, it resorts to improper group pleading, naming Atlantic in five causes of action: (1) violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962(a), (c)-(d); (2) negligent hiring, training, supervision, and retention; (3) negligence; (4) violation of the GMVPA, as defined in N.Y.C. Admin. Code § 10-1103 *et seq.*; and (5) negligent infliction of emotional distress.

All claims alleged in Grayson's 300-plus-paragraph SAC arise out of her attendance (as her brother's guest) at a Sean Combs album promotional party in New York City that was held on a single evening in October 2006. Aside from Atlantic's alleged involvement in a radio contest, where the prize was to be flown to New York City to attend the album promotional party (which was originally billed as Sean Combs' "White Party" but which then became a "Black Party"), and its having arranged ground transportation from the hotel to the party venue, the SAC fails to plead any facts showing the existence of any alleged continuing RICO "enterprise," why or how this event fits into an alleged RICO "enterprise," or what role, if any, Atlantic played in this nonexistent "enterprise."

With respect to the "negligent hiring, training, supervision and retention" claim against Atlantic (and every other negligence claim), not only does the SAC admit that Grayson has no knowledge of any alleged assault actually occurring, but the SAC also fails to identify anyone who allegedly assaulted Grayson (other than assuming only it was Combs or his associates) or where the alleged assault occurred. Thus, the SAC does not identify any employee of Atlantic who was supposedly involved in any alleged wrongful act such that Atlantic could be liable for negligently hiring, training, supervising or retaining any such unknown person (even if such a claim were not time-barred 16 years ago).

Despite Grayson's admission that she has no recollection or knowledge of any alleged assault occurring at the event (admitting that she passed out and woke up at a hospital), she nevertheless accuses Combs (and/or unknown others supposedly associated with him) of assaulting her. But the SAC does not allege that Atlantic employed Combs, and as set forth in the accompanying Declaration of Erica Bellarosa, Esq. ("Bellarosa Decl."), Combs was not employed by Atlantic. (Bellarosa Decl. ⁋ 5.) And again, the SAC does not identify any duty that Atlantic owed to Grayson, who apparently was not even a participant in the contest, but rather, attended as the guest of the contest participant.

In short, even were every claim against Atlantic not time-barred—and they are—no facts are pled identifying what it is that Atlantic supposedly did or failed to do that is actionable nor any duty Atlantic owed to Grayson. Instead, nearly 20 years after a single event that occurred one evening in New York City, about which Grayson has virtually no knowledge, she has filed a complaint alleging time-barred claims against multiple defendants, including RICO claims, that do not remotely satisfy the pleading requirements for such claims. The SAC as against Atlantic should be dismissed with prejudice.

## **STANDARD OF REVIEW**

It is undisputed that Grayson failed to serve Atlantic with a summons and complaint within 90 days of filing her original complaint. It is also undisputed that she failed to serve Atlantic within 90 days of filing the FAC. Pursuant to Rules 4(m) and 12(b)(5), the SAC should be dismissed because Grayson failed to serve Atlantic within 90 days after the original complaint was filed, and there is no "good cause" excuse for such failure.

With respect to Rule 12(b)(6), to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).  Nor do "legal conclusions masquerading as factual conclusions." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (internal quotations and citation omitted); *AJ Energy LLC v. Woori Bank*, No. 18-CV-3735 (JMF), 2019 WL 4688629, at *5 (S.D.N.Y. Sept. 26, 2019); *Technomarine SA v. Jacob Time, Inc.*, 905 F. Supp. 2d 482, 487 (S.D.N.Y. 2012) (citation omitted).

"Where the dates in a complaint show that an action is barred by a statute of limitations," a defendant may move for pre-answer dismissal on those grounds. *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).  "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Id.*

## ARGUMENT

### I.  PLAINTIFF FAILED TO PROPERLY SERVE PROCESS IN VIOLATION OF RULE 4(m)

It is undisputed that the original complaint naming Atlantic was filed on December 20, 2024.  It is undisputed that a summons on Atlantic was not issued until March 14, 2025, after the complaint had been amended on February 20, 2025.  It is undisputed that the summons and FAC were never served on Atlantic.  The SAC was filed on July 24, 2025.  It is undisputed that the summons dated March 14, 2025, issued for the FAC, and the SAC, were finally served on Atlantic's registered agent in Delaware on September 4, 2025.

