UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                         :
LATROYA GRAYSON,                                                         :
                                                                         :
                                          Plaintiff,                     :
                                                                         :          24-CV-09857 (JAV)
                              -v-                                         :
                                                                         :          ORDER
SEAN COMBS a/k/a "P. DIDDY, PUFF, PUFF                                   :
DADDY, PUFFY, BROTHER LOVE," et al.,                                     :
                                                                         :
                                          Defendants.                    :
                                                                         :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On October 22, 2025, Defendant Atlantic Recording Corporation (improperly named "Atlantic Records" in the Complaint) ("Defendant") filed a Motion for Sanctions against Plaintiff LaTroya Grayson ("Plaintiff") and Plaintiff's counsel, Ariel Mitchell ("Mitchell") and Steven A. Metcalf II ("Metcalf") pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent power. ECF No. 141 ("Mot.") at 1. Defendant argues that sanctions are appropriate because Plaintiff's claims are patently baseless and objectively frivolous. ECF No. 142 ("Mem.") at 4-24. For the following reasons, Defendant's Motion for Sanctions is DENIED.

"The power to sanction 'must be exercised with restraint and discretion.'" *Lask v. Rhee-Karn*, No. 24-CV-02666 (MMG), 2025 WL 2717474, at *8 (S.D.N.Y. Sept. 24, 2025) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). To impose sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the Court's inherent power, "due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (cleaned up). A

higher standard of notice must also be satisfied to impose sanctions under Federal Rule of Civil

Procedure 11 pursuant to that rule's safe harbor provision, Rule 11(c)(2).  Rule 11(c)(2) provides

"[a] motion for sanctions must be made separately from any other motion and must describe the

specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  Additionally,

"[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if

the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately

corrected within 21 days after service or within another time the court sets."  *Id.* (emphasis

added).

The Second Circuit has held that "[t]he safe-harbor provision is a strict procedural

requirement."  *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682

F.3d 170, 175 (2d Cir. 2012) (citations omitted).  Ultimately, "[t]he purpose of the provision is

. . . to give the opponent notice and an opportunity to consider withdrawing the filing without the

court's involvement."  *Id.*

Furthermore, under 28 U.S.C. § 1927, "a court may impose sanctions on any attorney

who 'so multiplies the proceedings in any case unreasonably and vexatiously.'"  *Schlaifer*

*Nance*, 194 F.3d at 336 (quoting 28 U.S.C. § 1927).  Imposing sanctions under Section 1927 also

requires "a clear showing of bad faith on the part of an attorney."  *Id.* (citation omitted).

Similarly, to impose sanctions pursuant to the Court's inherent power, two findings must be

made: "(1) the challenged claim was without a colorable basis and (2) the claim was brought in

bad faith, *i.e.*, motivated by improper purposes such as harassment or delay."  *Id.* (citation

omitted).  In both contexts, "bad faith may be inferred only if actions are so completely without

merit as to require the conclusion that they must have been undertaken for some improper

purpose such as delay."  *Id.* (cleaned up).  Additionally, "[a] finding of bad faith, and a finding

2

that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual finding." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (citation omitted).

Here, Defendant served its Motion for Sanctions against Plaintiff, Mitchell, and Metcalf via email on September 26, 2025, and again by federal express mail on September 29, 2025. ECF No. 143, ¶ 2. Accordingly, the safe harbor under Rule 11 originally extended to October 20, 2025. On October 14, 2025, however, the Court ordered Plaintiff to show cause by October 21, 2025, why the case against Defendant should not be dismissed for failure to timely serve the Complaint in accordance with Federal Rule of Civil Procedure 4(m). ECF No. 138 at 2. On October 21, 2025, Plaintiff filed a Notice of Voluntary Dismissal of the instant action against Defendant without prejudice. ECF No. 139 at 1. Accordingly, the Court finds that Plaintiff's withdrawal of the Complaint complies with Rule 11 and satisfies the purpose of the safe harbor provision. The Court therefore DENIES Defendant's Motion for Sanctions under Rule 11.

The Court also finds that there are insufficient facts to conclude, with the required high degree of factual specificity, that Mitchell, and especially Metcalf and Plaintiff, acted in bad faith. Accordingly, the Court DENIES Defendant's Motion for Sanctions under 28 U.S.C. § 1927 and the Court's inherent power due to a lack of evidence to substantiate a clear showing of bad faith.

Defendant's Motion for Sanctions is thus DENIED. The Clerk of Court is directed to terminate ECF No. 141.

SO ORDERED.

Dated: December 9, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3