UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LATROYA GRAYSON,

                           Plaintiff,

         -v-

SEAN COMBS a/k/a "P. DIDDY, PUFF, PUFF
DADDY, PUFFY, BROTHER LOVE," et al.,

                         Defendants.
------------------------------------------------------------------X

24-CV-09857 (JAV)

OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

On December 5, 2025, the Court ordered Plaintiff to show cause in writing by December 12, 2025, why the case against Defendants Mike Savas ("Mr. Savas"), Roger Smith Hotel ("Smith Hotel"), Crobar Nightclub NYC ("Crobar"), Penske Media Corporation, Vibe Magazine, and Perry Broadcasting and Publishing ("KJMM, Inc." or "KJMM")[1] should not be dismissed for failure to timely serve the Complaint in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 155. On December 12, 2025, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i) to voluntarily dismiss without prejudice the action against Defendants Penske Media Corporation and Vibe Magazine. ECF No. 157. That same day, Plaintiff also submitted a letter motion to the Court arguing there

---

[1] Defendant KJMM, Inc. was incorrectly named as "KKJAMZ 105.3FM" in the caption of the original Complaint and as "Perry Broadcasting and Publishing 'KJAMZ'" in the captions of the First Amended Complaint and the Second Amended Complaint. ECF No. 149, ¶ 1; see ECF Nos. 1, 10, 87.

is good cause to extend time for service because Plaintiff lacked the resources and information to timely serve Defendants Mr. Savas, Smith Hotel, Crobar, and KJMM. ECF No. 158 at 1-2.

On December 22, 2025, the Court ordered Plaintiff to show cause in writing by January 5, 2026, why the case against Defendant Best Buy, Co., Inc. ("Best Buy") should not be dismissed for failure to timely serve the Complaint in accordance with Rule 4(m). ECF No. 163. On January 5, 2026, Plaintiff submitted a letter motion to the Court arguing there is good cause to determine that Defendant Best Buy waived service because of certain email communications and because Defendant Best Buy appeared by filing responsive pleadings. ECF No. 164 at 1.

For the following reasons, the Court DENIES Plaintiff's motions regarding service with respect to Defendants Best Buy, Mr. Savas, Smith Hotel, Crobar, and KJMM (collectively, "Defendants") and DISMISSES the claims against Defendants pursuant to Rule 4(m).

## BACKGROUND

On December 20, 2024, Plaintiff filed the original Complaint, which named Mr. Savas and Smith Hotel each as a Defendant and attempted to name KJMM as a Defendant. ECF No. 1 at 1. On February 20, 2025, Plaintiff filed the First Amended Complaint, which named several additional entities each as a Defendant, including Crobar and Best Buy. ECF No. 10 at 1. On March 13, 2025, Plaintiff requested issuances of summons for Defendants. ECF Nos. 22, 26, 27, 29, 30. On July 20, 2025, Plaintiff filed the Second Amended Complaint. ECF No. 87.

On August 12, 2025, Best Buy moved to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6). ECF No. 95. Best Buy argued, inter alia and without explicitly invoking Rule 12(b)(5), that the action must be dismissed because Plaintiff failed to timely serve the Complaint upon Best Buy. ECF No. 97 at 13. Pursuant to Local Rule 6.1(b)(2) of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiff's opposition to Best Buy's motion to dismiss was due August 26, 2025. On September 2, 2025, Plaintiff requested an extension to file an opposition to Best Buy's motion to dismiss, citing "family and/or personal issues of Plaintiff's counsels." ECF No. 108 at 2. As a courtesy, the Court granted Plaintiff's request, extending the due date for Plaintiff's opposition to September 11, 2025. ECF No. 110.

Plaintiff neither requested an extension to serve any of the Defendants nor filed any document on the docket related to their service until September 10, 2025. On that day, Plaintiff filed proofs of service showing that attempted service on Crobar was returned unexecuted on September 3, 2025, ECF No. 118, and that attempted service on Smith Hotel was likewise returned unexecuted on September 5, 2025, ECF No. 117.

On September 10, 2025, Plaintiff also filed her opposition to Best Buy's motion to dismiss. ECF No. 114. There, Plaintiff argued, inter alia, that Best Buy waived service via "emails from Best Buy's counsel" and by filing a motion to dismiss for failure to state a claim. *See id.* at 2.

3

On November 14, 2025, KJMM moved to dismiss Plaintiff's Second Amended Complaint pursuant to Rules 4(m), 12(b)(5), and 12(b)(6). ECF No. 148. KJMM argued, inter alia, that the action must be dismissed because Plaintiff failed to timely serve the Complaint upon KJMM. ECF No. 152 at 5-6. Pursuant to Local Rule 6.1(b)(2) of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiff's opposition to KJMM's motion to dismiss was due November 28, 2025. Plaintiff filed an untimely opposition to KJMM's motion to dismiss on December 15, 2025. ECF No. 160-1. In conjunction with that filing, Plaintiff filed a motion for leave to file the opposition untimely on the grounds of "excusable neglect" owing to Plaintiff mistakenly calendaring the due date for the opposition as December 16, 2025. ECF No. 160.