In *Rutherford v. Fla. Union Sch. Dist.*, the Court dismissed the complaint as against two defendants for failure to serve the complaint within the required 90 days. No. 16-CV-9778 (KMK), 2018 WL 11249126, at *3 (S.D.N.Y. Oct. 24, 2018).[3] Here, it is undisputed that Grayson failed to serve the summons and complaint in this action until **258** days after the original complaint was filed, well beyond the 90-day period required by Rule 4(m). That Grayson finally served Atlantic within 90 days of filing her SAC is of no moment because the "filing of an amended complaint does not restart the 90 day period for service under Rule 4(m) with respect to defendants named in the original complaint." *Dubinsky v. Alperstein*, No. 24-CV-10007 (VSB), 2025 WL 1144726, at *1 (S.D.N.Y. Apr. 17, 2025).

Accordingly, pursuant to Rule 4(m) and Rule 12(b)(5), the SAC should be dismissed as against Atlantic for failure to effect service within 90 days of the filing of the original complaint.

## II.    PLAINTIFF'S CLAIMS AGAINST ATLANTIC ARE TIME-BARRED

Grayson's First, Sixth, Tenth, Eleventh, and Twelfth Causes of Action against Atlantic are based on a single alleged event that occurred on October 16, 2006. (*See generally* Compl. ¶¶ 85-115.) Every one of these claims is time-barred.

### A.    Plaintiff's RICO Claim (First Cause of Action) Is Time-Barred

Grayson's RICO claim is subject to a four-year statute of limitations, which begins to run when the plaintiff sustains an injury or "discovers or should have discovered the RICO injury." *In re Merrill Lynch Ltd. P'ships Litig. v. Merrill Lynch & Co., Inc.*, 154 F.3d 56, 58 (2d Cir. 1998); *Rotella v. Wood*, 528 U.S. 549, 552 (2000). The RICO statute of limitations runs even where the

---

[3] While the Court can consider whether Plaintiff has good cause for not having served the summons and complaint (*see George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428 (S.D.N.Y. 2016); *Kogan v. Facebook, Inc.*, 334 F.R.D. 393 (S.D.N.Y. 2020)), here, there is no conceivable "good cause" explanation for the failure to serve Atlantic. Atlantic has a publicly known presence in New York City where it can be served, and it also can be served through corporate agents in Delaware. Grayson simply never made any effort to serve Atlantic.

full extent of the RICO scheme is not discovered until a later date, so long as there were "storm warnings" that should have prompted an inquiry. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 153 (2d Cir. 2012). Grayson admits in the SAC that she was aware of her alleged injury by no later than October 17, 2006, when she awakened in the hospital.

The SAC manufactures a completely nonsensical RICO claim out of a single event in New York City in 2006 that the SAC does not—and cannot—factually connect to any other activities of Atlantic (nor does it connect any actions of Atlantic on any ongoing basis to any of the other alleged "RICO orchestrators"). (SAC ¶ 135.) Whatever happened on that evening—and Grayson professes not to know anything about what actually happened—Grayson was aware in 2006 of the same alleged facts and the same alleged injury pled in the SAC.

Moreover, there is not a single fact pled supporting Grayson's conclusory claim that "within ten (10) years preceding the filing of this action, Defendants have knowingly, willfully, and unlawfully participated in a pattern of racketeering activity that continues possibly to this day." (SAC ¶ 164.) Indeed, the SAC fails to identify any conduct by Atlantic since the promotional contest in 2006 and the "Black Party" event in 2006 to which it allegedly arranged transportation, nor does the SAC plead any facts showing how the alleged "RICO orchestrators" engaged in any continuing alleged "enterprise" after the event on October 16, 2006. Grayson's patently baseless RICO claim became time-barred in October 2010 and should be dismissed.

**B.    Plaintiff's Claims for Negligent Hiring, Training, Supervision, and Retention (Sixth Cause of Action), Negligence (Tenth Cause of Action), and Negligent Infliction of Emotional Distress (Twelfth Cause of Action) Are Time-Barred**

Grayson admits she has no knowledge of what, if anything, happened to her on the evening of October 16, 2006. Yet she alleges that either Combs or one or more people associated with Combs assaulted her that evening. Having failed to identify who, if anyone, allegedly assaulted her, Grayson has no basis for a negligent hiring, training, supervision and retention claim against

anyone, and certainly not Atlantic.  But even if she had actually pled facts showing that Combs was somehow responsible for assaulting her, neither Combs nor any of his unidentified "Doe" associates were employed by Atlantic.  (Bellarosa Decl. ¶ 5.)