Plaintiff did not file any document relating to the service of Best Buy, KJMM, or Mr. Savas until after the Court ordered Plaintiff on December 5, 2025, and December 22, 2025, to show cause concerning service. ECF Nos. 155, 163. On December 15, 2025, Plaintiff filed proof of service indicating that KJMM was served on September 22, 2025. ECF No. 159. To date, Plaintiff has not filed any proof of service on the docket indicating that service was attempted on Best Buy or Mr. Savas. Nor has Plaintiff filed a Waiver of Service concerning those Defendants on the docket.

## LEGAL STANDARDS

Rule 4(c)(1) states, "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1).

4

Rule 4(m) requires service to occur "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If service fails to occur within this time, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

"But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) (citations omitted). "An attorney's inadvertence, neglect, mistake[,] or misplaced reliance does not constitute good cause." *Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013) (citations omitted). Rather, "[g]ood cause exists only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Shipco Transp., Inc. v. All Round Express, Inc.*, No. 23-CV-01374 (JHR), 2024 WL 360834, at *1 (S.D.N.Y. Jan. 31, 2024) (cleaned up). Accordingly, "[t]he party seeking a good cause extension bears a heavy burden of proof, which is not satisfied by a showing that the plaintiff encountered some unanticipated difficulty." *Id.* (cleaned up).

Even in the absence of good cause, however, "district courts have discretion to grant extensions" of time for service under Rule 4(m). *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). "[A] discretionary extension analysis begins with an examination of exceptional circumstances that might have obstructed a

5

plaintiff's diligent attempts at service." *Spinale v. United States*, No. 03-CV-1704 (KMW) (JCF), 2005 WL 659150, at *4 (S.D.N.Y. Mar. 16, 2005). "Courts in this district have granted discretionary extensions where the service failure was due to inadvertence and the plaintiff otherwise displayed due diligence." *Id.* (citation omitted). "However, courts have refused to find justifiable excuse when the plaintiff's neglect and inadvertence are unaccompanied by a diligent effort to identify and remedy the service defect quickly." *Id.* (citation omitted).

## DISCUSSION

Plaintiff has failed to exercise reasonable efforts and diligence in attempting to serve Defendants. Concerning Mr. Savas and Smith Hotel, Plaintiff did not seek issuance of summons until 83 days after filing the original Complaint, thereby leaving only seven days to properly serve them under Rule 4(m). By the time Plaintiff attempted to serve KJMM, Smith Hotel, and Crobar, 276 days, 259 days, and 195 days, respectively, had passed from when Plaintiff had named or attempted to name those entities as a Defendant in one of the Complaints. To date, Plaintiff does not appear to have made any attempt to serve Mr. Savas or Best Buy. Plaintiff also appears to have given up on serving Smith Hotel and Crobar. *See* ECF No. 158 at 1 ("Plaintiff has been unable to find any additional information for Defendants Roger Smith Hotel and Crobar and is without the resources at this time to continue a search to find another address in which to serve those Defendants.").

Moreover, Plaintiff never requested the Court to extend time for service with respect to these Defendants until after the Court ordered Plaintiff to show cause on

6

December 5, 2025. ECF No. 155. When ordered to do so, Plaintiff supplied only vague explanations about lacking the resources and information needed to timely serve Mr. Savas, Smith Hotel, Crobar, and KJMM. *See generally* ECF No. 158. The Court has also considered Plaintiff's opposition to KJMM's motion to dismiss submitted on December 15, 2025, which similarly alludes to a lack of financial resources as the reason for the untimely service. ECF No. 160-1 at 2-4. But Plaintiff does not explain in any detail why these purported financial difficulties prevented Plaintiff from attempting to serve KJMM prior to September 22, 2025, or to seek an extension of time from this Court to effect service.

Plaintiff's arguments that Best Buy waived service are similarly unavailing. "Waivers of service are governed by Rule 4(d)." *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 398 (S.D.N.Y. 2020). "Rule 4(d) require[s] [Plaintiff] to request a waiver of service from defendants, obtain [D]efendant['s] written agreement on a waiver of service form, and then file the executed form." *Id.* at 400 (citing Fed. R. Civ. P. 4(d)). But Plaintiff never obtained Best Buy's written agreement on a waiver of service form nor did Plaintiff file such a form on the docket. Rather, Plaintiff contends that Defendant waived service via "emails from Best Buy's counsel" and by filing a motion to dismiss for failure to state a claim. ECF No. 114 at 2. The record, however, shows only that a paralegal employed by Best Buy's counsel emailed Plaintiff's counsel stating, "[W]e will agree to waive service, with the condition of being granted until May 9th to [a]nswer, as well as your office agreeing to provide ours with documentation demonstrating how Best Buy had any

7

involvement as to the issues set forth in this suit." ECF No. 164-1 at 1. There is no evidence that Plaintiff ever agreed to this offer or complied with the conditions thereof. ECF No. 165 at 2. Accordingly, the paralegal's email alone cannot constitute waiver of service on behalf of Best Buy.