Moreover, even if Grayson could surmount the complete lack of any factual basis for her duplicative negligence claims, her Sixth Cause of Action for negligent hiring, training, supervision and retention (SAC ¶¶ 226-237), her Tenth Cause of Action for negligence (*id.* ¶¶ 274-282), and her Twelfth Cause of Action for NIED (*id.* ¶¶ 304-309) arise out of a single event that occurred on October 16, 2006 (*id.* ¶¶ 85-115) and are therefore time-barred by New York's three-year statutes of limitations for negligence claims.  CPLR § 214(5); *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 659 (S.D.N.Y. 2024) (dismissing negligence and NIED claims as time-barred); *Calamari v. Panos*, 131 A.D.3d 1088, 1090 (2d Dep't 2015).

### C.     Plaintiff's GMVPA Claim (Eleventh Cause of Action) Is Time-Barred and Any Purported Revival Is Preempted

Grayson's GMVPA claim is based on alleged conduct, about which she admits she has no knowledge, that occurred, if at all, on October 16, 2006.  (*See* SAC ¶¶ 85-115.)  The GMVPA has a seven-year statute of limitations, barring such claims by 2013 (which were only applicable against individuals at the time).  Grayson cannot rely on the GMVPA's 2022 amendment ("2022 Amendment") to revive her expired GMVPA claim, both because it is inapplicable retroactively (as discussed below) to alleged "enablers" and because the 2022 Amendment is preempted by New York State law, which provides a conflicting "comprehensive and detailed regulatory scheme" under the New York Child Victims Act, CPLR § 214-g ("CVA") and the Adult Survivors Act, CPLR § 214-j ("ASA").  *Parker v. Alexander*, 24-CV-4813 (LAK), 2025 WL 268436, at *2–3 (S.D.N.Y. Jan. 22, 2025) (holding GMVPA's revival window is preempted by the CVA and ASA); *Bellino v. Tallarico*, 24-CV-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024)

(same). "Local laws may be . . . preempted by state law either because the legislature has occupied the relevant field of regulation," *i.e.*, field preemption, "or because the local law conflicts with state law," *i.e.*, conflict preemption. *Police Benevolent Ass'n of City of N.Y., Inc. v. City of N.Y.*, 40 N.Y.3d 417, 423 (2023).[4]

### i.  The CVA and ASA Occupy the Field of Revival of Sexual Offense Claims

The CVA and ASA constitute comprehensive schemes because they "apply to all civil claims by child and adult victims" of "conduct constituting sexual offenses" and do so "notwithstanding" any limitations period "to the contrary." *Parker*, 2025 WL 268436, at *2 (internal citations omitted). Further, the CVA and ASA are "detailed": they "provide exact time frames during which claims may be brought." *Id.* Moreover, the ASA was passed four months after the 2022 Amendment was enacted, confirming the legislature's intent to preempt local New York City law, as "the state easily could have carved the [GMVPA] out of the ambit of the ASA" yet "opted not to do so." *Id.* at *3.

### ii.  The GMVPA Revival Provision Conflicts with the CVA and ASA

The 2022 Amendment conflicts with the revival windows of the CVA and the ASA, which control "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." *Id.* (quoting CPLR § 214-j). Therefore, as Judge Kaplan has twice held, the CVA and ASA preempt the 2022 Amendment, thereby warranting dismissal of Rivers' GMVPA claim. *See id.* at *2–3; *Bellino*, 2024 WL 1344075, at *1.

---

[4] The preemption question presented in this Motion is currently before the Second Circuit in two separate appeals: *Parker v. Alexander*, No. 25-487 (2d Cir.) and *Doe v. Black*, No. 25-564 (2d Cir.). Regardless, as discussed below, as held in *S.S.*, *supra*, the 2022 Amendment is not retroactive as to "enablers," and even if it were not preempted, the dismissal of the SAC for failure to serve within 90 days as required by Rule 4(m) would take any subsequent filing outside the February 28, 2025 expiration of the "look-back" window of the GMVPA.