Plaintiff's argument that Best Buy waived service by filing a motion to dismiss for failure to state a claim likewise fails. "Ordinarily, a party who files a motion to dismiss under any provision of Rule 12 who neglects to specifically move to object to the validity of service of process under Rule 12(b)(5) waives any objection to service of process." *Dubois v. Maritimo Offshore Pty Ltd.*, 454 F. Supp. 3d 173, 179 (D. Conn. 2020) (citing Fed. R. Civ. P. 12(h)(1)). Here, Best Buy only filed a motion to dismiss pursuant to Rule 12(b)(6), not Rule 12(b)(5). *See generally* ECF Nos. 95, 96, 97. Best Buy, however, did articulate an insufficiency of service defense in its motion to dismiss. ECF No. 97 at 13-14. While it would have been preferable for Best Buy to file its motion to dismiss pursuant to both Rules 12(b)(5) and 12(b)(6), the Court finds that Best Buy did not waive its insufficiency of service defense in these circumstances. *See Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002) (Sotomayor, J.) ("[T]o preserve the defense of lack of personal jurisdiction, a defendant need only state the defense in its first responsive filing and need not articulate the defense with any rigorous degree of specificity." (citation omitted)); *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1096 (2d Cir. 1990) ("The Rules are, of course, to be construed so as to do substantial justice. *See* Fed. R. Civ. P. 1. Thus, on occasion the court, in entertaining a prompt motion to dismiss,

8

may properly look beyond an erroneous label and consider a defense of insufficient service of process asserted under the rubric of lack of jurisdiction, or vice versa, for presumably the papers supporting the motion will have elucidated the true nature of the defense.").

In sum, Plaintiff's lack of diligence, combined with the absence of exceptional circumstances to justify the delay, borders on flagrant disregard for Rule 4. The Court therefore finds that Plaintiff has neither demonstrated good cause nor justifiable excuse to extend time for service against Defendants or deem that Defendants waived service.

Furthermore, although Plaintiff does not raise this concern in her letter motions, *see generally* ECF Nos. 158, 164, the Court is aware that dismissing this action against certain Defendants could prejudice Plaintiff's claims under New York City's Gender-Motivated Violence Protection Act ("GMVPA"). While most of Plaintiff's claims against Defendants appear time-barred under various statutes of limitations regardless of whether Plaintiff brought those claims in 2024 or later, *see Rivers v. Combs*, No. 25-CV-1726 (JSR), 2025 WL 2414117, at *4-8 (S.D.N.Y. Aug. 19, 2025), Plaintiff's claims under the GMVPA are arguably only viable if brought prior to March 1, 2025.[2]  Accordingly, if the Court dismisses Plaintiff's action

---

[2] New York City's GMVPA created "a two-year window for the revival of otherwise time-barred claims under the law" from "March 1, 2023 [to] March 1, 2025." *Parker v. Alexander*, 779 F. Supp. 3d 361, 366 (S.D.N.Y. 2025). Similarly, the State of New York's Adult Survivors Act ("ASA") revived "otherwise time-barred civil claims arising out of certain sexual offenses committed against adult victims" from "November 24, 2022 [to] November [24,] 2023." *Id.* It is, however, an open question whether the State of New York's Adult Survivors Act ("ASA") preempts New York

against Defendants, Plaintiff may be unable to bring her GMVPA claims later. In this context, however, where Plaintiff has so pervasively failed to exercise reasonable efforts and diligence in serving Defendants, "the fact that [Plaintiff's] claims may be barred does not tip the balance in [her] favor." *Spinale*, 2005 WL 659150, at *4 (citations omitted).

## CONCLUSION

Accordingly, Plaintiff's motions regarding service with respect to Defendants Best Buy Co., Inc., Mike Savas, Roger Smith Hotel, Crobar Nightclub NYC, and Perry Broadcasting and Publishing (KJMM, Inc.), ECF Nos. 158, 160, are DENIED and the action is DISMISSED without prejudice with respect to those Defendants. Best Buy's and KJMM's motions to dismiss under Rule 4(m), ECF Nos. 95, 148, are GRANTED.

---

City's GMVPA. *Rivers*, 2025 WL 2414117, at *9 (explaining that this issue is pending with the Second Circuit and multiple courts in this District have stayed cases presenting the same issue). If the ASA preempts the GMVPA, then Plaintiff's GMVPA claims are time-barred regardless of this Court's decision. But if the ASA does not preempt the GMVPA, then Plaintiff's claims are not necessarily time-barred.

    The Clerk of Court is directed to terminate Defendants Best Buy Co., Inc., Mike Savas, Roger Smith Hotel, Crobar Nightclub NYC, and Perry Broadcasting and Publishing (KJMM, Inc.) from the case and to terminate ECF Nos. 95, 148, 158, and 160.

SO ORDERED.

Dated:    January 20, 2026
            New York, New York

                                              JEANNETTE A. VARGAS
                                              United States District Judge