### D.    No Tolling Doctrine Applies to Save the Time-Barred Claims

The SAC does not allege anything remotely providing a factual basis for any statute of limitations to be tolled.  At most, Grayson alleges receiving a call from someone telling her not to do anything because "Combs was a celebrity" (SAC ¶¶ 116-120) and that she allegedly feared violence from Combs.  (SAC ¶ 132.)  But not a single fact is pled showing that Atlantic did anything to deter Grayson from bringing any claim at any time from 2006 until the present.

For tolling to apply because of duress (or on any other basis), "the tortious conduct must continue uninterrupted." *Overall v. Est. of Klotz*, 52 F.3d 398, 405 (2d Cir. 1995).  Grayson pleads no facts showing any alleged "coercion," and certainly none since 2006.  There is no threat of violence by anyone.  The SAC does not even suggest that Atlantic made or ratified (or even knew of) anything that would have deterred Grayson from asserting any claim for nearly two decades. *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 175 (S.D.N.Y. 2019) (tolling based on duress did not apply where plaintiffs did not allege course of conduct involving threats or force that continued without interruption).[5]

## III.    PLAINTIFF'S CLAIMS AGAINST ATLANTIC RELY ON IMPROPER GROUP PLEADING AND SHOULD BE DISMISSED

Beyond alleging that Atlantic was involved in a radio promotion contest for a Combs album project in 2006 (SAC ¶ 77), that it communicated information about the event (SAC ¶ 83), and allegedly arranged for a van to take contest winners to the event (SAC ¶ 93), there is not a single factual allegation in the SAC that identifies any conduct engaged in by Atlantic.  Instead, the SAC employs group pleading against all of the "defendants" or "RICO orchestrators."

---

[5] Nor can Grayson rely on an equitable estoppel theory based on an alleged fear of retaliation, which requires, *inter alia*, "threats or intimidation against [Plaintiff] by each defendant that [Plaintiff] seeks to estop." *Geiss*, 383 F. Supp. 3d at 174–75.

As noted above, Grayson alleges she had less than two drinks, felt ill, and the next thing she recalls is waking up in a hospital.  (SAC ¶¶ 105-115.)  Yet, undeterred by the complete lack of any knowledge of what happened to her, if anything, where it happened or who was involved, Grayson asserts twelve "causes of action" against Combs, Combs' entities and a host of companies, including Atlantic, all of which, without identifying anything they did or any duty they owed to her, she seeks to hold accountable for an alleged assault that took place 19 years ago about which she knows nothing.

The group pleading allegations directed at "Defendants" or "RICO orchestrators" violate FRCP Rule 8(a)(2).  *See, e.g.*, *Collins v. Pearson Educ., Inc.*, 721 F. Supp. 3d 274, 284 (S.D.N.Y. 2024) (explaining that Rule 8 "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'") (citation omitted); *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001); *SCE Grp. Inc. v. City of N.Y.*, No. 18-CV-8909 (AT), 2020 WL 1033592, at *3 (S.D.N.Y. Mar. 3, 2020).

The SAC pleads no facts connecting Atlantic to the alleged conduct of Combs or his associates (conduct about which Grayson admits having no knowledge).  The allegations directed to "Defendants" and "RICO orchestrators" are conclusory, lack any factual basis and violate Rule 8.  *Plusgrade L.P. v. Endava Inc.*, No. 21-CV-1530 (MKV), 2023 WL 2402879, at *6 (S.D.N.Y. Mar. 8, 2023) (holding that "the use of group pleading in the Amended Complaint precludes each of the thirteen defendants from knowing what conduct it is alleged to have performed and, thus, against which allegations it must defend").  While the SAC divides the negligent hiring claim into separate causes of action against multiple entities, dividing up the same identical claim does not alleviate the group pleading flaw.  The Fourth through Ninth Causes of Action for negligent hiring,

training, supervision and retention are identical to each other, and none provide any facts (not even identifying what alleged employee of whom is allegedly involved).

In further violation of Rule 8, the SAC does not identify a single act or omission of Atlantic that would support a claim against it, nor does it plead any facts explaining how any of the alleged misconduct of the other Defendants is related to or in furtherance of Atlantic's business (beyond supposedly benefiting the unspecified, alleged "RICO enterprise"). The SAC should be dismissed as against Atlantic.

## IV. PLAINTIFF FAILS TO STATE ANY CLAIM FOR RELIEF AGAINST ATLANTIC

### A. The SAC Fails to State a RICO Claim Against Atlantic

Courts "look[] with particular scrutiny at [c]ivil RICO claims to ensure that the Statute is used for the purposes intended by Congress." *Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 397 (S.D.N.Y. 2000). "Civil RICO is an unusually potent weapon—the litigation equivalent of a thermonuclear device." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997); *accord Rosenson v. Mordowitz*, No. 11-CV-6145 (JPO), 2012 WL 3631308, at *5 (S.D.N.Y. Aug. 23, 2012).

As discussed below, a civil RICO claim requires that each defendant: (1) committed two or more predicate acts of "racketeering activity," (2) constituting a "pattern," (3) through an "enterprise," (4) which each defendant directed the operation and management of, (5) causing property loss for the Plaintiff. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013); *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (citing 18 U.S.C. § 1962(a)-(c)). Grayson's RICO claim fails to satisfy **any** of these requirements.[6] Instead, the

---

[6] Atlantic notes that Grayson characterizes her RICO claim as being pled under 18 U.S.C. § 1962(a), (c) and (d), but provides absolutely no basis for any claim under § 1962(a) or § 1962(d)

SAC only contains "bald contentions, unsupported characterizations, and legal conclusions [that] are not well-pleaded allegations" and do "not suffice to defeat a motion to dismiss." *Highlands Ins. Co. v. PRG Brokerage, Inc*., No. 01-CV-2272, 2004 WL 35439, at *2 (S.D.N.Y. Jan. 6, 2004).

### i.    Plaintiff Fails to Allege Two or More Predicate Acts of Racketeering Activity

"A RICO claim must charge each named defendant with the commission of two or more predicate acts of racketeering activity." 18 U.S.C. § 1961(5); *Continental Kraft Corp. v. Euro-Asia Dev. Grp., Inc.*, No. 97-CV-0619, 1997 WL 642350, at *4 (E.D.N.Y. Sept. 8, 1997).

Because Grayson invokes alleged mail and wire fraud as predicate acts (SAC ¶¶ 173-185), she must satisfy the heightened pleading requirement of Rule 9(b), which applies "with particular force in RICO actions." *Nasik Breeding & Rsch. Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514, 537 (S.D.N.Y. 2001). As here, "where multiple defendants are accused of mail or wire fraud, plaintiffs must plead fraud with particularity as to each defendant." *Id.*; *accord Morgens Waterfall Holdings, L.L.C. v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 198 F.R.D. 608, 609–10 (S.D.N.Y. 2001). Therefore, Plaintiff must specifically allege the circumstances of the fraud. *See, e.g.*, *id.*; *Highlands*, 2004 WL 35439, at *2–4.

The SAC is based on a single event that occurred on October 16, 2006 and, without Grayson having any knowledge of any facts (other than that she apparently passed out and ended up in a hospital), proceeds to fabricate a broad conspiracy among unrelated entities that supposedly endured for at least a decade without a single fact pled to support it. The SAC does not identify two or more acts of mail and/or wire fraud by Atlantic. The SAC does not identify any mail or wires sent by Atlantic (other than a single note about the scheduling of the event), nor does it

---

and simply inserts them in the title for her First Cause of Action. Nor is any claim under § 1962(c) viable or plausible, for reasons stated herein.

identify any allegedly fraudulent content (or the recipient of this single note), in violation of Rule 9(b).  In the absence of any predicate acts, the SAC also fails to plead that Atlantic had the requisite scienter.  *Gerstenfeld v. Nitsberg*, 190 F.R.D. 127 (S.D.N.Y. 1999) (dismissing RICO claims because complaint failed to allege facts giving rise to a strong inference of fraudulent intent).

### ii.      *Plaintiff Fails to Allege a Continuous Pattern of Racketeering Activity*

RICO defines a "pattern of racketeering" as at least two predicate acts occurring within ten years of each other.  18 U.S.C. § 1961(5).  "Simply alleging two predicate acts without more is not sufficient to establish a pattern, which requires that a plaintiff must show both that the acts are related and continuous."  *FD Prop. Holding, Inc. v. US Traffic Corp.*, 206 F. Supp. 2d 362, 369 (E.D.N.Y. 2002) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)).

Here, the SAC does not identify any predicate acts, let alone two that occurred within ten years of each other.   The SAC does not satisfy the predicate act pleading requirements for a RICO claim.

### iii.      *Plaintiff Fails to Allege an Enterprise*

"The heart of any civil RICO claim is the enterprise.  There can be no RICO violation without one."  *Heinrich v. Dean*, 655 F. Supp. 3d 184, 189 (S.D.N.Y. 2023).  Plaintiff must allege that the association-in-fact enterprise exists separate and apart from the alleged pattern, with its own "hierarchy, organization, and activities."  *Heffernan v. HSBC Banks USA*, No. 99-CV-07981, 2001 WL 803719, at *5 (E.D.N.Y. Mar. 29, 2001).

The SAC does not identify any alleged "RICO enterprise."   Grayson merely strings together a list of unrelated Defendants (including an Oklahoma radio station, an airline, a hotel and nightclub in New York, a retailer and Atlantic) and conclusorily alleges that they are an enterprise, and that Atlantic was part of "[t]he RICO orchestrators' association" with other entities (identified and unidentified).   (SAC ¶¶ 137, 142.)   This group pleading, bereft of facts, is

insufficient and requires dismissal. *Cedar Swamp Holdings, Inc. v. Zaman*, 487 F. Supp. 2d 444, 450 (S.D.N.Y. 2007) ("[M]erely stringing together a list of defendants and labeling them an enterprise is insufficient."); *accord Goldfine*, 118 F. Supp. 2d at 401 ("There is no allegation . . . of what activity, if any, the alleged enterprise ever engaged in *other than* the alleged predicate acts . . . Additionally, Plaintiffs fail to allege any chain of command of the enterprise, or how, if at all, the alleged 'members' functioned as an integrated group or directed the affairs of the alleged enterprise apart from the predicate acts themselves."); *Nasik*, 165 F. Supp. 2d at 539 ("[The plaintiff] has simply 'strung together all of the defendants in this action and labeled the resulting group an association-in-fact enterprise.'").

The SAC does not allege that (or how) Atlantic fits within a hierarchy or command structure of the alleged enterprise. Nor does it allege that any enterprise exists and was engaged in continuous conduct that is separate and apart from the specific alleged predicate acts (of which there are also none). Instead, Grayson seems to contend that by participating in a radio promotion contest for a single event in October 2006, Atlantic somehow became a participant in an enduring enterprise that is undefined, not shown to exist over any durational period of time, and which somehow also gives rise to a RICO claim. It does not. *See, e.g.*, *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 544, 555.

### iv.    *Plaintiff Fails to Allege "Operation and Management" of the Enterprise*

The Complaint fails to allege how Atlantic was "involved with the operation and management of the alleged enterprise." *See, e.g.*, *Goldfine*, 118 F. Supp. 2d at 403. "'As interpreted by courts in this district and others, the 'operation and management' test . . . is a very difficult test to satisfy.' . . . In addition, the mere fact that a defendant may have *aided* in the alleged scheme to defraud, *even if that aid was intentional*, does not give rise to liability under § 1962(c)."

17

*Id.*; *see also Redtail Leasing, Inc. v. Bellezza*, No. 95-CV-5191 (JFK), 1997 WL 603496, at *5 (S.D.N.Y. Sept. 30, 1997).

The SAC lacks any factual allegations showing Atlantic's involvement in a nonexistent RICO enterprise, much less that Atlantic operated or managed the enterprise.

### v.    *Plaintiff Fails to Allege Loss Causation*

A RICO claim requires allegation and proof that the alleged RICO violation was (1) the but-for, or transactional, cause of the plaintiff's loss, and (2) the proximate cause of the loss.  *E.g.*, *Petrosurance, Inc. v. National Ass'n of Ins. Comm'rs*, 888 F. Supp. 2d 491, 507 (S.D.N.Y. 2012) (dismissing RICO claims because plaintiff "falters under both types of causation"), *aff'd*, 514 F. App'x 51 (2d Cir. 2013); *accord FindTheBest.com, Inc. v. Lumen View Tech. LLC*, 20 F. Supp. 3d 451, 458 (S.D.N.Y. 2014); *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 540 (S.D.N.Y. 2014).  "[C]ivil RICO's direct relation requirement is rigorous and requires dismissal where substantial intervening factors attenuate the causal connection between the defendant's conduct and the plaintiff's injury." *Zuhovitzky v. UBS AG CHE 101.329.562*, No. 21-CV-11124 (KPF), 2023 WL 4584452, at *9 (S.D.N.Y. July 18, 2023) (citations omitted); *see also Lawson v. Rubin*, No. 17-CV-6404 (BMC), 2018 WL 2012869, at *9-10 (E.D.N.Y. Apr. 29, 2018).

Grayson pleads no connection between any conduct of Atlantic and any loss she allegedly incurred, failing to plausibly allege that she suffered any loss "by reason of" any of the alleged acts or omissions of Atlantic.  *Zuhovitzky*, 2023 WL 4584452, at *9.  *See also Lawson*, 2018 WL 2012869, at *9–10; *Anza v. Ideal Steel Supply Corp*., 547 U.S. 451, 464 (2006) (finding no proximate cause because of "attenuated relationship" between the alleged RICO acts and plaintiff's purported injury); *Hemi Grp., LLC v. City of N.Y., N.Y.*, 559 U.S. 1, 9 (2010) (dismissing RICO claims where "causal theory [was] far [too] attenuated").

Plaintiff's RICO claim against Atlantic should be dismissed.

**B.**  **Plaintiff's Causes of Action for Negligence, Negligent Hiring, Training, Supervision, and Retention, and Negligent Infliction of Emotional Distress Are <u>Insufficiently Pled</u>**

The SAC's negligence claims (Sixth, Tenth, and Twelfth Causes of Action) should be dismissed as against Atlantic because, in addition to being time-barred and improperly group pled, Grayson fails to allege that Atlantic specifically owed any duty to her or breached that duty, as is required to state a negligence or NIED claim. *McCollum v. Baldwin*, 688 F. Supp. 3d 117, 131 (S.D.N.Y. 2023).

First, Grayson fails to allege any duty because there is no "special relationship" between Atlantic and her, and New York law does not otherwise impose upon persons the duty to protect others from injuries caused by third parties (and here, while the SAC accuses Combs of such conduct, Grayson admits she has no basis to accuse him of any wrongful conduct towards her). Further, as set forth *supra*, Atlantic did not employ Combs.  (Bellarosa Decl. ⁋ 5.)

Second, the SAC fails to allege the requisite foreseeability to show there was a breach of any nonexistent duty of Atlantic to Grayson.  She pleads no facts to infer, let alone establish, that Atlantic had any knowledge of or could have foreseen the alleged assault by unknown persons or the subsequent emotional distress that Grayson claims she suffered.  Grayson therefore also fails to identify with specificity any negligent act, omission or extreme and outrageous conduct by Atlantic. *Rosario v. 288 St. Nick LLC*, 10 Misc. 3d 146(A), at *1 (1st Dep't 2006) (per curiam); *Xenias v. Roosevelt Hosp.*, 180 A.D.3d 588, 589 (1st Dep't 2020) (affirming dismissal of NIED claim where plaintiff failed to show defendants breached a duty of care, caused plaintiff to fear for her safety, or engaged in extreme and outrageous conduct).  Plaintiff's NIED claim is also duplicative of her other tort claims and should be dismissed for that reason too. *Stanley v. City of N.Y.*, 71 Misc. 3d 171, 181 (Sup. Ct. N.Y. Cnty. 2020).

Grayson's negligent hiring, training, supervision and retention claim against Atlantic requires "(1) the existence of an employee-employer relationship; [and] (2) 'that the employer knew or should have known of the employee's propensity for the conduct which caused the injury.'" *Sokola v. Weinstein*, 78 Misc. 3d 842, 847 (Sup. Ct. N.Y. Cnty. 2023), *appeal withdrawn*, 219 A.D.3d 1185, (1st Dep't 2023). Not only does Grayson not identify who it was that allegedly assaulted her, even assuming it was Combs or one of his associates, the SAC does not plead that Combs was employed by Atlantic, nor can it, as he was not. (Bellarosa Decl. ¶ 5.)

Further, even if the SAC had pled some employment relationship between Atlantic and whomever it was that allegedly assaulted Grayson, Atlantic could not be held "liable under [the doctrine of *respondeat superior*] for actions which were not taken in furtherance of the employer's interest and which were undertaken by the employee for wholly personal motives." *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) (dismissing *respondeat superior* claim against employer, collecting cases and noting that "[n]o decision in New York has been cited to date in which the doctrine of *respondeat superior* was held to apply to sexual assault"). Grayson's multiple negligent hiring claims against multiple unrelated entities are so baseless that it underscores why her duplicative negligence claims should be dismissed. *See, e.g.*, *Davis v. YMCA of USA*, 228 N.Y.S.3d 161 (1st Dep't 2025).

### C.    Plaintiff's GMVPA Claim Fails

Grayson's GMVPA claim should be dismissed with prejudice as against Atlantic because, in addition to being time-barred and improperly group pled, the 2022 Amendment does not operate retroactively to make alleged "enablers" of gender-motivated violence liable for individuals' pre-2022 conduct.

The SAC alleges—without elaboration—that Atlantic (and other entities) somehow "enabled [Combs'] commission of the crimes of violence motivated by gender" and "facilitated the trafficking and assault of Plaintiff by actively maintaining and employing [Combs] in a position of power and authority." (SAC ¶¶ 294, 296-302.) However, consistent with several prior New York court decisions, the First Department, Appellate Division in June 2025 affirmed that the 2022 Amendment is not retroactively applicable to any party other than the alleged "perpetrator" of gender-motivated violence. *S.S.*, 239 A.D.3d at 424-26. Alleged "enablers," such as Atlantic, are not liable for conduct that occurred prior to the 2022 Amendment. *Id.*; *Doe v. Combs*, 23-CV-10628 (JGLC), 2024 WL 4987044, at *4 (S.D.N.Y. Dec. 5, 2024); *Bensky v. Indyke*, 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024); *J.L. v. Rockefeller Univ.*, No. 950131/2020, 2023 WL 3757389, at *11 (Sup. Ct. N.Y. Cnty. May 25, 2023); *Louis v. Niederhoffer,* No. 23-CV-6470-LTS, 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023); *Bellino v. Tallarico*, No. 24-CV-00712, ECF No. 28, at 2 (S.D.N.Y. Apr. 26, 2024) (holding that amendment was futile because the GMVPA "does not even purport to be retroactive").

As *S.S. v. Rockefeller University Hospital* held, the GMVPA evinces no intent for retroactive application, let alone the requisite "clear" expression of such intent. 239 A.D.3d at 424-26 (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 284 (1994)). Federal and state court decisions confirm this conclusion. *See, e.g.*, *J.L.*, 2023 WL 3757389, at *6; *Niederhoffer*, 2023 WL 8777015, at *2; *Adams v. Jenkins*, No. 115745/03, 2005 WL 6584554, at *1 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) (same).

Accordingly, the 2022 Amendment cannot be retroactively applied to Atlantic.[7]

---

[7] *S.S.* also makes clear that the 2022 Amendment does not support the retroactive extension of any applicable statute of limitations for any other claims.

## V.     <u>PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO REPLEAD</u>

Grayson should not be granted leave to amend because it would be futile.  *Willard v. UP Fintech Holding Ltd.*, 527 F. Supp. 3d 609, 625 (S.D.N.Y. 2021) (citations omitted); *Manley v. Mazzuca*, No. 01-CV-5178 (RJS), 2007 WL 4233013, at *3 (S.D.N.Y. Nov. 30, 2007).  For reasons stated herein, Grayson cannot plead any further facts to remedy the legal deficiencies with her SAC because each claim against Atlantic is time-barred and fails as a matter of law.

<u>CONCLUSION</u>

For the foregoing reasons, Atlantic respectfully requests that Grayson's claims against Atlantic be dismissed with prejudice, and that the Court award Atlantic such other further relief as the Court deems just and proper.

Dated:  New York, New York
       September 25, 2025

**PRYOR CASHMAN LLP**

By: _____
     Donald S. Zakarin
     William L. Charron
     Nicholas G. Saady
     Nathaniel H. Kazlow
7 Times Square
New York, New York 10036
(212) 421-4100
dzakarin@pryorcashman.com

*Attorneys for Atlantic Recording Corporation*

## CERTIFICATION OF COMPLIANCE

I hereby certify that the word count of this memorandum of law complies with the word count limits of Local Rule 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York and Judge Vargas's Individual Rules.  According to the word-processing system used to prepare this memorandum of law and excluding the parts of the document exempted by Rule 7.1 this document contains 7,085 words.

Dated: September 25, 2025

By: _____

Donald S. Zakarin

*Attorneys for Atlantic Recording*
*Corporation*